**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE CAPITAL ONE TELEPHONE CONSUMER LITIGATION ACT LITIGATION | Master Docket No. 1:12-cv-10064 MDL No. 2416 |
| This document relates to:  All Cases | |

**MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**
**AND LIAISON COUNSEL; MEMORANDUM**
**OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................... 1

II.    PROCEDURAL BACKGROUND.......................................................... 2

    A.    The JPML Transfer Order........................................................ 2

    B.    The Nationwide Class Actions................................................. 2

    C.    The Litigation......................................................................... 3

III.   APPOINTMENT OF INTERIM LEAD CLASS COUNSEL IS
    APPROPRIATE.................................................................................. 5

    A.    Legal Standard ....................................................................... 5

    B.    Lieff Cabraser and Terrell Marshall Have Been Actively Involved
        in This Litigation and Have Litigated Similar Actions for Several
        Years. ..................................................................................... 6

    C.    Proposed Interim Lead Counsel Have Effectively Investigated And
        Litigated The Claims In This Action ......................................... 7

    D.    Proposed Counsel's Experience In TCPA and Other Consumer
        Class Action Litigation Supports Their Appointment As Interim
        Lead Counsel And Liaison Counsel ......................................... 8

        1.    Lieff, Cabraser, Heimann & Bernstein, LLP Has
            Significant Experience Litigating Consumer Class Actions
            and, Specifically, TCPA Cases. ..................................... 9

        2.    Terrell Marshall Has Significant Experience Litigating
            Consumer Class Actions and TCPA Cases.................................. 11

        3.    Keogh Law Has Significant Experience Litigating
            Consumer Class Actions and TCPA Cases.................................. 12

    E.    Proposed Interim Lead Counsel Have And Will Continue To
        Commit Significant Resources On Behalf Of The Class and Follow
        Billing and Expense Practices that Will Benefit the Class ...................... 14

V.    CONCLUSION................................................................................... 15

CERTIFICATE OF SERVICE

## I.     <u>INTRODUCTION</u>

Pursuant to Fed. R. Civ. P. 23(g)(3), Plaintiffs respectfully propose the designation of

Jonathan Selbin of Lieff, Cabraser, Heimann & Bernstein, LLP, and Beth Terrell of Terrell

Marshall Daudt & Willie, PLLC, as Interim Co-Lead Counsel, and Keith Keogh of Keogh Law,

Ltd. as Liaison Counsel (collectively, "Proposed Counsel").  Proposed Counsel have

demonstrated expertise in successfully managing complex MDL litigation, have unmatched

experience and expertise litigating consumer class action cases generally – and particularly in

cases under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") –

and possess the financial and personnel resources necessary to lead this litigation.

Proposed Counsel are well-qualified to represent the proposed class under the criteria

established for selection of lead counsel by Fed. R. Civ. P. 23(g)(1)(A).  Lieff Cabraser and

Terrell Marshall have a demonstrated history of working together successfully in TCPA cases.

The two firms teamed previously, with additional plaintiffs' counsel, to obtain the largest

monetary settlement in the history of the TCPA.  Proposed Counsel have already invested time

and effort preparing this case for prosecution. In addition to litigating TCPA class actions against

Capital One prior to Judicial Panel on Multidistrict Litigation ("JPML") transfer, Proposed

Counsel have met and conferred with Capital One's counsel, begun work on an ESI discovery

plan, and started the critically important task of preparing a Consolidated Amended Complaint.

Each of the steps has ensured that this case will proceed efficiently.

Proposed Counsel enjoy the respect and support of their peers, who have looked to them

as *de facto* lead counsel in the Capital One TCPA class cases litigated prior to JPML transfer.  A

number of well-qualified lawyers and firms, many of whom could have sought leadership in their

own right, support the designation of Proposed Counsel as Interim Lead Counsel and Liaison

Counsel.  This "private ordering"[1] process is the preferred method for selecting lead counsel and further demonstrates Proposed Counsel's suitability to serve as Interim Lead Counsel and Liaison Counsel.

## II.    PROCEDURAL BACKGROUND

### A.    The JPML Transfer Order

Plaintiffs brought separate actions for damages and other legal and equitable remedies resulting from the illegal actions of Capital One and their debt collectors in negligently, knowingly, and/or willfully contacting Plaintiffs and Class members via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A),  without their prior express consent within the meaning of the TCPA.  On December 10, 2012, the JPML transferred dozens of related actions involving Defendants' automated calls to consumers' telephones, finding that the "actions share factual issues regarding Capital One's policies and procedures for calling, or directing its agents to call, consumers, as well as Capital One's policies and procedures for obtaining and recording a consumer's consent to receive collection calls on his or her cell phone."  Transfer Order at 1.

### B.    The Nationwide Class Actions

Three of the actions subject to the Transfer Order were brought as proposed nationwide class actions.  Proposed Counsel are counsel in all three of those actions.

On January 23, 2012, the *Amadeck* Plaintiffs filed the first nationwide class action against Capital One in Washington state court on behalf of all persons who received automated telephone calls from Capital One without prior express consent.  The case was later removed to

---

[1] Manual for Complex Litigation, Fourth ("MCL 4th"), §21.272.

the Western District of Washington. *Amadeck v. Capital One Financial Corp.*, C.A. No. 2:12-00244 (W.D. Wash.) ("*Amadeck*"). The *Amadeck* Plaintiffs' counsel include Terrell Marshall Daudt & Willie, PLLC ("Terrell Marshall").

On February 14, 2012, Plaintiff Patterson filed a nationwide class action in this Court against Capital Management Services, L.P. ("CMS"), a collection agency based in Buffalo, New York. *Patterson v. Capital Management Services, L.P., et al.*, No. 1:12-CV-01061 (N.D. Ill.) ("*Patterson*"). On February 21, 2012, Patterson amended his complaint to include calls placed by CMS on behalf of Capital One.[2] *Patterson* counsel include Keogh Law, Ltd. ("Keogh Law").

On August 7, 2012, Plaintiff Tiffany Alarcon filed a third nationwide class action in the Northern District of California. *Alarcon v. Capital One Bank (USA) N.A., et al.*, Civ. No. 3:12-CV-4145 (N.D. Cal.) ("*Alarcon*"). The complaint in *Alarcon* included a nationwide class definition challenging all calls by Capital One, except those made to "Illinois telephone numbers" covered by the *Martin* case. Alarcon dismissed her case without prejudice and moved to add herself to the *Amadeck* complaint, which motion was denied pending a ruling from the JPML.[3] Alarcon's counsel include Lieff, Cabraser, Heimann & Bernstein, LLP.

## C.    The Litigation

Proposed Counsel have already been working as *de facto* lead counsel. While significant discovery also occurred in the *Patterson* and *Martin* cases, the *Amadeck* case progressed further in discovery than the other cases. Written discovery requests were propounded by co-counsel

---

[2] On August 25, 2011, Plaintiff Martin filed a class action in the Northern District of Illinois against Leading Edge Recovery Solutions, LLC ("Leading Edge"), a collection agency based in Illinois. *Martin v. Leading Edge Recovery* Solutions, LLC, C.A. No. 1:11-05886 (N.D. Ill.) ("*Martin*"). The initial *Martin* complaint did not name Capital One as a defendant. Martin added Capital One as a defendant on January 18, 2012. The class definition in *Martin* is limited to persons with "Illinois telephone numbers."

[3] The *Martin* plaintiffs similarly filed a motion to transfer *Martin* to the Western District of Washington and coordinate their efforts with *Amadeck*.

- 3 -

upon Defendants immediately after the Rule 26(f) conference in March 2012. In June 2012,

Terrell Marshall received and immediately began to analyze the initial written responses and

documents produced by Defendants. In July, Terrell Marshall and co-counsel identified

numerous deficiencies in Defendants' discovery responses and pushed for supplementation. At

that time Terrell Marshall also developed an initial proposed ESI protocol with proposed search

terms. Terrell Marshall and co-counsel conducted a discovery conference with Defendants in

August 2012, which resulted in additional document production. Terrell Marshall thereafter

served a deposition notice pursuant to Rule 30(b)(6), which was followed immediately by

Defendants' motion to stay pending determination of its transfer motion before the JPML. Terrell

Marshall led the efforts before the JPML in MDL 2416, filing a response to the motion to

transfer, and arguing the motion to transfer before the JPML.

Following JPML transfer, counsel in the *Amadeck*, *Patterson*, *Alarcon*, and *Martin* class

actions met and engaged in exactly the type of private ordering process recommended by the

MCL 4th, to decide upon Proposed Counsel, resulting in the proposal set forth here.

In the two months since JPML transfer, Proposed Counsel continued their active role in

this litigation. Proposed Counsel met and conferred with Capital One pursuant to Federal Rule

of Civil Procedure 26(f), submitted a report and proposed schedule to the Court, and conducted

an in-person meet and confer regarding the parties' electronically stored information with Capital

One's counsel. In addition, Proposed Counsel, and firms working under their direction, have

been actively drafting a Consolidated Amended Complaint. The dozens of complaints

comprising this action assert numerous claims. Proposed Counsel have been comprehensively

reviewing the complaints to formulate the claims that will be asserted in the master complaint.

III.     **APPOINTMENT OF INTERIM LEAD CLASS COUNSEL IS APPROPRIATE.**

A.     **Legal Standard**

Rule 23(g)(3) provides for the appointment of interim counsel to act on behalf of the proposed class prior to the class certification decision. "In cases . . . where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y 2006) (*citing* MCL 4th § 21.11). The MCL 4th elaborates:

> If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities*, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

MCL 4th, § 21.11 (emphasis added); *see also* Rule 23 Practice Commentary ("pre-certification discovery, dispositive motions, or settlement negotiations . . . may have a critical bearing on the interests of the putative class members" and often necessitate the appointment of interim lead counsel). The MCL 4th states that "[t]he functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments." *Id.* at § 10.221.

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In deciding whether to appoint an applicant as interim class counsel, Rule 23(g)(1)(A) requires that the Court consider: (i) the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in

parentheses

the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *see also* Advisory Committee Notes to the 2003 Amendments, Subdivision (g). No single factor is determinative; all factors must be considered Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B). In addition, the Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In this regard, courts evaluate whether proposed interim class counsel have worked cooperatively with opposing counsel and the court and whether counsel commands the respect of colleagues. *MCL 4th* § 10.224. Courts considering designating interim lead counsel have generally applied the factors set forth in Rule 23(g)(1)(A). *See, e.g.*, *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *Hill v. Tribune Co.*, No. 05-2602, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005). Application of these factors strongly supports designating Proposed Counsel as Interim Lead Counsel and Liaison Counsel.

      **B.**      **Lieff Cabraser and Terrell Marshall Have Been Actively Involved in This Litigation and Have Litigated Similar Actions for Several Years.**

As explained below, the application of specific factors enumerated by Rule 23(g) weighs strongly in favor of appointing Lieff Cabraser and Terrell Marshall as Proposed Interim Co-Lead Counsel. These firms have notable experience litigating major class action cases and are recognized leaders in the plaintiffs' class action bar. *See infra* Sections D.1-3. Moreover, they have actively and successfully litigated – and have specifically been at the forefront of – similar TCPA class action lawsuits, including *Arthur v. Sallie Mae, Inc.*, No. C10-0198 JLR (W.D. Wash.); *Duke v. Bank of Am., N.A.*, 5:12-cv-04009-EJD (N.D. Cal.); *Rose v. Bank of Am. Corp.*, 5:11-cv-02390-EJD (N.D. Cal.); *Ramirez v. Bank of Am.*, N.A., 3:11-cv-02008-LAB (S.D. Cal.);

*Cayanan v. Citi Holdings, Inc.*, Case No. 3:12-cv-01476-MMA-JMA (S.D. Cal.); *Bradley v. Discover Financial Services,* Case No. 4:11-cv-5746-YGR (N.D. Cal.); and *Steinfeld  v. Discover Financial Services*, Case No. 3:12-cv-01118-JSW (N.D. Cal.), among other cases.  In the *Arthur* case, they, along with co-counsel, achieved the largest monetary settlement in the history of the TCPA.  *See Arthur v. Sallie Mae, Inc.*, No. C10-0198 JLR, 2012 U.S. Dist. LEXIS 132413 (W.D. Wash. Sept. 17, 2012).  Through these and other efforts, Proposed Counsel have gained comprehensive familiarity with the applicable law and strategies for successfully litigating and resolving TCPA cases.  Proposed Counsel have already committed serious resources to advancing and obtaining a favorable resolution of these lawsuits and will continue to do so.  As a result, appointment of Lieff Cabraser and Terrell Marshall as Interim Lead Counsel would be in the best interests of the Class.

      C.      **Proposed Counsel Have Effectively Investigated And Litigated The Claims In This Action**

In designating interim lead counsel, a court should consider the work undertaken by that counsel in identifying and investigating claims in the case. *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004).   Proposed Counsel have, over the last fourteen months, investigated the facts, researched the law, and developed the claims in this the nationwide class actions.  The *Amadeck* case was the first-filed and most procedurally advanced of all the Capital One nationwide TCPA cases subject to the JPML's Order.  Prior to transfer, the *Amadeck* Plaintiffs have: (1) filed complaints and amended complaints; (2) conducted discovery in *Amadeck*; (2) filed a motion to transfer and numerous notices of related actions before the JPML in MDL 2416; and (4) argued the motion to transfer before the JPML in MDL 2416.  Following transfer, Proposed Counsel have:  (1) met and conferred with Capital One pursuant to Federal Rule of Civil Procedure 26(f); (2) submitted a report and proposed schedule to the Court; and (3)

- 7 -

conducted an in-person meet and confer regarding the parties' electronically stored information with Capital One's counsel.

In addition to the foregoing, Proposed Counsel, and firms working under their direction, have been actively drafting a Consolidated Amended Complaint, as detailed above. These efforts are ongoing, so that if the Court designates Proposed Counsel as Interim Lead Counsel, they will be able to quickly finalize and file that pleading and advance the litigation.

### D.   **Proposed Counsel's Experience In TCPA and Other Consumer Class Action Litigation Supports Their Appointment As Interim Lead Counsel And Liaison Counsel**

Courts applying Rule 23(g) place great emphasis on proposed lead counsel's experience with and knowledge of the applicable law. *See, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). The attorneys comprising Proposed Counsel have substantial experience in litigating claims similar to those here – including TCPA class actions – possess knowledge of the applicable law, and have experience and expertise in managing class and complex consumer litigation generally.

As summarized in the following paragraphs and detailed in their declarations attached hereto as Exhibits 1-3, Proposed Counsel are recognized and proven leaders of the complex litigation bar who have consistently and successfully litigated multidistrict class action and other cases similar to this one. They have been appointed by state and federal courts throughout the country to serve in leadership capacities, including lead, liaison, and settlement counsel, and executive committee chairperson(s), in highly complex litigation, including many high-profile MDLs.

Proposed Counsel respectfully submit that they have the requisite experience, resources and commitment to lead this MDL litigation.

1080524.2

**1.** **Lieff, Cabraser, Heimann & Bernstein, LLP Has Significant Experience Litigating Consumer Class Actions and, Specifically, TCPA Cases.**

Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB") is one of the most well-established law firms in the country representing plaintiffs in class actions, and brings to the table a wealth of class action experience.[4] LCHB has vindicated the rights of, and recovered billions of dollars for, consumers in class litigation, including in cases against banks and credit card companies. In recognition of LCHB's professionalism, experience, and success, numerous courts have appointed LCHB to serve as lead or co-lead class counsel.

Attached hereto as Exhibit A to the Selbin Declaration is a true and correct copy of LCHB's firm resume, which describes in further detail the cases referenced above, as well as some of the firm's other experience in class action and other complex litigation. As set forth therein, LCHB represents plaintiffs in consumer, securities, employment, antitrust, civil rights, mass tort, and false claims cases. LCHB has served as class counsel in hundreds of class actions nationwide.

Jonathan Selbin has served, and will, serve as the lead LCHB attorney on this matter. Mr. Selbin has been appointed to lead or co-lead MDL litigation on multiple occasions, and has litigated those cases successfully. Mr. Selbin currently serves as court-appointed sole lead counsel in the ongoing *In re Whirlpool Corporation Front-Loading Washer Products Liability Litigation,* MDL No. 2001 (N.D. Ohio), and as one of four court-appointed co-lead counsel in *In re Imprelis Herbicide Marketing Sales Practices & Products Liability Litigation*, MDL No. 2284

---

[4] LCHB has been recognized over the years by both The National Law Journal and The American Lawyer. *See, e.g., The Plaintiffs' Hot List*, National Law Journal (Oct. 4, 2010) (LCHB has received this same award each year from 2003 through 2012); J. Triedman, *A New Lieff*, The American Lawyer (Dec. 2006), at 13 ("one of the nation's premier plaintiffs' firms"); A. Frankel, *Sweet Sixteen*, Litigation 2004, Supplement to The American Lawyer & Corporate Counsel (Dec. 2004), at 8-10.

(E.D. Pa.), and recently concluded his role as one of three court-appointed co-lead counsel who successfully litigated and settled *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.).

In *Whirlpool*, Mr. Selbin briefed, argued and obtained certification of an Ohio consumer litigation class. Following Mr. Selbin's briefing and argument of the Rule 23(f) appeal, the Sixth Circuit affirmed class certification in *In re: Whirlpool Corporation Front-Loading Washer Products Liability Litigation*, 678 F.3d 409 (6th Cir. 2012), *rehearing denied* 2012 U.S. App. LEXIS 23284 (6th Cir. 2012). In a related case, Mr. Selbin led the briefing in the Seventh Circuit on Rule 23(f) review that resulted in certification of two separate multi-state litigation classes. *Butler v. Sears*, 702 F.3d 359 (7th Cir. Ill. 2012) (Posner, J.) (reversing the district court's denial of certification of a class alleging one defect while simultaneously affirming certification of a class alleging a different defect).

In *Imprelis*, Mr. Selbin was responsible for law and motion, and earlier this week argued preliminary approval of a proposed nationwide class settlement. *See In re Imprelis Herbicide Marketing Sales Practices & Products Liability Litig.*, MDL No. 2284 (E.D. Pa.).

As one of three court-appointed co-leads in the *Mercedes Tele-Aid* MDL, Mr. Selbin briefed and argued class certification (including extensive choice of law briefing and argument), and obtained certification of a nationwide consumer litigation class under New Jersey law. He also briefed and defeated Mercedes' Rule 23(f) petition in the Third Circuit; briefed and argued (and defeated) Mercedes' motion to reconsider that ruling and subsequent decertification motion; and briefed and defeated a 1292(b) certification in the Third Circuit of those rulings. A nationwide class settlement was subsequently reached and approved in 2011. Following the resolution of that case, the court acknowledged Mr. Selbin for his role in resolving the case. *See*

*In Re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 ("I want to thank counsel for the. . . very effective and good work. . . . It was carried out with vigor, integrity and aggressiveness with never going beyond the maxims of the Court.").

Collectively, cases in which Mr. Selbin played a lead role have resulted in court-approved class action settlements with a combined total recovery for class members exceeding $2 billion in cash, plus other relief. Mr. Selbin's experience in these cases has provided him with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

**2.      Terrell Marshall Has Significant Experience Litigating Consumer Class Actions and TCPA Cases.**

Terrell Marshall is a nationally recognized law firm based in Seattle, Washington with a well-established record of success in representing consumers in class action cases against banks, credit card companies, and other players in the debt collection industry. Terrell Marshall attorneys also represent plaintiffs in product defect, employment, and personal injury matters, and have served as class counsel in hundreds of cases that have produced recoveries in the hundreds of millions of dollars. Terrell Marshall attorneys have extensive experience in class actions, collective actions, and other complex matters, and have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. A more detailed description of the major cases handled by Terrell Marshall is set forth in the Declaration of Beth E. Terrell in Support of Motion to Appoint Interim Lead Class Counsel and Liaison Counsel. *See Exhibit 2.*

Ms. Terrell has over 15 years of class action experience, with primary responsibility for major class action cases against some of the largest companies in the world, including Chase Bank USA, Bank of America, Wal-Mart, Weyerhaeuser, Microsoft, Best Buy, AT&T, Louisiana-Pacific, Toyota, Sallie Mae, Comcast, First American Title, T- Mobile USA, Behr

Products, and American Cemwood. A founding member of Terrell Marshall, Beth Terrell concentrates her practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. She has served as co-lead counsel on numerous multi-state and nationwide class actions.

In a case that spanned eight years, Ms. Terrell obtained class certification on behalf of nearly 90,000 current and former employees of Wal-Mart in the state of Washington for Wal-Mart's illegal practices of time-card shaving and depriving employees of meal and rest breaks. Wal-Mart's appeal of the class certification order was denied. *Barnett v. Wal-Mart Stores, Inc.*, 133 Wn. App. 1036 (2006). Review was subsequently denied by the Supreme Court of Washington, and after remand Ms. Terrell spearheaded trial preparations and ultimately negotiated a $35 million settlement.

Ms. Terrell and Terrell Marshall also have significant class action trial experience. Along with Mr. Selbin, Ms. Terrell was co-lead trial counsel in a two-month class trial in 2006 against Louisiana-Pacific on behalf of a class of owners of homes on which defective shingles were installed. Terrell Marshall has also successfully tried and arbitrated wage and hour class actions, resulting in multi-million dollar verdicts.

Ms. Terrell also has substantial experience and expertise in ESI issues, including development of protocols governing the search for and production of ESI. Ms. Terrell's extensive experience in TCPA cases has made her knowledgeable about ESI issues specific to TCPA cases, including the functionality of databases that defendants use to track automated calls. Ms. Terrell is a frequent speaker at continuing legal education programs on ESI issues.

### 3. Keogh Law Has Significant Experience Litigating Consumer Class Actions and TCPA Cases.

Keith Keogh has been litigating TCPA class actions since March of 2002. Some

examples of his TCPA class settlements include *Cain v Consumer Portfolio Services, Inc.* 10-cv-02697 (N.D. Ill.) (Keys, J.); *Iverson v Rick Levin & Associates*, 08 CH 42955 Circuit Court Cook County (Cohen, J.); *Saf-T-Gard v Seiko,* 09 C 776 (N.D. Ill. Judge Bucklo) ; *Saf-T-Gard v Metrolift*, 07 CH 1266 Circuit Court Cook County (Rochford, J.) (Co-Lead) (TCPA); *Overlord Enterprises* v. *Wheaton Winfield Dental Associates,* 04 CH 01613, Circuit Court Cook County (McGann, J.); *Whiting* v *SunGard,* 03 CH 21135, Circuit Court Cook County (McGann, J.); and *Whiting* v. *Golndustry,03* CH 21136, Circuit Court Cook County (McGann, J.). A more detailed description of the cases handled by Keogh Law is set forth in the Declaration of Keith J. Keogh. *See Exhibit 3.*

In addition, to the above TCPA settlements, Keith Keogh was appointed class counsel[5] in *Saf-T-Gard Int'l v. Vanguard Energy Servs.*, 2012 U.S. Dist. LEXIS 174222 (N.D. Ill. 2012); *Galvan v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012);  *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012)*; Pesce v First Credit Services*, 11-cv-01379 (N.D. Ill. Dec. 19 2011); *Smith v Greytsone Alliance*, 09 CV 5585 (N.D. Ill. 2010); *Jones v. Furniture Bargains*, LLC, 09 C 1070 (N.D. Ill) (FLSA collective action); *Bilek* v *Countrywide,* 08 C 498 (N.D. Ill.) (Gottschell, J.); *Pacer* v *Rochenback,* 07 C 5173 (N.D. Ill.) (Cole, J.); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F. Supp. 2d 831 (N.D. Ill. 2008)(Co-Lead Counsel); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D. Ill. March 20, 2008); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008);

---

[5] Keith Keogh was the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA,* 98 CH 2782, Circuit Court of Cook County (Billik, J.); *McDonald* v. *Washington Mutual Bank,* supra; *Wright* v. *Bank One Credit Corp.,* 99 C 7124 (N.D. Ill.) (Guzman, J.); *Arriaga* v. *Columbia Mortgage,* 01 C 2509 (N.D. Ill.) (Lindberg, J.); *Frazier* v. *Provident Mortgage,* 00 C 5464 (N.D. Ill.) (Coar, J.); *Largosa* v. *Universal Lenders,* 99 C 5049 (N.D. Ill.)  (Leinenweber, J.); *Arriaga* v. *GNMortgage,* (N.D. Ill.) (Holderman, J.); *Williams* v. *Mercantile Mortgage,* 00 C 6441 (N.D. Ill.) (Pallmeyer, J.); *Reid* v. *First American Title,* 00 C 4000 (N.D. Ill.) (Ashman, M.J.); *Fabricant* v. *Old Kent, 99* C 6846 (N.D. Ill.) (Bobrick, M.J.); *Mendelovits* v. *Sears,* 99 C 4730 (N.D. Ill.) (Brown, M.J.); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill.) (Alesia, J.).

*Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008); and *Harris* v. *Circuit City Stores,*

*Inc.,* 2008 U.S. Dist. LEXIS 12596,2008 WL 400862 (N.D. Ill. 2008).

Keogh Law's office is in Chicago and the attorneys prosecuting this action are located in

Chicago.  Therefore, Keogh Law is well-suited and well-prepared to be appointed Liaison

Counsel in this litigation.

**E.** **Proposed Interim Lead Counsel Have And Will Continue To Commit Significant Resources On Behalf Of The Class and Follow Billing and Expense Practices that Will Benefit the Class**

Proposed Counsel is comprised of attorneys from firms with substantial professional and

financial resources to litigate this case, and a record of committing all resources necessary to

litigate an action such as this one effectively. Proposed Counsel have already demonstrated a

willingness to expend the resources necessary to prosecute these actions properly and advance

the interests of the Class.  Numerous attorneys at the respective firms of Proposed Counsel have

been, and will continue to be, thoroughly committed to this litigation.  Proposed Counsel's firms

have collectively devoted hundreds of hours to litigation already.  Proposed Counsel are well-

aware of the time and finances required to litigate a class action of this nature against Defendants

and capable of expending the resources necessary to effectively prosecute these actions.

Proposed Counsel will also carefully monitor resource levels to ensure that time and

expenses are efficiently utilized to prevent waste and duplication of effort. With respect to billing

practices, Proposed Counsel require their personnel (attorneys and staff) to keep

contemporaneous time records, and bill their attorneys and staff at rates that are commensurate

with their years of practice in the localities in which they practice.  The hourly rates of Proposed

Counsel have been approved by numerous federal and state courts nationwide in class action fee

petitions in similar litigation.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Interim

Co-Lead Counsel and Liaison Counsel pursuant to Rule 23(g).  A proposed order is attached

hereto as *Exhibit 4*.

Dated this 7th day of February 2013.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:   /s/  Jonathan D. Selbin
        Jonathan D. Selbin

Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson
Email:  dcuthbertson@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

By:   /s/ Beth E. Terrell
        Beth E. Terrell

- 15 -

Beth E. Terrell
Email: bterrell@tmdwlaw.com
Michael D. Daudt
Email: mdaudt@tmdwlaw.com
Kimberlee L. Gunning
Email: kgunning@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Proposed Lead Counsel*

KEOGH LAW, LTD

By:   /s/ Keith James Keogh
          Keith James Keogh

Keith James Keogh
Email: Keith@Keoghlaw.com
Craig M. Shapiro
Email: cshapiro@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD
101 North Wacker Drive
Suite 605
Chicago, IL 60606
Phone: (312) 265-3258
Phone: (312) 726-1092

*Proposed Liaison Counsel*

- 16 -

## CERTIFICATE OF SERVICE

I, Keith J. Keogh, hereby certify that on February 7, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John B. Hayes, WSBA #21009
Email: jhayes@forsberg-umlauf.com
Paul S. Smith, WSBA #28099
Email: psmith@forsberg-umlauf.com
FORSBERG & UMLAUF, P.S.
901 Fifth Avenue, Suite 1400
Seattle, Washington 98164-2050
Telephone: (206) 689-8500
Facsimile: (206) 689-8501

Aaron D. Van Oort, *Admitted Pro Hac Vice*
Email: aaron.vanoort@faegrebd.com
Erin L. Hoffman, *Admitted Pro Hac Vice*
Email: erin.hoffman@faegrebd.com
Eileen M. Hunter, *Admitted Pro Hac Vice*
Email: eileen.hunter@faegrebd.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Defendants Capital One Financial Corporation and Capital One Bank (USA), N.A.*