**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE<br>CONSUMER PROTECTION ACT<br>LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BENJAMIN WILKES,<br><br>    v.<br><br>CAPITAL ONE, NATIONAL<br>ASSOCIATION. | Case No: 1:12-CV-10125 |

**JOINT MOTION FOR SUGGESTION OF REMAND**

Plaintiff Benjamin Wilkes and defendant Capital One Bank (USA), N.A. (incorrectly named in the complaint as "Capital One, National Association"), through counsel, respectfully move the Court to issue a Suggestion of Remand of this individual case to the Judicial Panel on Multidistrict Litigation ("JPML"). In support of this motion, Mr. Wilkes and Capital One state as follows:

    1.    This individual action was filed in the Northern District of Indiana on September 10, 2012. Mr. Wilkes alleges that Capital One called him on his cellular telephone, without his prior express consent, using an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    2.    Less than one month later, on October 3, 2012, Capital One filed a motion with the JPML, requesting that the JPML transfer this individual action, and 33 additional actions, to the Northern District of Illinois for coordinated or consolidated consolidate pretrial proceedings cases alleging that Capital One violated the TCPA. The JPML granted Capital One's motion on

December 10, 2012, and this action and numerous others were transferred for pretrial proceedings before this Court. (Dkt. No. 1.)

3. At the time, based on Mr. Wilkes's allegations and Capital One's early assessment of those allegations, it appeared that Mr. Wilkes's individual case was appropriate for inclusion in the multidistrict litigation due to the identical legal allegations and similar factual patterns alleged in the other member cases, both individual and class. The cases involve, as the JPML found, "factual issues regarding Capital One's policies and procedures for calling . . . its customers . . . [and] for obtaining and recording a consumer's consent." (Dkt. No. 1 at p. 1.)

4. Pursuant to the parties' agreement and the Court's order (Dkt. No. 39, ¶ 8), after the cases were consolidated, and a stay entered pending class mediation, Capital One produced Mr. Wilkes's individual account records.

5. Review and production of those account records reveals that Capital One attempted to call Mr. Wilkes to request payment on a credit card account formerly owned by HSBC Bank Nevada, N.A. The account was acquired by Capital One as part of the transaction in which it acquired substantially all of the assets, and certain liabilities, of HSBC Bank Nevada, N.A. Capital One's further investigation of Mr. Wilkes's allegations reveals that the "policies and procedures for calling" and "for obtaining consent" related to the calls allegedly made to Mr. Wilkes regarding his HSBC account are different from the policies and procedures that apply to calls alleged to have been made in the other member actions, which concern alleged calls made to collect on accounts that were not part of the HSBC acquisition.

6. Discovery regarding Capital One's policies and procedures required for Mr. Wilkes's action is thus substantially dissimilar from that required in the other member actions in this multidistrict litigation. As a result, Mr. Wilkes and Capital One agree that it is appropriate to request that the Court suggest to the JPML that this member case, and this case only, be

remanded to the transferee court—the Northern District of Indiana—to proceed on an individual basis outside this MDL.

7. This request for a suggestion to remand comports with Capital One's practice not to seek transfer of actions that have been filed since the JPML entered its transfer order on December 10, 2012, alleging that it violated the TCPA solely with respect to former HSBC accounts, because those actions do not involve overlapping discovery with the MDL member actions.

8. Under 28 U.S.C. § 1407(a), remand of a member action is required "at or before the conclusion of" consolidated or coordinated pretrial proceedings. In addition, under the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, a transferee court may recommend to the JPML that it remand a member action "at any time by filing a suggestion of remand with the Panel." R. P. J.P.M.L. 10.1(b); *see also In re Aqua Dots Prods. Liability Litig.*, Nos. 08 C 2364, 09 7652, 2011 WL 3325783, at * 1 (N.D. Ill. Aug. 2, 2011) (Holderman, J.). "A judge should make such a suggestion when he or she perceives his or her role in the case has ended." *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D. N.Y. 1994).

9. A transferee court examining whether a suggestion of remand is appropriate looks to "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liability Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). For instance, the JPML may decide to remand when "everything that remains to be done is case-specific." *Id.* (citing *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)).

10. Here, the discovery required for Mr. Wilkes's allegations related to his HSBC credit card account is different from that required for the remainder of the MDL member cases,

3

which concern Capital One credit card accounts. The discovery that will be required for MDL member cases relating to Capital One's policies and procedures will not apply to Mr. Wilkes's case, which will require discovery into a different set of policies and procedures. Mr. Wilkes and Capital One will thus not benefit from continued inclusion of this member case in the MDL.

11. For good cause shown, Mr. Wilkes and Capital One respectfully move this Court to issue a suggestion of remand to the JPML, recommending that this action be remanded back to the transferor court, the Northern District of Indiana. *See In re Integrated Res.*, 851 F. Supp. at 562 (noting that JPML requires good cause to remand an action prior to completion of pretrial proceedings).

WHEREFORE, Capital One and Benjamin Wilkes respectfully request that this Court grant their motion and file with the JPML, pursuant to Rule 10.1(b), a suggestion of remand for this individual member action.

Respectfully submitted,

/s/ Melissa Wilkes
(with consent)
Melissa Wilkes (IN No. 28132-29)
PEARLMAN, CHOSNEK & HOPSON, P.C.
316 Ferry Street
P.O. Box 708
Lafayette, IN 47902-0708
Tel: (765) 742-9081
Fax: (765) 742-4379
Email: mwilkes@chosneklaw.com

*Attorney for Plaintiff Benjamin Wilkes*

Respectfully submitted,

/s/ Erin L. Hoffman
Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.:   (612) 766-7000
Fax:   (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

and

Jane Dall Wilson (IN No. 24142-71)
Kathryn E. Olivier (IN No. 28712-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Tel: (317) 237-0300
Fax: (317) 237-1000
Email: jane.wilson@FaegreBD.com
Email: Kathryn.olivier@FaegreBD.com

*Attorneys for Capital One Bank (USA), N.A.*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2013, a copy of the foregoing **AGREED MOTION FOR SUGGESTION OF REMAND** was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

By: /s/ Erin L. Hoffman

Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.:   (612) 766-7000
Fax:   (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

and

Jane Dall Wilson (IN No. 24142-71)
Kathryn E. Olivier (IN No. 28712-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Tel: (317) 237-0300
Fax: (317) 237-1000
Email: jane.wilson@FaegreBD.com
Email: Kathryn.olivier@FaegreBD.com