# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE CAPITAL ONE TELEPHONE | ) | |
| CONSUMER LITIGATION ACT | ) | Master Docket No. 1:12-cv-10064 |
| LITIGATION | ) | MDL No. 2416 |
| | ) | |
| This document relates to: ALL CASES | ) | |
| | ) | |

## CAPITAL ONE'S STATEMENT RE: MODIFICATION OF STAY

### OVERVIEW

Capital One respectfully requests that the Court continue the stay of all proceedings for the brief period until the January 29, 2014, mediation session between Capital One and the class parties. If a class settlement is not reached that day, the stay will be lifted altogether and a single, coordinated MDL discovery process will begin for all parties. The individual plaintiffs will suffer little or no prejudice from this short, continued stay. Their limitations periods are tolled; Capital One has already produced their individual records; any remaining evidence related to the claims is being preserved; and Capital One has offered to engage in direct or mediated settlement discussions with each of them, as it has successfully done with 30 of the 45 individual cases that have been transferred to this MDL.

### BACKGROUND AND ARGUMENT

On April 12, the Court entered the Agreed Order to Stay Proceedings Pending Class Mediation, staying all formal discovery in every pending action but allowing informal discovery to facilitate class mediation and requiring Capital One to produce account records to each individual plaintiff. (Dkt. 39.) Capital One has complied with the Court's Order, and its provision of account records has enabled successful settlement negotiations in 30 of the 45 individual cases that have been transferred to this MDL. (*See* Dkts. 10, 26, 38,40, 41, 42, 43, 44, 45, 47, 48, 57, 64, 70, 78, 78, 79, 80, 81, 82, 83, 84; *see also Brook (Darin) v. Capital One Bank*

*(USA), N.A.,* Case No. 1:12-cv-10119, Dkt. 20; *Esposito (Dawhajre) v. Capital One Bank (USA),*

*N.A.,* Case No. 1:12-cv-10114, Dkt. 22; *Esposito (Thomas) v. Capital One Bank (USA), N.A.,*

Case No. 1:12-cv-10110, Dkt. 25; *Esposito (Tomlinson) v. Capital One Bank (USA), N.A.,* Case

No. 1:12-cv-10115, Dkt. 20; *Hyman (Rice, Mark and Lynne) v. Capital One Bank (USA), N.A.,*

Case No. 1:12-cv-10142, Dkt. 13; *Meininger (Green) v. Capital One Bank (USA), N.A.,* Case

No. 1:12-cv-10127, Dkt. 21; *Esposito (Wayne) v. Capital One Bank (USA), N.A.*, (stipulation of

dismissal incorrectly filed under MDL Case No. 12-cv-10121); *Wilkes v. Capital One National*

*Association*, Case No. 12-cv-10129 (remanded N.D. Indiana, Dkt. 24).

The Class Parties have also participated diligently in the class mediation process,

exchanging significant information through informal requests and engaging in two rounds of

mediation, with a third scheduled for January 29, 2014. In a recent letter to the Court, Judge

Infante described the parties as having made "substantial progress toward settlement," expressed

hope that they will reach final agreement at the January 29 session, and suggested that a

continued stay would be appropriate. (Dkt. 76.)

Capital One therefore respectfully requests that the Court maintain the current stay of all

proceedings for the few days that remain until their January 29 mediation session. If that session

does not produce a settlement, then it will be appropriate to lift the stay for all proceedings and

commence coordinated MDL discovery. There will be no prejudice to the individual plaintiffs

during this brief period, and a short stay makes eminently good sense to preserve the ability to

conduct a single set of MDL discovery. *See In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*,

No. 07 C 7184, 2008 U.S. Dist. LEXIS 14121, at *13-14 (N.D. Ill. Feb. 20, 2008) (holding that

plaintiffs were "not likely to be prejudiced by a stay" of MDL proceedings because they could

continue their action if settlement in related action failed or if they opted out). It will make little

sense to begin discovery on behalf of a handful of individual plaintiffs now, when discovery on

dms.us.53308088.01

behalf of all plaintiffs could begin in little more than a month. The MDL procedure was designed to eliminate precisely this kind of duplication. (*See* Dkt. 1 (noting that centralizing this litigation would "conserve the resources of the parties, their counsel, and the judiciary").) Individual plaintiff Vadella argues that duplication would be minimized if class plaintiffs participated in discovery with individual plaintiffs. (Dkt. 77.) But there is no reason to make them do that in the month that remains between now and the January 29 mediation session. The current stay was put in place "to allow the class-action parties to focus on mediation and possible resolution of the class claims." (Dkt. 39.) That purpose remains now more than ever as negotiations reach a critical stage.

If the Class Parties are able to reach an agreement on settlement at the January 29 mediation, Capital One will ask that the Court continue the litigation stay in place through the completion of the final approval process, except to allow individual settlement negotiations. This Court has previously entered such a stay of litigation pending final approval. *See, e.g., In re Kent. Grilled Chicken Coupon Mktg. & Sales Practices Litig*., No. 1:09-cv-7670 (N.D. Ill. Feb. 1, 2011) (Dkt. 84). As many courts have explained, a stay of proceedings through settlement approval not only gives "all potential class members an opportunity to consider fully the settlement terms," but also allows the parties "to proceed in an orderly and coordinated fashion once the universe of opt-out plaintiffs is actually identified." *In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liability Litig.*, No. 2:11-md-02284-GP (E.D. Penn. Dec. 5, 2012) (Dkt. 142) (staying MDL proceedings pending consideration of class settlement). *see also In re Vitamins Antitrust Litig.*, No. MISC. 99-197 (TFH), 2001 WL 856292, at \*2 n.3 (D.D.C. July 25, 2001) (noting that "courts routinely stay discovery pending settlement"); *accord Kaufman v. Am. Exp. Travel Related Servs. Co., Inc.*, 264 F.R.D. 438, 449 (N.D. Ill. 2009) ("There is ample

3

authority supporting the court's power to stay pending federal and state cases to effectuate class action settlement approval.").

Allowing individual actions to proceed in litigation while a class settlement is pending approval would profoundly disrupt the notice, opt-out, and approval process. If, for example, the Court were to rule on dispositive motions before final approval, its rulings could upend the settlement entirely. The defenses that Capital One will raise to the Telephone Consumer Protection Act claims of the individual plaintiffs are the same defenses it is raising against the class claims. Most notably, Capital One has a complete defense against all TCPA claims raised by all of its customers because each of them gave express, contractual consent to be called in the written provisions in their Customer Agreements. Regardless of which way the Court were to rule on that defense, it would destroy the basis for a class settlement. In addition, factual materials produced in discovery could be used by one side or the other to influence class members' decisions to opt out, interfering with the notice the Court will approve.

If the parties reach a class settlement in January, Capital One asks that the Court keep the litigation stay in place and order the individual plaintiffs to participate in direct or mediated settlement discussions with Capital One, which will provide a way for the individual cases to move forward during the final approval process for a class settlement.

WHEREFORE, Capital One respectfully requests that the Court maintain the stay of proceedings issued on April 12, 2013.

dms.us.53308088.01

Dated: December 12, 2013

/s/      Aaron Van Oort

Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

*Attorneys for Capital One Bank (USA), N.A., Capital One Financial Corporation, Capital One Services, LLC, and Capital One, N.A.*

dms.us.53308088.01

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2013, a copy of the foregoing **CAPITAL ONE'S STATEMENT RE: MODIFICATION OF STAY** was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/  Aaron D. Van Oort


Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

*Attorneys for Capital One Bank (USA), N.A.,*
*Capital One Financial Corporation,*
*Capital One Services, LLC, and Capital One, N.A.*

dms.us.53308088.01