# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE CAPITAL ONE TELEPHONE CONSUMER LITIGATION ACT LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |
| This document applies only to: | |
| 1:11-cv-5886 (N.D. Ill.) | |
| 2:12-cv-0024-RSL (W.D. Wash.) | |
| 1:12-cv-01061 (N.D. Ill.) | |

## AMENDED CONSOLIDATED MASTER CLASS ACTION COMPLAINT

1179135.2

Plaintiffs, by their undersigned counsel, hereby file their Amended Consolidated Master Class Action Complaint (the "Amended Complaint"), against Defendant Capital One Bank (USA), N.A, Capital One, N.A., Capital One Financial Corporation, Capital One Services, LLC, Capital One Services II, LLC (together, "Capital One"), Capital Management Systems, LP ("CMS"), and Leading Edge Recovery Solutions, LLC ("Leading Edge"), and AllianceOne Receivables Management, Inc. ("AllianceOne") (collectively "Participating Vendors" and, together with Capital One, "Defendants").[1] On behalf of themselves and all others similarly situated, Plaintiffs assert claims against Defendants for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").[2]

## I.  NATURE OF THE ACTION

1. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Capital One (including all of its affiliates, subsidiaries, and/or related entities), as well the Participating Vendors acting on Capital One's behalf, in negligently, knowingly, and/or willfully contacting Plaintiffs and Class members on their cellular telephones without their prior express consent within the meaning of the TCPA.

2. Defendants have violated the TCPA by contacting Plaintiffs and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

---

[1] This Amended Complaint applies to, and supersedes, only the class complaints consolidated in this action by virtue of the Judicial Panel on Multidistrict Litigation's transfer order of December 10, 2012 (Dkt. No. 1). It does not apply to, or supersede, the complaints in any of the individual or bankruptcy actions also transferred by that order.

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

- 1 -

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call made in violation of the TCPA. Further, Plaintiffs reside in multiple states, and allege a national Class, which results in at least one Class member belonging to a state different than Defendants. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violation of a federal statute, the TCPA.

5. Venue for the coordinated pretrial proceedings is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1931(b)-(c) and 1441(a), because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.

6. Venue for the coordinated pretrial proceedings is also proper in this District pursuant to the Transfer Order issued by the JPML.

7. Venue in the Districts in which the underlying cases were originally filed was also proper for the reasons set forth by Plaintiffs in their original complaints.

## III. PARTIES

8. Plaintiff Bridgett Amadeck is, and all times mentioned herein was, an individual citizen of the State of Washington, residing in Kirkland, Washington.

9. Plaintiff Tiffany Alarcon is, and at all times mentioned herein was, an individual citizen of the State of California, residing in Daly City, California.

10. Plaintiff Charles C. Patterson is, and at all times mentioned herein was, an individual citizen of the State of Illinois, residing within the Northern District of Illinois.

11. Plaintiff David Mack is, and at all times mentioned herein was, an individual citizen of the State of Illinois, residing within the Northern District of Illinois.

12. Plaintiff Andrew Kalik is, and all times mentioned herein, an individual citizen of Oregon, residing in Beaverton, Oregon.

13. Defendant Capital One Bank (USA), N.A., is a nationally chartered bank and wholly-owned subsidiary of Capital One Financial Corporation, with its principal place of business in Glen Allen, Virginia.

14. Defendant Capital One N.A. is a wholly-owned subsidiary of Capital One Financial Corporation, with its principal place of business in McLean, Virginia.

15. Defendant Capital One Services is a Delaware limited liability company wholly owned by Capital One N.A.

16. Defendant Capital One Services II, LLC is a Delaware limited liability company wholly owned by Defendant Capital One Services.

17. Defendant Capital Management Systems, LP is a Delaware corporation headquartered in Buffalo, NY.

18. Defendant Leading Edge Recovery Solutions, LLC is a debt collection agency incorporated in Illinois and headquartered in Chicago, Illinois.

19. Defendant AllianceOne Receivables Management, Inc. is a debt collection agency incorporated in Delaware and headquartered in Trevose, Pennsylvania.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C. § 227

20. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

21. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

22. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

23. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by (or on behalf of) a creditor are permitted *only* if the calls are made with the "prior express consent" of the called party.[5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless

---

[3] 47 U.S.C. § 227(b)(1)(A)(iii).

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan. 4, 2008).

1179135.2

number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[6]

## II. FACTUAL ALLEGATIONS

### A. Plaintiff Mack

24. At all times relevant, Plaintiff David Mack was an individual residing in the State of Illinois. Plaintiff Mack is, and all times mentioned herein, was, a "person" as defined by U.S.C. § 153(39).

25. In 2012, and possibly before, Capital One and/or a debt collector calling on behalf of Capital One, called Mack's cellular telephone number using an artificial or prerecorded voice and/or an automatic telephone dialing system.

26. Plaintiff Mack did not list his cellular telephone number in or on any of the documents during the transaction that resulted in the debt owed and therefore did not provide express consent to receive prerecorded calls from Capital One or any person or entity acting on Capital One's behalf. Capital One and/or a debt collector, in fact, called Plaintiff Mack's cellular telephone regarding another person's Capital One account.

### B. Plaintiff Patterson

27. At all times relevant, Plaintiff Charles C. Patterson was an individual residing in the State of Illinois. Plaintiff Patterson is, and all times mentioned herein, was, a "person" as defined by U.S.C. § 153(39).

28. Plaintiff Patterson applied for and received a credit card from Capital One.

29. In or around January and February 2012, a debt collector, calling on behalf of Capital One, called Plaintiff Patterson's cellular telephone on numerous occasions using an

---

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

artificial or prerecorded voice and/or an automatic telephone dialing system to collect an alleged debt.

30. Plaintiff Patterson did not list his cellular telephone number in or on any of the documents during the transaction that resulted in the debt owed, and therefore did not provide express consent to receive prerecorded calls from Capital One or any person or entity acting on its behalf. In addition, Plaintiff Patterson did not verbally provide his cellular telephone number or his consent to be called on that cellular telephone number to Capital One or a debt collector.

31. A debt collector obtained Plaintiff Patterson's cellular telephone number from a third party via skip tracing.

### C. Plaintiff Amadeck

32. At all times relevant, Plaintiff Bridgett Amadeck was an individual residing in the State of Washington. Plaintiff Amadeck is, and all times mentioned herein, was, a "person" as defined by U.S.C. § 153(39).

33. Plaintiff Amadeck applied for and received a credit card from Capital One.

34. Plaintiff Amadeck did not provide express consent during the transaction that resulted in the debt owed to receive prerecorded calls from Capital One or any person or entity acting on its behalf. Beginning in approximately October 15, 2009, Capital One repeatedly contacted Plaintiff Amadeck on her cellular telephone using an artificial or prerecorded voice and/or an automatic telephone dialing system. Plaintiff Amadeck received three or more such calls per day for six weeks or more. Plaintiff Amadeck repeatedly called Capital One and asked it to stop calling her cellular telephone, but the calls continued unabated for weeks, even after she spoke to a Capital One supervisor.

35. Under the terms of her cellular telephone plan, all calls to and from Plaintiff Amadeck's cellular telephone reduce her available minutes and therefore impose a cost. On each

occasion Capital One called Plaintiff Amadeck's cellular telephone, her account was charged one minute, and charged again when Plaintiff Amadeck had to listen to and erase the messages.

        **D.**     **Plaintiff Alarcon**

36.     At all times relevant, Plaintiff Tiffany Alarcon was an individual residing in the State of California. Plaintiff Alarcon is, and all times mentioned herein, was, a "person" as defined by U.S.C. § 153(39).

37.     Plaintiff Alarcon applied for and received a credit card from Capital One.

38.     Plaintiff Alarcon did not provide express consent during the transaction that resulted in the debt owed to receive prerecorded calls from Capital One or any person or entity acting on its behalf. Capital One has repeatedly contacted Plaintiff Alarcon on her cellular telephone using an artificial or prerecorded voice and/or an automatic telephone dialing system. Plaintiff Alarcon received repeated, harassing calls at all hours of the day. Because the calls were prerecorded, she had no ability to request that the calls end or to voice her complaints to a real person.

        **E.**     **Plaintiff Kalik**

39.     At all times relevant, Plaintiff Andrew Kalik was an individual residing in the State of Oregon. Plaintiff Kalik is, and all times mentioned herein, was, a "person" as defined by U.S.C. § 153(39).

40.     Plaintiff Kalik applied for and received a credit card from Orchard Bank, a subsidiary of HSBC Card Services, Inc. ("HSBC"); on May 1, 2012 Capital One purchased an account associated with this credit card.

41.     Plaintiff Kalik did not provide express consent during the transaction that resulted in the debt owed to receive prerecorded calls from HSBC or Capital One or any person or entity acting on their behalf. After May 1, 2012, Capital One repeatedly contacted Plaintiff Kalik on

his cellular telephone using an artificial or prerecorded voice and/or an automatic telephone dialing system. Because the calls were prerecorded, he had no ability to request that the calls end or to voice his complaints to a real person.

### F. Plaintiffs' Joint Allegations

42. Capital One is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

43. All telephone contact by Defendants to Plaintiffs on their cellular telephones forming the basis for this Complaint occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

44. The telephone numbers that Defendants used to contact Plaintiffs, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

45. "During the transaction that resulted in the debt owed," Plaintiffs did not provide express consent to receive prerecorded calls by Defendants on their cellular telephones.[7]

46. Plaintiffs did not provide "express consent" allowing Defendants to place telephone calls to Plaintiffs' cellular telephones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

47. Defendants did not make telephone calls to Plaintiffs' cellular telephones "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

48. Defendants' telephone calls to Plaintiffs' cellular telephones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

49. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[8]

50. By virtue of a settlement agreement in *Ross v. Bank of America N.A. (USA), et al.*, S.D.N.Y., Case No. 1:05-cv-07116-WHP-JCF, Capital One is estopped from seeking to enforce any consumer arbitration clauses in the underlying credit card contracts with Plaintiffs and the Class members, and such clauses are null and void.

### III. CONSOLIDATED CLASS ACTION ALLEGATIONS

51. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated ("the Class").

52. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> all persons within the United States who received a non-emergency telephone call from Capital One's dialer(s) to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from January 18, 2008, through June 30, 2014, and all persons within the United States who received a non-emergency telephone call from a Participating Vendor's dialer(s) made on behalf of Capital One to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from February 28, 2009, through June 30, 2014.

All Plaintiffs are members of, and seek to represent, the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, agents and

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

- 9 -

employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

53. Based upon the representations of Defendants and discovery conducted in this action, Plaintiffs reasonably believe that are over 21 million Class members.

54. Plaintiffs and all members of the Class have been harmed by Defendants' conduct in violation of the TCPA.

55. On behalf of themselves and all Class members, Plaintiffs seek injunctive relief and statutory damages.

56. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants.

57. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members, including Plaintiffs. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants made non-emergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendants can meet their burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Defendants' conduct was knowing and/or willful;

    d. Whether Defendants are liable for damages, and the amount of such damages; and

     e. Whether Defendants should be enjoined from engaging in such conduct in the future.

  58. On December 10, 2012, the Judicial Panel on Multidistrict Litigation issued a Transfer Order. The common factual questions that informed the JPML's Transfer Order included "Capital One's policies and procedures for calling, or directing its agents to call, consumers, as well as Capital One's policies and procedures for obtaining and recording a consumer's consent to receive collection calls on his or her cell phone." Transfer Order at 1.

  59. As individuals who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests antagonistic to any member of the Class.

  60. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA. On February 15, 2013, this Court, with no objection, designated Jonathan Selbin of Lieff Cabraser Heimann & Bernstein, LLP, and Beth Terrell of Terrell Marshall Daudt & Willie, PLLC, as interim co-lead counsel (*see* Dkt. No. 12). This Court also designated Keith Keogh of Keogh Law, Ltd. as liaison counsel. (*Id.*)

  61. A class action is the superior method for the fair and efficient adjudication of this controversy because it will permit a large number of similarly-situated persons to prosecute their claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous actions would entail. In addition, class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in

an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

62. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## IV. CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

### (By Plaintiffs and the Class Against Defendant Capital One Only)

63. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

64. The foregoing acts and omissions of Capital One constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

65. As a result of Capital One's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

66. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Capital One in the future.

67. Plaintiffs and Class members also demand an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

### (By Plaintiffs and the Class Against All Defendants)

68. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

70. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

71. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

72. Plaintiffs and Class members also demand an award of attorneys' fees and costs.

**II. RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all Class members the following relief against Defendants:

A. Injunctive relief enjoining Defendants from violating the TCPA in the manner alleged herein;

B. As a result of Capital One's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member statutory damages of $1,500.00 for each and every call that violated the TCPA;

C. As a result of all Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member statutory damages of $500.00 for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class,;

E. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3), establishing an appropriate Class, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as co-lead counsel for the Class;

F. A trial by jury on all issues so triable;

G. Such other relief as the Court deems just and proper.


Dated this 13th day of June 2014.

                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                By:   /s/ *Jonathan D. Selbin*
                        Jonathan D. Selbin

                Jonathan D. Selbin
                Email: jselbin@lchb.com
                Douglas I. Cuthbertson
                Email: dcuthbertson@lchb.com
                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                250 Hudson Street, 8th Floor
                New York, NY 10013-1413
                Telephone: (212) 355-9500
                Facsimile: (212) 355-9592

1179135.2

Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Interim Co-Lead Counsel*

TERRELL MARSHALL DAUDT
  & WILLIE PLLC


By:    /s/ *Beth E. Terrell*
          Beth E. Terrell

Beth E. Terrell
Email:  bterrell@tmdwlaw.com
Michael D. Daudt
Email:  mdaudt@tmdwlaw.com
Kimberlee L. Gunning
Email:  kgunning@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Interim Co-Lead Counsel*

- 15 -

KEOGH LAW, LTD

By:   /s/ *Keith James Keogh*
       Keith James Keogh

Keith James Keogh
Email: Keith@Keoghlaw.com
Craig M. Shapiro
Email: cshapiro@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD
55 W. Monroe
Suite 3390
Chicago, IL 60603

Phone: (312) 726-1092
Facsimile (312) 726-1093

*Interim Liaison Counsel*

- 16 -

1179135.2