# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE CAPITAL ONE TELEPHONE CONSUMER LITIGATION ACT LITIGATION<br><br>This document applies only to:<br><br>1:11-cv-5886 (N.D. Ill.)<br><br>2:12-cv-0024-RSL (W.D. Wash.)<br><br>1:12-cv-01061 (N.D. Ill.) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416<br><br>CLASS ACTION |

## DECLARATION OF JONATHAN D. SELBIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Jonathan D. Selbin, declare as follows:

1. I am a member of the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), and Lead Counsel for Plaintiffs in this matter.[1] I am admitted to this Court's general bar and am a member in good standing of the bars of the States of California and New York, and the bar of the District of Columbia. I respectfully submit this declaration in support of Plaintiffs' unopposed motion for preliminary settlement approval. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the parties' Settlement Agreement and Release ("Settlement Agreement"), including any exhibits attached thereto.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of the Honorable (Ret.) Edward A. Infante in Support of the Class Action Settlement.

**Background and Experience**

4. LCHB is a national law firm with offices in San Francisco, New York, and Nashville. LCHB's practice focuses on complex and class action litigation involving product liability, consumer, employment, financial, securities, environmental, and personal injury matters. Attached hereto as **Exhibit 3** is a true and correct copy of LCHB's current firm resume, showing some of the firm's experience in complex and class action litigation. This resume is not a complete listing of all cases in which LCHB has been class counsel or otherwise counsel of record.

5. LCHB has actively and successfully litigated—and has specifically been at the forefront of—class action lawsuits under the Telephone Consumer Protection Act. Cases in

---

[1] Beth Terrell of Terrell Marshall Daudt & Willie PLLC also serves as Lead Counsel and Keith Keogh of Keogh Law, Ltd. serves as Liaison Class Counsel. Plaintiffs Mack, Amadeck and Kalik, Patterson, and Alarcon are represented by the following firms, respectively: Burke Law Offices, LLC, Williamson & Williams and Terrell Marshall Daudt & Willie PLLC, Keogh Law, Ltd., and Lieff Cabraser Heimann & Bernstein, LLP and Meyer Wilson Co., LPA.

which LCHB has served as Class Counsel in such actions and in which I have played an active role include the following:

   a.   *Smith v. State Farm Mutual Auto. Ins. Co.*, Case No. 13-cv-02018 (N.D. Ill.) (pending; serving as court-appointed sole lead counsel);

   b.   *Charvat v. The Allstate Corp.*, Case No. 13-cv-7104 (N.D. Ill.) (pending);

   c.   *Rose, et al. v. Bank of America Corp., et al.*, No. 11-cv-02390 (N.D. Cal.) (nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $32,083,905; pending final approval);

   d.   *Arthur, et al. v. Sallie Mae, Inc.*, No. C10-0198 JLR (W.D. Wash.) (nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15 million; final approval granted in 2012);

   e.   *Steinfeld v. Discover Financial Services, et al.*, 3:12-cv-01118-JSW (N.D. Cal.) (nationwide settlement of $8.7 million; final approval granted on March 31, 2014);

   f.   *Wannemacher v. Carrington Mortgage Services LLC*, Case No. 8:12-cv-02016-FMO-AN (C.D. Cal.) (nationwide settlement of $1,035,000; pending final approval);

   g.   *Bayat v. Bank of the West*, Case 3:13-cv-02376-EMC (N.D. Cal.) (pending);

   h.   *Brown v. Directv LLC, et al.*, Case No. 2:13-cv-01170-DMG-E (C.D. Cal.) (pending);

   i.   *Balschmiter v. TD Auto Finance*, LLC, Case No. 2:13-cv-01186 (E.D. Wisc.) (pending); and

   j.   *Heinrichs v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-05434-WHA (N.D. Cal.) (pending).

   k.   *Ineman v. Kohl's Corp.*, Case No. 3:13-cv-00398 (W.D. Wis.) (pending)

   6.   LCHB has extensive experience in the litigation, trial and settlement of class actions in complex economic injury consumer fraud and product defect cases. Cases in which

LCHB has served as Class Counsel in such actions and in which I have played an active role include:

      a.    *Ross v. Trex Co., Inc*., No. 09-cv-00670 JF (N.D. Cal.) (nationwide partial settlement class involving defective composite decking; final approval of settlement covering part of case granted in 2010; final approval of settlement covering remaining case granted in 2013);

      b.    *In Re: Imprelis Herbicide Marketing, Sales Practices And Products Liability Litigation*, No. 2:11-md-02284-GP (E.D. Pa.) (nationwide settlement involving defective herbicide; final approval granted in 2013);

      c.    *McLennan, et al. v. LG Electronics USA, Inc*., No. 2:10-cv-03604-WJM-MF (D.N.J.) (nationwide settlement involving defective refrigerators; final approval granted in 2012);

      d.    *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.) (nationwide litigation class certified and Rule 23(f) and Rule 1292(b) appeals defeated in case involving Mercedes' alleged deception relating to its Tele Aid service; nationwide settlement class; final approval granted in 2011);

      e.    *Glenz, et al. v. Sharp Electronics Corp.*, No. 2:08-cv-03652-FSH-MAS (D.N.J.) (nationwide settlement class involving defective projector bulbs; final approval granted 2011);

      f.    *Carideo, et al. v. Dell, Inc*., No. C06-1772 JLR (W.D. Wash.) and *Omstead, et al. v. Dell, Inc*., No. C06-6293 PJH (N.D. Cal.) (nationwide settlement class involving computer defect; final approval granted in 2010);

      g.    *Fulford v. Logitech, Inc*., No. 08-cv-02041 MMC (N.D. Cal.) (nationwide settlement class involving false advertising claims related to remote controls; final approval granted in 2010);

      h.    *Create-a-Card v. Intuit*, No. CV-07-6452 WHA (N.D. Cal.) (nationwide settlement class involving faulty computer code; final approval granted in 2009);

i. *Pelletz v. Weyerhaeuser Company and Advanced Environmental Technologies, Inc*., No. C08-0334 JCC (W.D. Wash.) (nationwide settlement class involving defective composite decking; final approval granted in 2009);

j. *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. CV05-5437 (W.D. Wash.) (Washington litigation class involving defective furnaces certified; nationwide settlement class; final approval granted in 2008);

k. *Weekend Warrior Trailer Cases*, Judicial Coordination Proceeding No. 4455 (Orange County, CA) (nationwide settlement class involving defective recreational trailers; final approval granted in 2008);

l. *Richina v. Maytag Corp*., Case No. CV025202 (San Joaquin County, California) (California settlement class involving defective oven panels; final approval granted in 2007);

m. *Lundell v. Dell, Inc*., No. C05-3970 JW/RS (N.D. Cal.) (nationwide settlement class involving defective computers; final approval granted in 2006);

n. *Kan v. Toshiba America Information Systems, Inc*., No. BC327273 (Los Angeles County, California) (nationwide settlement class involving defective computers; final approval granted in 2006);

o. *Behr Wood Sealant Cases*, JCCP Nos. 4132 & 4138 (San Joaquin County, California) (nationwide settlement class involving defective wood sealant; final approval granted in 2003);

p. *Richison v. American Cemwood Corp*., Civil Action No. 005532 (San Joaquin County, California) (nationwide litigation class involving defective shingles certified and upheld on writ review; nationwide settlement classes final approval granted in 2000 and 2003);

q. *Williams v. Weyerhaeuser Co*., Civil Action No. 995787 (San Francisco County, California) (California litigation class involving defective siding certified in 1999; nationwide settlement class final approval granted in 2000);

r. *Delay v. Hurd Millwork Co.*, No. 972-073710 (Spokane County, Washington) (multi-state settlement class involving defective windows; final approval granted in 1998);

s. *Naef v. Masonite*, No. CV-94-4033 (Mobile County, Alabama) (nationwide litigation class certified in 1995, nationwide settlement class involving defective siding final approval granted in 1998);

t. *Bettner v. Georgia-Pacific*, No. CV-95-3330-RGK (Mobile County, Alabama) (nationwide settlement class involving defective siding; final approval granted in 1998);

u. *ABS Pipe Cases II*, JCCP No. 3126 (Contra Costa County, California) (nationwide settlement classes involving defective pipes; final approval granted in 1998 through 2001);

v. *In re: Louisiana-Pacific Co. Inner-Seal Siding Litigation*, No. CV-95-879 JO-LEAD (U.S.D.C. Oregon) (nationwide settlement class involving defective siding; final approval granted in 1996); and

w. *Cox v. Shell*, Civil No. 18,844 (Obion County, Tennessee) (nationwide settlement class involving defective polybutylene pipes; final approval granted in 1995).

7. I was the lead partner at LCHB who litigated and settled *Sallie Mae, Bank of America, Discover, Imprelis, LG, Mercedes, Sharp, Carideo v. Dell, Omstead v. Dell, Trex, Logitech, Intuit, Pelletz v. Weyerhaeuser, Grays Harbor v. Carrier, Richina v. Maytag, Weekend Warrior Trailer Cases, Lundell v. Dell*, and *Kan v. Toshiba*, and was one of the lead partners at LCHB who litigated and settled the *Behr*, *Cemwood*, *Weyerhaeuser*, and *Hurd* matters. As an associate, I was a primary participant in LCHB's litigation and settlement of the *Masonite Hardboard Siding*, *Louisiana-Pacific Inner-Seal Siding*, and *Georgia-Pacific Hardboard Siding* litigations.

8. A number of courts in the above cases have praised LCHB's (and my) efforts on behalf of Plaintiffs:

a. In *In Re Mercedes-Benz Tele Aid Contract Litigation*, Judge Dickinson R. Debevoise stated: "I want to thank counsel for the. . . very effective and good work. . . . It was carried out with vigor, integrity and aggressiveness with never going beyond the maxims of the Court."

b. In *Glenz v. Sharp Electronics Corp.*, Judge Faith S. Hochberg stated:

> I want to commend counsel for all the hard work you all put into this case, for retaining an excellent mediator, for getting it managed efficiently and settled expeditiously, rather than letting the case drag on endlessly without settling it. It really is the way they should be done. I wish they were all done this way. That doesn't always happen, as I'm sure you know. I'm particularly concerned about this proliferation of multiple class actions being filed with races to courts by lawyers who really are just fighting over fees. It's an enormous waste of judicial resources. So when that happens – didn't happen here, I'm delighted.

c. In *Create-a-Card v. Intuit*, Judge William Alsup commended LCHB for the "excellent job in the case as class counsel," and stated that "the class has been well represented having you and your firm in the case."

9. I have argued in the Sixth Circuit Court of Appeals in *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409 (6th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 12560 (June 18, 2012), vacated, 133 S. Ct. 1722 (2013), reinstated, 722 F.3d 838 (6th Cir. 2013), the Ninth Circuit Court of Appeals in *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), and *Oestreicher v. Alienware Corp.*, 322 Fed.Appx. 489 (9th Cir. 2009), and in the Fifth Circuit Court of Appeals in *McManus v. Fleetwood Ent. Inc.*, 320 F.3d 545 (5th Cir. 2003), as well as in several state supreme and appeals courts. I am also appellate counsel in *Butler v. Sears*, 702 F.3d 359 (7th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 26202 (Dec. 19, 2012), vacated, 133 S. Ct. 2768 (2013), reinstated, 2013 U.S. App. LEXIS 17748 (7th Cir. Aug. 22, 2013), writ of certiorari denied, 134 S. Ct. 1277 (2014).

10. I graduated magna cum laude from Harvard Law School in 1993 and clerked for The Honorable Marilyn Hall Patel of the U.S. District Court for the Northern District of California between 1993 and 1995. I have worked at LCHB since 1995, starting as an associate

and advancing through to partnership.  As set forth above, I have extensive experience in litigating class actions.

11.     Together, the cases described above have resulted in court-approved class action settlements, with a combined total recovery for class members exceeding $2 billion in cash, plus other relief.  The TCPA class settlements, including those described in paragraph 3 above, total over $130 million.  LCHB's experience in these cases, and my experience in particular, has provided LCHB and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

**Procedural Background**

12.     Between August 25, 2011 August 7, 2012, Plaintiffs filed four nationwide class actions against Capital One and/or entities acting on behalf of Capital One.  Significant motion practice and discovery occurred in these actions before Plaintiffs' counsel consolidated their efforts before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and consolidate these actions to a single forum.

13.     On December 10, 2012, the JPML transferred the *Mack, Amadeck, and Patterson* Class actions and related individual actions involving TCPA claims to the Northern District of Illinois.  *See In re Capital One Telephone Consumer Protection Act Litigation*, MDL No. 2416, Dkt. No. 1.  On February 15, 2013, the Court designated Jonathan Selbin of Lieff Cabraser Heimann & Bernstein, LLP, and Beth Terrell of Terrell Marshall Daudt & Willie, PLLC, as Interim Co-Lead Counsel, and Keith Keogh of Keogh Law, Ltd. as Liaison Counsel.  *Id.*, Dkt. No. 12.  Plaintiffs filed a Consolidated Master Class Action Complaint ("Master Complaint") on February 28, 2013 against Capital One, Leading Edge Recovery Solutions, LLC ("Leading Edge"), and Capital Management Systems, LP ("CMS").  *See Id.*, Dkt. 19.  The Master Complaint superseded the complaints filed in the Mack, Amadeck, and Patterson Actions, and was amended on June 13, 2014, to add Plaintiff Kalik, Defendant AllianceOne Incorporated ("AllianceOne"), and other Capital One entities.  *Id.*, Dkt. No. 120.

**The Litigation**

14. Once Lead Counsel was in place, the Parties conducted a half-day, in-person meeting in Chicago, followed by weeks of telephonic, letter, and email correspondence, to conduct a Rule 26(f) conference and negotiate an E-Discovery Plan and proposed Case Management Order. The discussions were thorough and, at many points, contentious, as the parties addressed all facets of discovery as well as their respective views on class certification and the merits of Plaintiffs' class TCPA claims. These meet and confer efforts were informed by the substantial classwide discovery already conducted in the prior actions.

15. In a series of meet and confers, the parties discussed their respective positions on the key, case-dispositive issue of whether the terms of Capital One's Customer Agreement constitute prior express consent within the meaning of the TCPA. Plaintiffs' counsel obtained and analyzed a complete set of the contractual language at issue during the Class Period.

16. As the parties prepared to engage in motion practice, they also began to explore the possibility of mediation. However, as a condition precedent to mediation, Plaintiffs insisted that Capital One agree to classwide discovery sufficient to engage in meaningful settlement discussions in an informed manner. After Capital One agreed to provide this information, the parties devoted their efforts to engaging in that discovery. Over a six-month period, Capital One produced, and Plaintiffs analyzed, the data and documents requested.

**The Parties' Mediation**

17. The parties participated in three in-person (July 2 and November 4, 2013 and January 29, 2014) and two telephonic mediation sessions before the Honorable Edward A. Infante (Ret.) of JAMS. Prior to the mediation, the parties submitted detailed mediation briefs to Judge Infante, setting forth their respective views on the strengths of their cases. The parties discussed their relative views of the law and the facts and potential relief for the proposed Class. As the negotiations evolved, Plaintiffs' counsel requested, and Capital One provided, additional data and documents for Plaintiffs' counsel to analyze.

18.     At all times, the settlement negotiations were highly adversarial, non-collusive, and at arm's length.  The settlement negotiations were also prolonged and hard-fought, spanning many months; the parties exchanged a series of counterproposals on key aspects of the Settlement, including monetary relief for the Class, notice to the Class and the meaning and interpretation of the eligibility requirements.  The negotiation process nearly broke down several times as Class Counsel continually advocated for a larger fund for the Class, while Capital One, CMS and Leading Edge wanted a smaller fund.

19.     The case settled only after Capital One and Plaintiffs accepted a mediator's proposal, in the days following the January 29, 2014 mediation.  Thereafter, the parties spent numerous hours negotiating the final settlement terms and drafting the Settlement Agreement.

**Confirmatory Discovery**

20.     Plaintiffs served confirmatory discovery requests on Capital One and the Participating Vendors (CMS, LP, Leading Edge, LLC, Alliance One), including interrogatories asking them to identify the total number of Settlement Class Members and to describe all changes to their business practices required by the Settlement.  Plaintiff also asked Capital One to identify all Capital One affiliates and Participating Vendors that made automated calls during the class period.  Capital One and the Participating Vendors replied to these discovery requests in a timely manner, and supplied complete and comprehensive information

21.     Plaintiffs also conducted four depositions of Rule 30(b)(6) designees for Capital One and the Participating Vendors including extensive questioning regarding the subject matter of the discovery requests described above.

22.     Plaintiffs reviewed the call record data and other information provided by Defendants from the confirmatory discovery process and to confirm that the Settlement is fair, reasonable, and adequate.

**Class Notice**

23.     The confirmatory discovery shows the class size to be approximately 15,781,708.  Capital One can directly contact approximately 15,779,839 class members by email and/or

mailing addresses. In accordance with the notice plan, class notice will be disseminated (1) via email to those Class Members for whom Capital One possesses email addresses and whom have not opted out of receiving electronic mail from Capital One, in accordance with Capital One's currently existing email opt-out policies; or (2) via First Class mail for those Class Members for whom Capital One does not possess an email address, for those whom have opted out of receiving emails from Capital One, in accordance with Capital One's currently existing email opt-out policies, and/or to those Class Members whose emails are undeliverable.

24.  The Class Administrator will re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address and, for all returned mail, perform data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member. The remaining Class Members will receive notice via publication notice and/or website notice, as detailed in the notice plan.

**Settlement is Fair, Reasonable and Adequate**

25.  It is my opinion, based on my experience in litigating TCPA class actions and my understanding of the risks involved in continued litigation of this action, that the Settlement is fair, reasonable, and adequate, and is in the best interests of the Class as a whole. Class Counsel and Plaintiffs strongly endorse this Settlement.

**Other TCPA Settlements**

26.  Attached as **Exhibit 4** is a true and correct copy of the Memorandum of Points and Authorities in Support of Plaintiff's Joint Motion in Support of Final Approval of Class Action Settlement filed in *Adams v. AllianceOne Receivables Mgmt. Inc.,* No. 08-cv-00248, Dkt. No. 116 (S.D. Cal.) on July 30, 2012.

27.  Attached as **Exhibit 5** is a true and correct copy of the Order Granting Joint Motion for Final Approval of Class Action Settlement filed in *Adams v. AllianceOne Receivables Mgmt. Inc.,* No. 08-cv-00248, Dkt. No. 137 (S.D. Cal.) on September 28, 2012.

28. Attached as **Exhibit 6** is a true and correct copy of the Unopposed Motion for Final Approval of Class Action Settlement and Response to Objections filed in *Palmer v. Sprint Nextel Corp.*, No. 09-cv-01211, Dkt. No. 84 (W.D. Wash.) on October 6, 2011.

29. Attached as **Exhibit 7** is a true and correct copy of the Judgment and Order of Final Approval filed in *Palmer v. Sprint Nextel Corp.*, No. 09-cv-01211, Dkt. No. 91 (W.D. Wash.) on October 21, 2011.

I declare under penalty of perjury of the laws of Illinois and the United States that the foregoing is true and correct, and that this declaration was executed in New York, New York on June 13, 2014.

>                      */s/ Jonathan D. Selbin*
>                         Jonathan D. Selbin