**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | Master Docket No. 1:12-cv-10064 |
| CAPITAL ONE TELEPHONE | ) | MDL No. 2416 |
| CONSUMER PROTECTION ACT | ) | |
| LITIGATION | ) | |
| This document relates to: | ) | |
| | ) | |
| BRIDGETT AMADECK, et al., | ) | Case No: 1:12-cv-10135 |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE FINANCIAL | ) | |
| CORPORATION, and CAPITAL ONE | ) | |
| BANK (USA), N.A. | ) | |
| This document relates to: | ) | |
| | ) | |
| NICHOLAS MARTIN, et al., | ) | Case No: 1:11-cv-05886 |
| | ) | |
| v. | ) | |
| | ) | |
| LEADING EDGE RECOVERY | ) | |
| SOLUTIONS, LLC, and CAPITAL ONE | ) | |
| BANK (USA), N.A. | ) | |
| This document relates to: | ) | |
| | ) | |
| CHARLES C. PATTERSON, | ) | Case No: 1:12-cv-01061 |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL MANAGEMENT | ) | |
| SERVICES, L.P. and CAPITAL ONE | ) | |
| BANK (USA), N.A. | ) | |

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2)**
**PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING**
**NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the court on a motion for preliminary approval of a proposed class action settlement of three class action cases that were transferred to this court by the Judicial Panel on Multidistrict Litigation in its December 20, 2012 Transfer Order establishing MDL No. 2416 (Dkt. No. 1): *Martin v. Leading Edge Recovery Solutions, LLC*, C.A. 1:11-cv-05886 (N.D. Ill.) (the "*Mack* Action"), *Amadeck et al. v. Capital One Financial Corp. and Capital One Bank (USA) NA*, C.A. 1:12-cv-10135 (N.D. Ill.) (the "*Amadeck* Action"), and *Patterson v. Capital Management Services, LP and Capital One Bank (USA) N.A.*, C.A. 1:12-cv-01061 (N.D. Ill.) (the "*Patterson* Action"). These three cases were consolidated into a master docket, case number 12 C 10064, and a single consolidated Master Class Action Complaint was filed in this court on February 28, 2013 (Dkt. No. 19), which was amended on June 13, 2014 (Dkt. No. 120) (referred to hereafter as the "Class Action Litigation"). The Class Action Litigation was brought by Class Representatives Bridgett Amadeck, Tiffany Alarcon, Charles C. Patterson, David Mack, and Andrew Kalik ( "Class Representatives"), individually and on behalf of all others similarly situated ("Class Plaintiffs") against Defendants Capital One Bank (USA), N.A., Capital One, N.A., Capital One Financial Corporation, Capital One Services, LLC, and Capital One Services II, LLC (collectively, "Capital One"); Capital Management Services, LP ("CMS"); Leading Edge Recovery Solutions, LLC ("Leading Edge"); and AllianceOne Receivables Management, Inc. ("AllianceOne"). CMS, Leading Edge, and AllianceOne are collectively the "Participating Vendors." Together with Capital One, they are the "Defendants." Based on this court's review of the Parties' Amended Settlement Agreement and Release (Dkt. No. 131) ("Class Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

- 1 -

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this order shall have the meanings ascribed to them in the Class Settlement Agreement. (Dkt. No. 131-1.)

2.     <u>Jurisdiction</u>. The court has jurisdiction over the subject matter of the Class Action Litigation.

3.     <u>Scope of Settlement</u>. The Class Settlement Agreement resolves all claims alleged in the Amended Consolidated Master Class Action Complaint filed in the Northern District of Illinois on June 13, 2014. *See In re Capital One Telephone Consumer Protection Act Litigation*, MDL No. 2416, Master Docket No. 1:12-cv-10064 (Dkt. No. 120). The Amended Consolidated Master Class Action Complaint (Dkt. No. 120) supersedes all complaints filed in the *Mack*, *Amadeck*, and *Patterson* Actions and in this consolidated action is the controlling class action complaint in MDL 2416.

4.     <u>Preliminary Approval of Proposed Class Settlement Agreement</u>. The court has conducted a preliminary evaluation of the Class Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the court finds that: (i) the Class Settlement Agreement is fair, reasonable, and adequate, and within the range necessary for preliminary approval; (ii) the Class Settlement Agreement appears to have been negotiated, as far as this court can discern, in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Class Settlement Agreement to all class members for their consideration and reaction (Exs. B1, B2, and B3 to the Class Settlement Agreement), that notice is appropriate and warranted. Therefore, the court grants its preliminary approval.

5.    <u>Class Certification for Settlement Purposes Only</u>. The court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Class Action Settlement only, the class ("Settlement Class"):

> All persons within the United States who received a non-emergency telephone call from Capital One's dialer(s) to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from January 18, 2008, through June 30, 2014, and all persons within the United States who received a non-emergency telephone call from a Participating Vendor's dialer(s) made on behalf of Capital One to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from February 28, 2009, through June 30, 2014. Excluded from the Settlement Class are Defendants and any affiliate or subsidiary of Defendants, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

6.    In connection with this conditional certification, the court makes the following preliminary findings:

(a)    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Class Action Settlement should be approved;

(c)    Class Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)    Class Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Class Action Settlement;

(e)    For purposes of determining whether the Class Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over

questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representatives</u>. The court appoints as Class Representatives of the Settlement Class the persons listed as Class Representatives in the introductory paragraph of this order pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>. The court appoints Lieff, Cabraser, Heimann & Bernstein, LLP, and Terrell Marshall Daudt & Willie PLLC, as Lead Class Counsel; Keogh Law, Ltd., as Class Liaison Counsel; and Williamson & Williams, Meyer Wilson Co., LPA, and Burke Law Offices, LLC, as Additional Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>. At 11:00 a.m. on December 9, 2014, in courtroom 1801 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, the court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Class Settlement Agreement and to determine whether (i) final approval of the Class Settlement embodied by the Class Settlement Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiffs should be granted, and in what amount. No later than September 29, 2014, Class Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards, if any, to the Class Representatives. No later than November 18, 2014, which

is twenty-one (21) days prior to the Final Approval Hearing, Class Counsel must file papers in support of final approval of the Class Action Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Class Action Settlement, so long as they do so no later than November 18, 2014.

10.     <u>Settlement Claims Administrator</u>. Pursuant to the Class Settlement Agreement, BrownGreer PLC ("BrownGreer") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Class Settlement Agreement and this Order.

11.     <u>Class Notice</u>. The court approves the proposed Notice Plan for giving notice to the Settlement Class directly (using e-mail and post cards), through publication via an online media campaign, and through the establishment of a Settlement Website (www.CapitalOneTCPAClassSettlement.com), as more fully described in the Class Settlement Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than August 28, 2014, in accordance with the terms of the Class Settlement Agreement.

12.     The Claims Administrator will file with the court by no later than November 18, 2014, which is twenty-one (21) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Class Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

13.     <u>Objection and Op-Out Deadline</u>. Settlement Class Members who wish to either object to the Settlement or opt out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of October 27, 2014, both of which are sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

14.     <u>Exclusion from the Settlement Class</u>. To file a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) at which the Settlement Class Member alleges he or she received a call from one of the Defendants, and must state that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

15.     If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Class Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

16.     All Settlement Class Members who do not opt out by filing a Request for Exclusion by October 27, 2014 in accordance with the terms set forth in the Class Settlement

Agreement will be bound by all determinations and judgments concerning the Class Settlement Agreement.

17.     <u>Objections to the Settlement</u>. To object to the Class Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call from one of the Defendants, and must state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. No Objection will be valid unless all of the information described above is included. Copies of all papers filed with the court must be delivered by the objector to Class Counsel and counsel for each of the Defendants on the same day. The court will determine on a properly noticed motion, if necessary, whether any counsel may depose any objector to assess whether the objector has standing.

18.     If a Settlement Class Member does not submit a written Objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the court; (ii) serve a copy upon Class Counsel and Counsel for each of the Defendants no later than the Objection Deadline; and (iii) comply with all other requirements of the court for such an appearance.

19.     Any Settlement Class Member who fails to comply with Paragraphs 17 and 18 (and as detailed in the Notice) will not be permitted to object to the Class Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Class Settlement Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

20.     Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Class Settlement Agreement, this Preliminary Approval Order, and the court's flexibility and authority to effectuate the Class Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 13 and 14 of the Order.

21.     The provisions of Paragraph 20 do not apply to the non-class cases consolidated within *In re Capital One Telephone Consumer Protection Act Litigation*, MDL No. 2416,

Master Docket No. 1:12-cv-10064, (the "Individual Case(s)"). A pretrial discovery schedule will be set separately for the Individual Cases. Nothing herein will prevent the parties to any Individual Case from settling or dismissing an Individual Case.

22.     If the Class Action Settlement is not approved or consummated for any reason whatsoever, the Class Action Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Representatives to assert any right or position that could have been asserted if the Class Settlement Agreement had never been reached or proposed to the court, except insofar as the Class Settlement Agreement expressly provides to the contrary. In such an event, all parties will return to the *status quo ante* in the cases that are coordinated with MDL 2416 and the certification of the Settlement Class will be vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

23.     No Admission of Liability. The Class Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims. Evidence relating to the Class Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, in any action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Class Settlement Agreement, this Order, and the Final Order of Dismissal.

24.     Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Class Settlement that are not materially inconsistent with this Order or the Class Settlement

Agreement, including making, without further approval of the court, minor changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The court reserves the right to approve the Class Settlement Agreement with such modifications, if any, as may be agreed to by the parties without further notice to the members of the Settlement Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| August 28, 2014 | Deadline to Provide Settlement Class Notice |
|---|---|
| September 29, 2014 | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| October 27, 2014 | Deadline for Settlement Class Members to file Objections or submit Requests for Exclusion |
| November 18, 2014 | Deadline for Parties to File the Following:<br>(1) List of Settlement Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Settlement Class Notice and CAFA Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| November 26, 2014 | Deadline for Settlement Class Members to Submit a Claim Form |
| December 9, 2014, at 11:00am | Final Approval Hearing in Courtroom 1801 |

ENTER:

James F. Holderman

JAMES F. HOLDERMAN
United States District Court Judge

Date:   July 29, 2014

- 10 -