**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT, L.P., and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-01061 |
| JEFFREY T. COLLINS,<br><br>        Objector. | |

**OBJECTOR JEFFREY T. COLLINS' MOTION TO LIFT STAY FOR LIMITED
DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT**

## INTRODUCTION

On August 25, 2014, Objector Jeffrey T. Collins filed an objection to the class settlement arguing that the $22.6 million in attorneys' fees available under the settlement was unreasonable. *See* Collins Objection, Dkt. 143 at 1. On September 29, 2014, plaintiffs filed their Motion for Award of Attorneys' Fees and for Service Awards to the Class Representatives ("Fee Request") arguing that the requested $22.6 million was market rate and reasonable in light of the litigation risk assumed by class counsel. *See* Fee Request, Dkt. 176 at 13, 17. Missing from class counsel's Fee Request, however, is critical information necessary to fully analyze the reasonableness of the requested fee.

The court previously ordered that all discovery for the class cases in the MDL be stayed pending mediation. *See* Order dated April 12, 2013 (Dkt. 39).[1] Accordingly, Objector Collins moves the court to lift the stay to discover the information necessary to fully analyze the Fee Request. The proposed discovery is limited in scope regarding class counsel's lodestar and litigation risk. Specifically, Interrogatory One seeks information regarding the lodestar incurred in these proceedings, *see* Collins' Proposed Interrogatory Requests ("Proposed Interrogatories") at 5 (attached at Exhibit 1), information that the Seventh Circuit says is necessary to comply with Rule 23(h), *see Redman v. RadioShack*, ---F.3d---, 2014 U.S. App. LEXIS 18181, *37-*38 (7th Cir. Sept. 19, 2014); *see also* N.D. Ill. Local Rule 54.3(d) (movant seeking attorneys' fees must provide, upon request by responding party, "time and work records" and "the hours for which compensation will and will not be sought").

Interrogatories Two and Three (Proposed Interrogatories at 5) seek to discover information regarding class counsel's argument that the Fee Request is reasonable because it involves "real" risk. *See* Fee Request, Dkt. 176 at 20. Class counsel cites other cases involving alleged violations of Telephone Consumer Protection Act ("TCPA") that class counsel had previously lost. *See* Fee Request, Dkt. 176 at 20. But Objector Collins (and this court) cannot undertake any meaningful review of that risk without information as to how many TCPA cases class counsel has lost (and won) and the financial risk involved in those cases. Accordingly, the court should permit the limited discovery that

---

[1] The court allowed confirmatory discovery until May 23, 2014. *See* Order dated April 22, 2014 (Dkt. 102).

Objector Collins seeks because it is minimal, narrowly-tailored to seek the information relevant to his objection, and will not cause delay of these proceedings.

## ARGUMENT

I. **Objector Collins is entitled to limited discovery regarding class counsel's lodestar and alleged litigation risk to fully permit analysis under Rule 23(h).**

While an objector's right to discovery is not absolute, depriving objectors of discovery relevant to the fairness of the settlement is an abuse of discretion. *See In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979) (holding district court abused its discretion in "refus[ing] to permit discovery" into settlement negotiations). Other circuits agree: "[A]n approval of a class action settlement offer by a lower court must be overturned if that court acted without [knowledge of] sufficient facts concerning the claim or if it failed to allow objectors to develop on the record facts going to the propriety of the settlement." *Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (internal quotations omitted); *accord Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Cohen v. Young*, 127 F.2d 721, 726 (6th Cir. 1942). *See also* Newberg on Class Actions § 11:57 (4th ed.) ("[P]rior discovery … most probably will not supply the objector with the material necessary to support an attack on the proposed settlement" so "the objector must secure evidence through *independent discovery*.") (emphasis added).

Here, Collins seeks limited discovery regarding class counsel's fee request because the record is insufficient. "Because class actions are rife with potential conflicts of interest between class counsel and class members … district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004). "As a fiduciary for the class, the district court must act with a jealous regard to the rights of those who are interested in the fund in determining what a proper fee award is. Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2011) (internal quotations omitted). The district court may allow objectors discovery to defend such interests:

> Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and *adequately-tested, information to evaluate the reasonableness of a proposed fee*.

*Id.* at 994 (emphasis added); *see also Bowling v. Pfizer, Inc.*, 159 F.R.D. 492, 498 (S.D. Ohio 1994) (granting objectors' motion for discovery regarding attorneys' fees); *In re Master Key Antitrust Litigation*, MDL No. 45, 1977 U.S. Dist. LEXIS 12948, *3 (D. Conn. 1977) (noting that it had continued "the hearing for a month to allow objectors an opportunity to engage in discovery to test the fee petitions"); *State v. Levi Strauss & Co.*, 715 P.2d 564, 578 (Cal. 1986) (noting that discovery should have been allowed by trial court because "record lacked information that was essential to the court's assessment of the distribution plan").

Rule 23(h) contemplates as much. The Advisory Committee Notes instruct that the court may permit "objector discovery relevant to the objections." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶ 69; see also 5 Moore's Federal Practice § 23.124[4] (Matthew Bender 3d ed. 2009) (objectors should receive "an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request").

Permitting discovery is even more important when "lead counsel has not conducted adequate discovery or if the discovery conducted by lead counsel is not made available to objectors." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005); *Pallister v. Blue Cross & Blue Shield of Mont., Inc.*, 285 P.3d 562, 569-70 (Mont. 2012) (explaining that because "objectors' efforts to obtain information … were stymied at every critical turn," the lower court's "order denying the request for discovery that [objector] had failed to show independent evidence of unfairness begs the question of just how such evidence could be obtained in such a closed proceeding").

Objector discovery is particularly appropriate here because the settlement's structure prevents defense lead counsel from seeking the requested discovery. The settlement here has a "clear sailing" provision permitting class counsel to request up to $22.6 million in fees (30% of the $75,455,098.74 Settlement Fund) without challenge from the defendants. *See* Amended Settlement Agreement and

Release, Dkt. 131-1, ¶ 5.01. "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991); *Redman*, 2014 U.S. App. LEXIS 18181, at *36 (deeming clear-sailing provisions as "questionable"). The clause "suggests, strongly," that its associated fee request should go "under the microscope of judicial scrutiny." *Weinberger*, 925 F.2d at 525. The clear sailing clause lays the groundwork for lawyers to "urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red carpet treatment on fees." *Id.* at 524; *accord In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011); *cf. White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974) ("[O]bjectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements."). By negotiating a provision that insulated class counsel's fees from challenge by defendants, this Court is deprived of an adversarial process—including vital factual development—regarding the reasonableness of class counsel's request.

Because defendants are contractually precluded from challenging class counsel's $22.6 million request, the record regarding fees (Rule 23(h)) consists merely of class counsel's two unexamined, self-serving declarations. *See* Declaration of Jonathan D. Selbin, Dkt. 177; Declaration of Alexander H. Burker, Dkt. 177-2. "Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stages," there is no one to protect the class members' interests by testing plaintiffs' submissions. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). The record regarding fees is not sufficiently developed. If objectors cannot seek discovery to develop the record regarding such submissions, no one will, and the fairness hearing becomes mere pretense. *Cf. In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 743-44 (3d Cir. 2001) ("[T]he contribution a particular class member's attorney [can make], by providing an adversarial context in which the district court could evaluate the fairness of attorneys' fees, [is] substantial.") (quoting *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999)).

The record regarding class counsel's 23(h) fee request is insufficient and factual development is vital in two significant respects: (1) class counsel requests $22.6 million, but the Fee Request is

devoid of any information regarding class counsel's lodestar in these proceedings; and (2) class counsel's submissions include no evidence to support their claim that this case involved "real risk."

> A. **The court should grant discovery regarding class counsel's lodestar because *Redman v. Radioshack* requires such information to be disclosed to objectors.**

Collins seeks to discover information regarding class counsel's lodestar incurred in these proceedings. *See* Proposed Interrogatories at 5. Recently, the Seventh Circuit explained why such information should be disclosed to objectors to comply with Federal Rule of Civil Procedure 23(h). In *Redman v. Radioshack,* class counsel did not submit their motion for attorneys' fees until after the deadline for objections to the settlement had expired. 2014 U.S. App. LEXIS 18181, at *37-*38 (7th Cir. Sept. 19, 2014). Judge Posner explained that there was "no excuse" for this violation of Rule 23(h):

> From reading the proposed settlement the objectors knew that class counsel were likely to ask for $1 million in attorneys' fees, but they were handicapped in objecting because the details of *class counsel's hours and expenses* were submitted later, with the fee motion, and so they did not have all the information they needed to justify their objections.

*Id.* at *37-*38 (emphasis added); *see also* Rubenstein, 3 Newberg on Class Actions § 8:24 (5th ed. 2014) ("[C]lass members ought to have the opportunity to review the full fee motion and object to it in writing, particularly in common fund cases where they are paying the fee themselves. Knowing the level of the fee alone is a weak substitute for reviewing the full fee petition as the latter ought to provide more detail about counsel's time and efforts, precisely the detail that would make the opportunity to object meaningful."). Because the Fee Request here contained no information on class counsel's lodestar, Objector Collins, like the objectors in *Redman*, has been handicapped from fully analyzing the Fee Request. To fully comply with Rule 23(h), *Redman* requires class counsel to disclose their lodestar in these proceedings.

Class counsel seeks 30% of the $75 million Settlement Fund. *See* Fee Request, Dkt. 176 at 1. "A proper attorneys' fee award is based on success obtained *and* expense (including opportunity cost of time) incurred." *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 687 (7th Cir. 2008) (citing *Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 435-37 (1983); *Cole v. Wodziak*, 169 F.3d 486, 487-88 (7th Cir. 1999)); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284, 286

(7th Cir. 2002) ("To conceal the application and in particular their bottom line paralyzes objectors, even though inflated attorneys' fees are an endemic problem in class action litigation and the fee applications of such attorneys must therefore be given beady-eyed scrutiny by the district judge."). Even when a fee request is based on a percentage-of-recovery, lodestar information is vital in assessing the reasonableness of requested attorneys' fees.

In *Williams v. Rohm & Haas Pension Plan*, the district court required class counsel to submit lodestar data (summaries of hours worked for each legal professional and their hourly rates) for purposes of performing a cross-check. 2010 U.S. Dist. LEXIS 54414, at *2 (S.D. Ind. Jun. 1, 2010). Class counsel argued that such information was irrelevant in light of the Seventh Circuit's approach of *ex ante* determination of a market-based fee award. *Id.* The district court rejected class counsel's argument; the lodestar cross-check was valuable in the *ex ante* approach because "any law firm engaged in such *ex ante* negotiations would attempt to estimate the opportunity costs of the engagement by calculating the number of hours likely required for a particular litigation compared to some other investment of their time and efforts." *Id.* at *4-*5 (citing *In re Trans Union Corp. Privacy Litig.*, 2009 U.S. Dist. LEXIS 116934, *16-*17 (N.D. Ill. Dec. 9, 2009) (utilizing lodestar data for purposes of cross-check)).[2] "The Court cannot approve a windfall in terms of attorneys fees, and presumes that

---

[2] *See also Hershey v. ExxonMobil Oil Corp.*, 550 Fed. Appx. 566, 573-74 (10th Cir. 2013) (attorney fee request requires evidentiary support) (citing Manual for Complex Litigation, supra, § 21.724, at 338 ("The party seeking fees has the burden of submitting sufficient information to justify the requested fees and taxable costs.")); Procedural Guidance for Class Action Settlements, *available at* http://cand.uscourts.gov/ClassActionSettlementGuidance ("All requests for approval of attorneys' fees awards must include detailed lodestar information, even if the requested amount is based on a percentage of the settlement fund."); *Ahdoot v. Babolat*, 2014 U.S. Dist. LEXIS 124115 (C.D. Cal. Sept. 4, 2014) (requiring class counsel to submit lodestar information where class counsel sought percentage-based award); *Lizondro-Garcia v. Kefi LLC*, 2014 U.S. Dist. LEXIS 143165, at *22-*23 (S.D.N.Y. Oct. 7, 2014) (same; requiring submission billing records to allow a "determination as to the reasonableness" of the fees).

In *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011), objectors argued that the district court did not give enough weight to the lodestar cross-check, but the Seventh Circuit found no abuse of discretion where the district court had considered "lodestar data before assessing fees" and decided that the percentage award best replicated the market rate. As in *Williams*, even if a certain lodestar cap is not required, the details of class counsel's lodestar should be disclosed and analyzed. *See also Steinfeld v. Discover Fin. Servs.*, 2013 U.S. Dist. LEXIS 91429, at *5 (N.D. Cal. June 27, 2013) ("In the absence of any analysis and evidence

negotiation between competent counsel and a knowledgeable consumer of legal services would not result in one." *Id.* at *5; *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011) (crosscheck is used to "confirm that a percentage of recovery amount does not award an exorbitant hourly rate") (quoting *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 785, 821 n.40 (3d Cir. 1995)); Brian Wolfman & Alan B. Morrison, Representing the Unrepresented in Class Actions Seeking Monetary Relief, 71 N.Y.U. L. Rev. 439, 503 (1996) (calling crosscheck "essential"). *See also Stumpf v. PYOD, LLC*, 12-C-4688, 2013 U.S. Dist. LEXIS 152093, at *13 (N.D. Ill. Oct. 23, 2013) (reasoning that lodestar multiplier should be a reflection of the "probability of success at the inception of the case" and not "the result of mathematical happenstance.").

Finally, local rules also contemplate submission of lodestar data. Northern District of Illinois Local Rule 54.3 requires that before seeking attorneys' fees, the movant, upon request from the responding party, "shall provide the respondent with the time and work records on which the motion will be based, and shall specify the hours for which compensation will and will not be sought," and "inform the respondent of the hourly rates that will be claimed for each lawyer, paralegal, or other person." N.D. Ill. LR 54.3(d)(1) and (d)(2).

Collins is not seeking to perform a line-by-line review of class counsel's billing entries in these proceedings. Collins' proposed Interrogatory One is narrowly tailored to discover only a summary of class counsel's lodestar—the total number of hours worked for each legal professional and their hourly rates, *see* Proposed Interrogatories at 3, 5—which information is necessary to analyze the Fee Request.

### B. Interrogatories Two and Three seek information regarding the actual risk assumed by class counsel.

Objector Collins seeks information regarding class counsel's argument that they assumed "real" risk in prosecuting this case. *See* Fee Request at 20. "The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re*

---

regarding the lodestar method, the Court is precluded from exercising its discretion over which method to employ.")

*Synthroid Mktg. Litig.*, 264 F.3d 712, 721 (7th Cir. 2001). While class counsel cites to other TCPA cases they have lost, *see* Fee Request at 20, those cases viewed in isolation do not provide the necessary information to quantify the actual risk assumed. *Cf. Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("But the principal analytical flaw in counsel's argument lies in their assumption that there is a substantial contingency risk in every common fund case. … At least one empirical study has concluded that "there appears to be no appreciable risk of non-recovery" in securities class actions, because "virtually all cases are settled.") (citing Janet Cooper Alexander, Do the Merits Matter? A Study of Settlements in Securities Class Actions, 43 Stan. L. Rev. 497, 578 (1991)). In *Goldberger*, the Second Circuit expressed concern that "attorneys in these cases are routinely overcompensated for such things as contingency risk." 209 F.3d at 57.

    While this is a TCPA case, not a securities case, the same may prove true here. Collins believes the information he seeks—lodestar and expense information for TCPA cases class counsel has won and lost, *see* Proposed Interrogatories at 5—will demonstrate that class counsel is being overcompensated for the actual risk they assumed. The number of TCPA cases *alone* (without the lodestar information) is insufficient for analyzing such risk. The results of the TCPA cases are not happenstance. Class counsel has some sense which cases are likelier to succeed than others—and can invest more lodestar time in the cases more likely to result in settlement. An analogy from a different type of risk strategy is apropos. In blackjack, a card counter can make money because she varies her bets as she keeps track of the cards that have been played. If the remaining playable deck is filled with low cards, she knows her odds are worse, and she bets less money or leaves the table; but if the remaining playable deck is filled with high cards and aces, she know that the odds are in her favor and should make larger bets. Similarly, any hedge-fund manager will describe her portfolio of risky investments, and tell you that she invests more money on the investments that are most likely to pay off. *Cf. generally* J.L. Kelly, Jr., A New Interpretation of Information Rate, 35 Bell System Tech. J. 917 (1956) (mathematical formulation of this optimization principle, the "Kelly criterion").

    Plaintiffs' attorneys can pick and choose which cases to put resources into, and will naturally choose the cases that are more likely to have a large settlement—just like a blackjack player will double

down on an 11, but not on a 12. Like any rational economic actor, class counsel is unlikely to devote tens of thousands of hours to a case and be unable to settle. The decision to invest an hour of an attorney's time is made on an ongoing basis as the case continues—and the decision to invest time is considerably less risky after a motion to dismiss or motion for summary judgment is resolved favorably than before. Understanding the lodestar class counsel invested in previous cases they have lost compared to the lodestar received in successful cases will demonstrate whether class counsel is being overcompensated for the risk they purportedly assumed here.

Furthermore, the Supreme Court has spoken out against the use of multipliers; the law has a "strong presumption that the lodestar is sufficient" without an enhancement multiplier. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010). A lodestar enhancement is justified only in "rare and exceptional" circumstances where "specific evidence" demonstrates that an unenhanced "lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1673. "[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant." *Id. Kenny A*'s limitation on enhancements was made in the context of interpreting 42 U.S.C. § 1988's language of "reasonable" fee awards, but there's little justification for claiming that "reasonable" in § 1988 means something different than "reasonable" in class actions made under Fed. R. Civ. P. 23(h). *See, e.g., In re Pet Food Prods. Liab. Litig.,* 629 F.3d 333, 361 (3d Cir. 2010) (Weis, J. concurring/dissenting) (referring to *Kenny A* as an "analogous statutory fee-shifting case"); *Weeks v. Kellogg Co.*, No. 09-cv-8102, 2011 U.S. Dist. LEXIS 155472, at *129-*135 & n.157 (C.D. Cal. Nov. 23, 2011) (citing *Kenny A* and finding "little basis for an application of a multiplier" when calculating lodestar cross-check); *cf. also Winston & Strawn LLP v. FDIC*, 894 F. Supp. 2d 115, 130 (D.D.C. 2012) (rejecting argument attempting to confine *Kenny A* to federal statutory fee shifting awards). Information regarding the actual risk assumed by class counsel will allow the court to determine if the Fee Request complies with the confines set forth in *Kenny A*.

Objector Collins seeks to discover information regarding class counsel's unsubstantiated claim that they have assumed real risk in prosecuting these cases. Collins' proposed Interrogatories Two and Three are narrowly tailored and limited in scope because the requests are limited to cases involving

TCPA claims that were filed in the last four years, *see* Proposed Interrogatories at 2, 3, 5. With the information Objector Collins seeks, the actual risk assumed by class counsel can be quantified and Objector Collins believes the data will show that class counsel are being overcompensated.

**II.     The limited discovery Objector Collins seeks will not delay these proceedings.**

The fairness hearing is scheduled for December 9, 2014. *See* Preliminary Approval Order, Dkt. 137 at 10. If the court lifts the stay and permits the proposed discovery to be served on plaintiffs, plaintiffs will have 30 days to respond pursuant to Federal Rule of Civil Procedure 33(b). If the stay is lifted and the discovery is served before November, Objector Collins would have sufficient time to review and respond to the information prior to the December 9 fairness hearing. Accordingly, the limited discovery Objector Collins seeks will not cause delay in these proceedings.

## CONCLUSION

Before this Motion was filed, notice of the fact that a request to lift the stay and a copy of this Motion in draft form were provided to counsel of record for all parties. Defendants Capital One, Capital Management Systems LP, Leading Edge Recovery Solutions, LLC, and AllianceOne Receivables Management, Inc. take no position on the Motion. *See* Holyoak Declaration (attached at Exhibit 2) ¶ 4. Plaintiffs oppose the Motion. *See id.*

Objector Collins respectfully moves the Court to lift its Order to Stay (Dkt. 39) to permit limited discovery regarding class counsel's lodestar and litigation risk.

Dated: October 17, 2014.          /s/ Melissa A. Holyoak
                                  Melissa A. Holyoak, (DC Bar No. 487759)
                                  CENTER FOR CLASS ACTION FAIRNESS
                                  1718 M Street NW, No. 236
                                  Washington, DC 20036
                                  Phone: (573) 823-5377
                                  Email: melissaholyoak@gmail.com

                                  *Attorneys for Objector Jeffrey T. Collins*

**CERTIFICATE OF SERVICE**

    The undersigned certifies she electronically filed the foregoing Motion to Lift Stay for Limited Discovery and Memo in Support via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she caused to be served via First-Class mail a copy of this Motion to Lift Stay for Limited Discovery and Memo in Support upon the following:

| | |
|---|---|
| Andre Verdun<br>Crowley Law Group<br>401 West "A" Street, Suite 925<br>San Diego, CA 92101<br><br>Chelsea Hamill<br>Doll Amir and Eley LLP<br>1888 Century Park East, Suite 1850<br>Los Angeles, CA 90067<br><br>Christy T. Nash<br>Burr & Forman LLP<br>Suite 3200<br>201 N. Franklin St.<br>Tampa, FL 33602<br><br>Darren Sharp<br>Armstrong Teasdale LLP<br>2345 Grand<br>Suite 2000<br>Kansas City, MO 64108<br><br>George C Bedell<br>Lash & Wilcox, PL<br>4401 W. Kennedy Blvd., Suite 210<br>Tampa, FL 33609 | Jeanne Lahiff<br>Sleemi Law Firm<br>2001 Route 46<br>Suite 310<br>Parsippany, NJ 07054<br><br>Kenneth Grace<br>Sessions Fishman Nathan & Israel LLC<br>3350 Buschwood Park Drive, Ste 195<br>Tampa, FL 33618-4317<br><br>Marjorie Bergiste<br>10352 Old Winston Ct<br>Lake Worth, FL 33449<br><br>Mitchell B. Levine<br>Fishman McIntyre P.C.<br>12th Floor<br>44 Wall Street<br>New York, NY 10005<br><br>Sarah Nicole Davis<br>Morrison & Foerster<br>425 Market St<br>SF, CA 94105 |

Additionally, she caused to be mailed a courtesy copy of the foregoing via overnight courier addressed to:

Hon. James F. Holderman
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
Room 2516A
219 South Dearborn Street
Chicago, IL 60604

    Dated: October 17, 2014.                       /s/ Melissa A. Holyoak