UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE<br>CONSUMER PROTECTION<br>ACT LITIGATION | ) ) ) ) ) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to: | ) | |
| BRIDGETT AMADECK, et al., | ) ) ) | Case No. 1:12-cv-10135 |
| v. | ) ) | |
| CAPITAL ONE FINANCIAL<br>CORPORATION, and CAPITAL ONE<br>BANK (U.S.A.), N.A. | ) ) ) | |
| This document relates to: | ) ) | |
| NICHOLAS MARTIN, et al., | ) ) ) | Case No. 1:11-cv-05886 |
| v. | ) ) | |
| LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, and CAPITAL<br>ONE BANK (U.S.A.), N.A. | ) ) ) | |
| This document relates to: | ) ) | |
| NICHOLAS MARTIN, et al., | ) ) ) | Case No. 1:12-cv-01061 |
| v. | ) ) | |
| LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, and CAPITAL<br>ONE BANK (U.S.A.), N.A. | ) ) ) | |

OBJECTION OF ANTONIA CARRASCO

## INTRODUCTION

The Class Notice instructs class members on how to object: "[b]e sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel." Objector's full name, address and telephone number are as follows:

>Antonia Carrasco
>16536 South Fox Run Circle
>Plainfield, Illinois 60586
>(779) 206-0888

Objector does not intend on appearing at the fairness hearing in this case either in person or through counsel. The reasons Objector objects are below and, in addition, Objector incorporates by reference all other objections, if any, filed in opposition to this proposed settlement not inconsistent with this objection. Objector also refers the Court to an objection she filed to the proposed TCPA class settlement in *Wilkins v. HSBC*, Case No. 14-190 (United States District Court for the Northern District of Illinois), which raises similar though not identical issues.

Objector is a class member and therefore has standing to make this objection. *See* Exhibit A (Mailed Notice to Ms. Carrasco) ("Capital One's records show you are a member of the Settlement Class"); and (2) Exhibit B (Ms. Carrasco's Claim Form and Receipt); these Exhibits are incorporated by reference as though set forth in full. Objection is made to any requirements to object that are not contained in the Class Notice or that are not satisfied by Objector in this objection. Specifically, objection is made to the extent Ms. Carrasco is required to provide all of her cell numbers that were called by the defendants at issue in this case; Capital One's own records show Ms. Carrasco is a class member and her cell phone number changed

over time.[1] Objector also refers the parties to the records in Capital One's possession showing that Ms. Carrasco is a class member and requests that Capital One provide those records to her through her undersigned counsel.

## SUMMARY OF OBJECTIONS

1. The proposed settlement is not fair, adequate and reasonable because it provides inadequate compensation in general and because it fails to compensate class members based upon the number of automated phone calls they received; and

2. Class Counsel's request for attorneys' fees is excessive and should be denied or, at minimum, substantially reduced.

## PRELIMINARY STATEMENT

This is a proposed common fund settlement of over $75 million to resolve a Telephone Consumer Protection Act ("TCPA") class action against Capital One and related defendants (collectively, "Capital One"). The proposed class includes individuals who:

> (1) received a non-emergency telephone call from Capital One's dialer(s) to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from January 18, 2008, through June 30, 2014,
>
> or
>
> (2) received a non-emergency telephone call made on behalf of Capital One by Leading Edge Recovery Solutions, LLC, Capital Management Systems, LP, or AllianceOne Receivables Management, Inc., to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice in connection with an attempt to collect on a credit card debt from February 28, 2009, through June 30, 2014.

Class Notice at p. 6 (also providing exclusions which are not quoted here).

---

[1] Objector's other former cell numbers include: 630-541-9103, 630-487-7668, 630-947-6392, 630-947-9656, 630-202-6865, 630-701-5020, 331-251-5211, 630-297-9761.

Under the TCPA, prevailing class members would be entitled to a civil penalty of $500 per automated call, more if proof of willfulness can be shown. According to the Class Notice, "[i]t is estimated that Settlement Class Members' Cash Award will be between $20 and $40 per Settlement Class Member, but the final Cash Award amount will depend on the total number of valid and timely claims filed by all Settlement Class Members. Settlement Class Members are entitled to make only one claim." Class Notice at pp. 6-7. Thus, compensation does not vary based on the number of automated calls received by a class member. Rather, "[e]ach Settlement Class Member who makes a valid and timely claim will receive a Cash Award. The amount of each Cash Award will be determined by the following formula: (Total Settlement Fund − Settlement Costs) ÷ (Total Number of Approved Claims) = Cash Award. Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members from the Settlement Fund." Settlement Agreement at para. 4.04.

## OBJECTIONS

**The Proposed Settlement Is Not Fair, Adequate and Reasonable.**

The proposed settlement is not fair, adequate and reasonable because $20-$40 per class member is inadequate and because it fails to compensate class members based upon the number of automated phone calls they received.

A survey of other TCPA cases indicates that $20-$40 per claimant is on the low side as far as compensation. *See, eg., Grannan v. Alliant Law Grp., P.C.*, 2012 WL 216522, *7 (N.D. Cal. Jan. 24, 2012) ($300 to $325 per class member). The proponents of this settlement have the burden of proof on fairness and should provide the Court with all of the claim data on known TCPA settlements. The common fund in this case is very large because the number of class members and the number automated calls are very large. It is actually quite modest when one

compares the civil penalties available under the statute with the proposed compensation per class member. It is likewise modest when one compares other individual class member recoveries in similar class action settlements. *See Grannan, supra.*

Class counsel seeks to get mileage out of the fact that this is a very large common fund – and it is – but that issue is relevant only to an appropriate attorneys' fee (*see* below, it should result in a substantial discount of those fees) and not whether the settlement is fair. What matters on fairness is the size of this settlement on a "per class member" and "per call" basis.

The proposed settlement is also unfair because it does not compensate class members in the way the TCPA does: that is per automated call not per claimant. "It is perfectly fair and reasonable, and indeed common and accepted, for settlement benefits to turn on the strength of class member's claims." *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico on April 20, 2010*, 910 F. Supp.2d 891, 948 (E.D. La. 2012), *aff'd*, 739 F.3d 790 (5th Cir. 2014). Under the proposed settlement, a class member who receives 1,000 automated calls from Capital One receives the same settlement as a class member who receives 1 automated call. Objection is made to the proposed settlement on the grounds that compensation is both inadequate and unfair given the size of each civil penalty available under the TCPA and the lack of proportionality of how the proceeds are distributed based upon the number of calls to each class member. The settlement is unfair and should be disapproved.

**Class Counsel's Fee Request Is Excessive.**

Class counsel's request for attorneys' fees in the amount of 30% of the common fund ($22,636,528) is excessive and should be denied or, at minimum, substantially reduced.

This is a basic - albeit very large - common fund settlement. Because of that, each dollar awarded as attorneys' fee reduces a dollar awarded to the class. Class Counsel's fee request

must be viewed in light of this inherent potential for a conflict of interest with the unnamed members of the class.[2] Class Counsel apparently seeks to justify its fee request solely on the merits of the argument that a 30% fee is fair, adequate and reasonable. Class Counsel should be required to submit their detailed, daily, contemporaneous, non-duplicative (with other TCPA litigation) hours spent in this case for the purpose of conducting a lodestar cross-check against the reasonableness of any proposed percentage fee (or a full-blown lodestar analysis, with a percentage cross-check).

As Class Counsel has observed, the 7th Circuit applies a "market price" analysis to determine the appropriate percentage to apply in making a "percentage of recovery" determination. As explained in Class Counsel's Memorandum in Support of Motion for Attorneys' Fees and for Service Awards to the Class Representatives, "'[t]he Seventh Circuit has instructed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'" *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (collecting cases)." Dkt. #176. (Incidentally, this quotation and much of the memorandum are lifted from the memorandum in support of fees in the HSBC TCPA case (and who knows how many other TCPA cases), thus showing a substantial time saving and economy of scale that should be taken into account in determining a fair fee if this settlement is approved).

Contrary to Class Counsel's suggestion, the "market price" for attorneys' fees in a TCPA class is not and should be considered to be 30%. In *Rose v. Bank of America Corp., et al.*, 2014 WL 4273358 (N.D. Cal. August 29, 2014), attached hereto and incorporated herein by reference

---

[2] For the reasons stated herein, objection is made based upon Class Counsel's conflict of interest with respect to the attorney fee application and based upon their adequacy as counsel. These conflict and adequacy issues are also related to the "clear sailing" provision discussed below.

as Exhibit C, the district court observed:

> The Court compared a number of TCPA class action settlements in which attorneys from the instant case participated: in *Grannan*, 2012 WL 216522, a granted request for 25% of the Settlement Fund reflected a multiplier of 1.47. In *Adams v. AllianceOne, Inc.*, 08–CV–248–JAH (S.D.Cal. Sept. 28, 2012), a granted request for 30% of the Settlement Fund reflected a multiplier of 3.81. In *Arthur v. Sallie Mae, Inc.*, 10–CV–198–JLR (W.D.Wash.), a granted request for 20% of the Settlement Fund reflected a multiplier of 2.59.

*Id.* at *10; *see also Arthur v. Sallie Mae, Inc.*, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012). The average "market price" percentage in these (small) TCPA cases is probably 25% not 30%. In addition, in TCPA cases it is becoming commonplace to require both an analysis of a percentage *and a lodestar*. And even where a percentage such as 25% is awarded, that is a "market price" percentage for a much smaller common fund. Attorneys' fee percentages decrease in class actions as the size of the fund increases. *See, eg.,* Brian T. Fitzpatrick, *An Empirical Study of Class Actions Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811 (2010); *see also In re Synthroid*, 264 F.3d at 721 ("Both negotiations and auctions often produce diminishing marginal fees when the recovery will not necessarily increase in proportion to the number of hours devoted to the case"). Even a 25% fee would be grossly excessive in this case.

But the Court's analysis should not end with a rigid application of a percentage, even a substantially reduced percentage. More analysis should go into determining a "market price" than simply a percentage; it should also require a lodestar cross-check to determine if class counsel really earned their fee.

In *Rose v. Bank of America Corp., et al.*, 2014 WL 4273358 (N.D. Cal. August 29, 2014), a lodestar analysis resulted in fees being reduced from the requested 25% benchmark percentage (slightly in excess of $8 million) to $2,402,243.91 (a 2.59 multiplier). In sum, this Court should

require a lodestar cross-check (or a full-blown lodestar analysis) of fees to ensure Class Counsel does not receive a windfall. In *Americana Art China Co., Inc. v. Foxfire Printing and Packaging, Inc.*, 743 F.3d 243 (7th Cir. 2014), the 7th Circuit recently affirmed a district court's use of the lodestar methodology in determining a reasonable fee in a TCPA class action, that would also be an acceptable methodology to determine fees in this case, perhaps with a percentage of recovery cross-check. If the Court does apply a percentage analysis as the primary tool of analyzing attorneys' fees, it should apply a lodestar cross check. Class counsel has indicated to the Court that they are prepared to submit detailed time records and billing rates. Under the circumstances, the Court should accept that invitation and conduct a lodestar cross-check in this case.

In addition, the Court should also scrutinize fees in this case especially closely due to the presence of a "clear sailing" provision on fees whereby Capital One agreed not to challenge an award of fees of 30% of the common fund. *See* Settlement Agreement at para. 5.01. The Seventh Circuit has recently held clear sailing provisions justify "intense critical scrutiny" of a proposed award of attorneys' fees. *See, eg., Redman v. Radioshack Corp.*, 2014 WL 4654477 at *13 (7th Cir. Sept. 19, 2014). In this case, intense critical scrutiny should require a lodestar cross-check of detailed, contemporaneous hours as well as an analysis of whether those hours were also spent in the pursuit of (and/or being compensated in) other TCPA litigation.

## CONCLUSION

Objector requests that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: October 24, 2014                    Respectfully submitted,

                                                           /s/Peter F. Higgins_____
Peter F. Higgins
Lipkin & Higgins
222 North LaSalle, Suite 2100
Chicago, Illinois 60601
Telephone:   (312) 857-1710
Facsimile:   (312) 857-1711
Email: phiggins@lipkinhiggins.com

Attorneys for Objector/Class Member

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: October 24, 2014

Terrell Marshall Daudt & Willie, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Aaron D. Van Oort
Eileen M. Hunter
Erin L. Hoffman
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901

James K. Shultz
SESSIONS, FISHMAN, NATHAN & ISRAEL LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603-5130

Alan I. Greene
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601

/s/Peter F. Higgins
Peter F. Higgins