# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE<br>CONSUMER PROTECTION ACT<br>LITIGATION | )<br>)<br>)<br>)<br>) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>    v.<br><br>CAPITAL ONE FINANCIAL<br>CORPORATION, and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>    v.<br><br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>    v.<br><br>CAPITAL MANAGEMENT<br>SERVICES, L.P. and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-01061 |

## PLAINTIFFS' OPPOSITION TO OBJECTOR JEFFREY T. COLLINS' MOTION TO LIFT STAY

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION. ............................................................................................. 1

II.     The Serial Objectors' Counsel Lack Credibility...................................................... 2

III.    Class Counsel's Fee Application. ........................................................................... 4

IV.    The Requested Discovery. ...................................................................................... 5

V.      An Attorneys' Fee Based on the Gross Settlement Fund is Well-Supported Under Established Seventh Circuit Law. ................................................................. 5

VI.    Objector Collins Did Not Originally Object on the Basis of Lodestar. ................. 9

VII.   Class Counsel's Lodestar in Other Actions Is Irrelevant to the Risk They Faced in this Action. ............................................................................................ 10

VIII.   In the Alternative, the Court Should Order Production of Class Counsel's Time Records Only to the Court for *In Camera* Review..................................... 13

IX.    CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Beesley v. Int'l Paper Co.*,
   No. 06-cv-703, 2014 U.S. Dist. LEXIS 12037 (S.D. Ill. Jan 31, 2014) .................................... 8

*CE Design, Ltd. v. Prism Bus. Media, Inc.*,
   606 F.3d 443 (7th Cir. 2010) ........................................................................................... 11

*City of Livonia Emples. Ret. Sys. v. Wyeth*,
   No. 07 Civ. 10329 (RJS), 2013 U.S. Dist. LEXIS 113658 (S.D.N.Y. Aug. 7, 2013) ............... 3

*Dennis v. Kellogg Co.*,
   No. 09-cv-1786-L (WMc), 2013 U.S. Dist. LEXIS 163118 (S.D. Cal. Nov. 14, 2013) ........... 3

*Gaskill v. Gordon*,
   942 F. Supp. 382 (N.D. Ill. 1996), *aff'd* 160 F.3d 361 (7th Cir. 1998) ..................................... 7

*In re Comdisco Sec. Litig.*,
   150 F.Supp.2d 943 (N.D. Ill. 2001) ...................................................................................... 8

*In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*,
   No. 09 C 7670; MDL 2103, 2011 U.S. Dist. LEXIS 157910 (N.D. Ill. Nov. 30, 2011) ........ 1, 9

*In re Law Office of Jonathan E. Fortman, LLC*,
   No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903 (E.D. Mo. Feb. 1, 2013) ........................... 3

*Lonardo v. Travelers Indem. Co.*,
   706 F. Supp. 2d 766 (N.D. Ohio Mar. 31, 2010) .................................................................... 3

*Martin v. Caterpillar Inc.*,
   No. 09-cv-1009, 2010 U.S. Dist. LEXIS 145111 (C.D. Ill. Sept. 10, 2010) ........................... 7

*Perdue v. Kenny A*,
   130 S. Ct. 1662 (2010) ...................................................................................................... 12

*Redman v. Radioshack Corp.*,
   2014 U.S. App. LEXIS 18181 (7th Cir. Sept. 19, 2014) ................................................. 7, 8, 9

*Swedish Hosp. Corp. v. Shalala*,
   1 F.3d 1261 (D.C. Cir. 1993) ............................................................................................... 7

*Vought v. Bank of Am., N.A.*,
   901 F. Supp. 2d 1071 (C.D. Ill. 2012) ................................................................................... 8

*Will v. Gen. Dynamics Corp.*,
   No. 06-698, 2010 U.S. Dist. LEXIS 123349 (S.D. Ill. Nov. 22, 2010) ................................... 8

*Williams v. Gen. Elec. Capital Auto Lease*,
   No. 94 C 7410, 1995 U.S. Dist. LEXIS 19179 (N.D. Ill. Dec. 20, 1995) ................................ 8

**TABLE OF AUTHORITIES**
(continued)

Page

**Statutes**

28 U.S.C.S. § 2342.................................................................................................... 11

**Rules**

Newberg on Class Actions § 14:6 (4th Ed. 2002) ........................................................ 6

**Treatises**

Local Rule 54.3(d) ................................................................................................... 2, 9

Local Rule 7-12........................................................................................................ 12

I.     **INTRODUCTION.**

After three years of complex litigation, this Court preliminarily approved a proposed

class action settlement requiring significant business practice changes by defendants Capital One

Bank (USA) N.A., Capital One, N.A., Capital One Financial Corporation, Capital One Services,

LLC, Capital One Services II, LLC (collectively, "Capital One"), as well as a $75,455,098.74

all-cash common fund – the largest settlement in the 22-year history of the Telephone Consumer

Protection Act ("TCPA").  To ensure efficient management of the MDL litigation before it and

focus the parties' attention on issues relevant to whether the Court should approve the Settlement

as fair, adequate, and reasonable, the Court issued a discovery stay.

Over 900,000 class members to date have signaled their approval of the settlement by

submitting claim forms.  A single objector seeks to lift the Court-ordered stay to obtain

information on Class counsel's lodestar in this and other actions.  Objector Jeffrey T. Collins is

represented by professional objectors' counsel, the Center for Class Action Fairness, who

repeatedly object to class settlements based not upon the particular facts or circumstances of the

case at bar, but upon preconceived notions about class actions generally and a desire to change

controlling law.  Objector Collins' discovery request is irrelevant for four separate reasons.

First, under Seventh Circuit authority, Class counsel's lodestar is not required to evaluate

their request for a percentage of this common fund settlement.  Indeed, Objector Collins' own

counsel has admitted – in at least three separate filings – that consideration of counsel's lodestar

is *not* proper in evaluating a proposed class action settlement and that attorney fees should be

based on a percentage of the fund.  This is the favored approach in the Seventh Circuit.  *See, e.g.*,

*In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, No. 09 C 7670; MDL 2103,

2011 U.S. Dist. LEXIS 157910, at *9 (N.D. Ill. Nov. 30, 2011) (rejecting objector's request to

review billing hours, noting that "[t]he approach favored in the Seventh Circuit is to compute

attorney's fees as a percentage of the benefit conferred upon the class"). Objector Collins' discovery request therefore relies upon a misunderstanding of basic class action jurisprudence in this Circuit. Objector Collins is also wrong about Local Rule 54.3(d), which, by its plain terms, does not apply to common fund settlements like the one here.

Second, Class counsel's lodestar in other actions is not relevant to whether they faced risk in this action. Class action litigation is not blackjack and each case is unique. Class counsel have a fiduciary duty to the proposed class in all cases and Seventh Circuit authority does not permit them to "fold" or "double down" in any case.

Third, the lodestar information that Objector Collins' counsel seeks is not relevant to Objector Collins' original objection, because that objection made no mention of lodestar.

And finally, in the alternative if the Court believes that lodestar information for this case would be helpful to evaluate Class counsel's fee request, because Class counsel's time records contain non-public information that may reveal Class counsel's litigation strategy and work product, they should be submitted only to the Court for *in camera* review.

The professional objectors ignore the fact that Class Counsel obtained a very good result for the Class despite the very real risk of facing an adverse ruling at class certification or on the merits. Plaintiffs respectfully submit that the Court may properly evaluate that Settlement on the ample record before it and that Objector Collins' request to lift the discovery stay should be denied.

## II.     The Serial Objectors' Counsel Lack Credibility.

Class Counsel recognize that objectors can provide genuine assistance to the parties, the Court, and class members by identifying problems in a proposed settlement. At times, however, "serial" or "professional" objectors file objections to advance their own ideological agenda.

Accordingly, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.,* No. 09-cv-1786-L (WMc), 2013 U.S. Dist. LEXIS 163118, at *11 n.2 (S.D. Cal. Nov. 14, 2013); *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903, at *3 (E.D. Mo. Feb. 1, 2013) (same).

Objector Jeffrey T. Collins is represented by the "Center for Class Action Fairness," a misnomer given that the Center's sole mission is to object to class action settlements, particularly attorneys' fee awards. The group seeks to advance a particular ideological agenda here that is openly hostile to class actions and class action settlements generally, one that bears little or no relation to existing law or, most importantly, the particular facts of the Settlement at issue. The Court should therefore give these objections little weight.

Prior to founding the Center, Mr. Theodore H. Frank was associated with the American Enterprise Institute and Manhattan Enterprise Institute, and he has been a leading advocate of "tort reform." Courts have found Mr. Frank's objections to be "long on ideology and short on law." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 785 (N.D. Ohio Mar. 31, 2010); *see also City of Livonia Emples. Ret. Sys. v. Wyeth,* No. 07 Civ. 10329 (RJS), 2013 U.S. Dist. LEXIS 113658, at *14-15 (S.D.N.Y. Aug. 7, 2013) (finding that objection "to the requested fee (or *any* reasonable fee)" and to "the requested multiplier – or *any* multiplier" was not "grounded in the facts of this case, but in her and her attorney's [Frank's] objection to class actions generally") (emphasis in original). Mr. Frank's objections are often unsupported by case law, and instead advocate new policies and legal reform in line with his own agenda. *See Lonardo*, 706 F. Supp. 2d at 785 ("Mr. Frank filed a supplemental brief in which he conceded that the

Court could grant Class Counsel's Fee petition under applicable Sixth Circuit authority, but nonetheless continued to press [the] objections in an effort to persuade the Court to adopt his own proposals with respect to the proper analysis of fee petitions in class action cases."). Mr. Frank has even been accused of promoting his agenda by taking actions—such as appealing an approved class action settlement—without first obtaining his objector-clients' authorizations to do so. *See In re: Deepwater Horizon – Appeals of the Medical Benefits Class Action Settlement*, No. 13-30221, Document No. 00512451347 (5th Cir. Nov. 22, 2013) (Exh. A to the Hutchinson Decl.) at 12-13 (motion to dismiss appeal filed by new counsel for Mr. Frank's former objector-clients, representing that Mr. Frank's objector-clients terminated Mr. Frank's representation "upon learning of [Mr. Frank's] unauthorized and unapproved actions and conduct taken during the course of their former representation of Appellants in all of these related proceedings").

Of course, the Center for Class Action Fairness is free to promote its political beliefs and agenda by objecting to settlements, if it wishes. Nevertheless, Plaintiffs respectfully submit that the Court should keep this ideological agenda in mind while considering Mr. Collins' objection and discovery request.

## III.    Class Counsel's Fee Application.

A full month before the objection deadline, Class counsel filed a 25-page fee application setting forth, in detail, the complete bases for their attorneys' fee request. Dkt. No. 176. Class counsel premised that fee request exclusively on the percentage-of-the-fund method, not the lodestar method. Class counsel supported that fee request with 70 pages of attorney declarations setting forth their work in this lawsuit and qualifications, with accompanying exhibits. Dkt. Nos. 177, 177-2. Class counsel immediately made this ***382-page*** submission available to all Class

Members on the Settlement Website., where it still remains.[1]  Objector Collins' counsel simply ignores this submission and claims that "the record regarding fees is not sufficiently developed." Dkt. No. 191 at 6.

## IV.    The Requested Discovery.

Objector Collins' counsel seek three categories of information:  (1) Class counsel's lodestar in this action, (2) Class counsel's lodestar and attorneys' fees awarded in other TCPA class action settlements, and (3) Class counsel's lodestar in TCPA class action cases where Class counsel received no attorneys' fees following an adverse ruling.  Objector Collins' Proposed First Set of Interrogatories to Plaintiffs, Dkt. No. 192-2.  Each request therefore seeks non-public, confidential information that may reveal Class counsel's litigation strategy and work product.

## V.    An Attorneys' Fee Based on the Gross Settlement Fund is Well-Supported Under Established Seventh Circuit Law.

As detailed in Class Counsel's Motion for Attorneys' Fees, Dkt. No. 176, the fairest and most efficient way to calculate a reasonable fee where, as here, contingency fee litigation has produced a common fund is by awarding class counsel a percentage of the total fund:

> Attorneys' fees should be based on a percentage of the recovery. "The contingent fee uses private incentives rather than careful monitoring to align the interests of lawyer and client.  The lawyer gains only to the extent his client gains.  This interest-alignment device is not perfect . . . But [an] imperfect alignment of interests is better than a conflict of interests, which hourly fees may create." *Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  *See generally* Charles Silver, *Due Process And The Lodestar Method: You Can't Get There From Here*, 74 TULANE L. REV. 1809 (2000) (citing authorities that show a "broad consensus that percentage-based formulas harmonize the interests of agents and principals better than time-based formulas like the lodestar

---

[1] *See* https://capitalonetcpaclasssettlement.com/Documents/Motion_for_Attorneys'_Fees_And _Class_Representatives'_Awards_(with_exhibits_and_supporting_materials).pdf

approach."). The percentage method "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). In contrast, the "lodestar create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits." *Id.* Both public policy and the clear language of § 1712(a) require fees to be based on actual class recovery.

This language comes not from Class Counsel, but from Objector Collins's own counsel, the Center for Class Action Fairness, in briefing in at least three separate class action cases. Hutchinson Decl., Exhs. B-D, attaching Brief of Objectors Ted Frank and Kimberley Schratwieser, represented by the Center for Class Action Fairness, *In re: HP Inkjet Printer Litigation*, Case No. 5:05-cv-03580-JF (N.D. Cal., Dec. 30, 2010); Brief of Objector Michael Krauss, represented by Center for Class Action Fairness, *In re: Classmates.com Consolidated Litigation*, Case No. C09-00045-RAJ (W.D. Wash., Nov. 18, 2010) (same); Brief of Objector Ted Frank, *In re: Online DVD Rental Antitrust Litigation*, No. 4:09-MD-2029-PJH (N.D. Cal., Feb. 14, 2012), at 7 (same). As Objector Collins' counsel recognizes, there is an important policy reason behind choosing to apply the percentage-of-the-fund method, rather than the lodestar method, in common fund cases such as this one:

> Unlike the lodestar method which can encourage class counsel to devote unnecessary hours to generate a substantial fee, under the [percentage-of-the-fund] method, the more the attorney succeeds in recovering money for the client, and the fewer legal hours expended to reach that result, the higher dollar amount of fee the lawyer earns. Thus, one of the primary advantages of the [percentage-of-the-fund] method is that it is thought to equate the interests of class counsel with those of the class members and encourage class counsel to prosecute the case in an efficient manner.

Newberg on Class Actions § 14:6 (4th Ed. 2002). The percentage-of-the-fund method comports with the legal marketplace, where counsel's success is frequently measured in terms of the

results counsel has achieved. *See Redman v. Radioshack Corp.*, 2014 U.S. App. LEXIS 18181, at *24 (7th Cir. Sept. 19, 2014) ("We have emphasized that in determining the reasonableness of the attorneys' fee agreed to in a proposed settlement, the central consideration is what class counsel achieved for the members of the class rather than how much effort class counsel invested in the litigation."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) (in common fund cases "the monetary amount of the victory is often the true measure of [counsel's] success"). By assessing the amount of the fee in terms of the amount of the benefit conferred on the class, the percentage method "more accurately reflects the economics of litigation practice" which, "given the uncertainties and hazards of litigation, must necessarily be result-oriented." *Swedish Hosp. Corp.*, 1 F.3d at 1269. In addition, it most effectively aligns the incentives of the class members and their counsel and thus encourages counsel to spend their time efficiently, and to focus on maximizing the relief available to the class, rather than their own lodestar hours. *Gaskill v. Gordon*, 942 F. Supp. 382, 386 (N.D. Ill. 1996), *aff'd* 160 F.3d 361 (7th Cir. 1998) (explaining why "the percentage of the fund method provides a more effective way of determining whether the hours expended were reasonable"). It also comports with the established practice in the private legal market to reward attorneys for taking the risk of nonpayment by paying them a premium for successfully resolving contingency fee cases. *See Martin v. Caterpillar Inc.,* No. 09-cv-1009, 2010 U.S. Dist. LEXIS 145111, at *5 (C.D. Ill. Sept. 10, 2010) ("As observed by the Seventh Circuit in *Gaskill v Gordon*, 160 F.3d 361 (7th Cir. 1998), 'it is common place to award the lawyers for the class a percentage of the fund in recognition of the fact that most suits for damages in this country are handled in the plaintiff's side on a contingency fee basis.'"). Finally, it saves the Court the time it would need to spend reviewing billing records. *Gaskill,* 942 F. Supp. at 386. For these reasons, while courts in the

Seventh Circuit have the discretion to elect either the percentage-of-the-fund or the lodestar

methods in determining reasonable fees, the percentage-of-the-fund method is utilized most

often.  *See, e.g.*, *In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 2011 U.S.

Dist. LEXIS 157910, at *9 (rejecting objector's request to review billing hours, noting that "[t]he

approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the

benefit conferred upon the class") (quoting *Williams v. Gen. Elec. Capital Auto Lease,* No. 94 C

7410, 1995 U.S. Dist. LEXIS 19179, at *29 (N.D. Ill. Dec. 20, 1995) (citations omitted)). [2]

Objector Collins' counsel suggests, citing *Redman v. Radioshack Corp.*, 2014 U.S. App.

LEXIS 18181 (7th Cir. Sept. 19, 2014), that lodestar analysis is *always* appropriate in class

action settlements.  But, *Redman* was explicitly clear that analysis of lodestar may be appropriate

where, unlike here, the settlement was brought pursuant to a fee shifting statute and was "all-

coupon," not cash, and therefore "the value of the settlement to the class members is uncertain."

*Redman*, 2014 U.S. App. LEXIS 18181, at *31, *37.[3]  *Redman* is not instructive here because

---

[2] Further, employing a lodestar cross-check "has fallen into disfavor" in the Seventh Circuit.
*Beesley v. Int'l Paper Co.*, No. 06-cv-703, 2014 U.S. Dist. LEXIS 12037, at *10-11 (S.D. Ill. Jan 31, 2014) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Will v. Gen. Dynamics Corp.,* No. 06-698, 2010 U.S. Dist. LEXIS 123349, at *10 (S.D. Ill. Nov. 22, 2010) ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive.").  *See also In re Comdisco Sec. Litig.,* 150 F. Supp. 2d 943, 948 n.10 (N.D. Ill. 2001) ("To view the matter through the lens of free market principles, [lodestar analysis] (with or without a multiplier) is truly unjustified as a matter of logical analysis.").

[3] Objector Collins' counsel also suggests, citing *Redman*, that the presence of a "clear sailing clause"—in which a defendant agrees not to contest class counsel's motion for attorneys' fees—warrants discovery of Class counsel's lodestar.  But, *Redman* was clear that the potential problems with clear sailing clauses arise in situations where, unlike here, "the value of the settlement to the class members is uncertain because it is not a cash settlement." *Redman*, 2014 U.S. App. LEXIS 18181, at *37.  Such clauses are also problematic where, unlike here, the settlement fund may revert to the defendant if unclaimed.  *See Vought v. Bank of Am., N.A.,* 901 F. Supp. 2d 1071, 1100 (C.D. Ill. 2012) (noting that "[t]he combination of a reversionary fund settlement and a clear sailing clause has given [] courts reason to pause").  But here, the amount of the Settlement fund is certain and is non-reversionary, and thus the concerns with clear sailing clauses do not apply.  Class counsel had every incentive to – and did – fight for maximum recovery for the Class.

- 8 -

there is no reversion of any money going back to defendant, this is not a coupon settlement and the TCPA does not have a fee-shifting provision. Even in *Redman*, the court explained that "hours can't be given controlling weight in determining what share of the class action settlement pot should go to class counsel. The judge could start with hours but couldn't rightly stop there." *Id.* at *29. Where a common fund exists, there is simply no need for lodestar analysis.

Objector Collins' counsel's directly contrary positions regarding the importance (or lack thereof) of lodestar helps to reveal that their discovery request is based upon ideology – an objection to all attorneys' fees in class action settlements – not upon the law in this Circuit. Objector Collins' counsel has admitted that the law "***require[s] fees to be based on actual class recovery***," not lodestar. Seventh Circuit law therefore dictates that the requested discovery ***is not***, as Objector Collins' counsel incorrectly claims, "necessary to fully analyze the reasonableness of the requested fee." *Cf.* Dkt. No. 191 at 3.

Since this discovery is not required to analyze a fee request in this Circuit, it should thus come as no surprise that Objector Collins does not cite a single case in this Circuit granting an objector's request for class counsel's lodestar, let alone the loadstar in unrelated cases. Cf. Dkt. No. 191 (citing no such cases). Objector Collins' counsel also simply ignores authority from this Court denying an objector's request for class counsel's billing sheets. *See In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 157910, at *9. Nor does Local Rule 54.3(d) support Objector Collins request. That rule is expressly limited to "a fee motion that would be paid by a party to the litigation rather than out of a fund already created by judgment or by settlement." N.D. Ill. L.R. 54.3(a).

## VI. <u>Objector Collins Did Not Originally Object on the Basis of Lodestar.</u>

On July 29, 2014, this Court issued its Preliminary Approval Order. Dkt. No. 137. That Order required:

> To object to the Class Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the court by the Objection Deadline. In the written Objection, the Settlement Class Member . . . must state the reasons for his or her Objection. . . . No Objection will be valid unless all of the information described above is included.

Dkt. No. 137 at 7 (¶ 17) (emphasis added). Objector Collins' original objection nowhere states that he objects to the Settlement because he lacks Class counsel's lodestar in this or any other action. Dkt. No. 143. In fact, the objection does not mention lodestar at all. Id. His counsel only raised this issue in a second objection filed yesterday afternoon. Dkt. No. 197. Because Objector Collins' second objection is clearly attorney-driven, the Court should afford it little weight and not grant him discovery on it.

### VII. Class Counsel's Lodestar in Other Actions Is Irrelevant to the Risk They Faced in this Action.

Class counsel set forth in detail the considerable risk they faced in prosecuting this action on a purely contingent basis. *See* Selbin Decl. Dkt. No. 177, ¶¶ 15-17; Selbin Decl., Exh. B Dkt. No. 177-2, Declaration of Alexander H. Burke in Support of Motion for Attorneys' Fees and Service Awards, ¶¶ 13-14; Declaration of Beth E. Terrell in Support of Motion for Attorneys' Fees and Service Awards, ¶¶ 15-17; Declaration of Matthew R. Wilson in Support of Motion for Attorneys' Fees and Service Awards, ¶¶ 10-13; Declaration of Keith Keogh in Support of Motion for Attorneys' Fees and Service Awards, ¶¶ 29-32; Declaration of Rob Williamson in Support of Motion for Attorneys' Fees and Service Awards, ¶¶ 11-13. Class counsel also devoted five pages of briefing to explaining that risk. Dkt. No. 176 at 17-21. Class counsel respectfully submit that the record on the risk they faced in this action is sufficiently developed.

Class Counsel have years of experience litigating TCPA cases with some firms litigating TCPA cases since 2002. Hutchinson Decl., ¶ 6. The number of hours that Class counsel spent on this or any other TCPA class action has no connection whatsoever to the risk Class counsel

faced in this action. Class action litigation is not, as Objector Collins's counsel wrongly claims, like blackjack. Class counsel cannot "double down" by expending an unnecessary number of hours in litigation simply because the litigation may prove successful. Indeed, this is the precise reason why this Circuit discourages a lodestar analysis in common fund cases. By *not* awarding fees based on lodestar, courts prevent the "unanticipated disincentive to early settlements, tempt[ations for] lawyers to run up their hours, and . . . [need for] district courts to engage in a gimlet-eyed review of line-item fee audits" that Objector Collins' counsel has argued so strenuously against. *See* Hutchinson Decl. Exhs. B - D.

Nor may class counsel, as a blackjack player might do, simply walk away from a case. After filing a case, class counsel have a fiduciary duty to the proposed class to pursue that case. While some cases may end early, Class counsel have faced obstacles at every stage of the TCPA class actions they litigated. *See* Dkt. Nos. 177, 177-2. This merely underscores the risk that class counsel face *ex ante* in contingent cases under the TCPA. There is therefore no support for Objector Collins' counsel's unsupported proposition that the number of hours expended by Class counsel in any particular action bears any relationship to the comparative risk they faced in that action. The lodestar information sought by Objector Collins' counsel is thus simply irrelevant.

And, even after a TCPA class action has begun, the risk may still shift because of changes in the law. The Federal Communications Commission ("FCC") frequently issues orders interpreting the TCPA, which, under the Hobbs Act, 28 U.S.C.S. § 2342, are binding on district courts. *See, e.g.*, *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 447 (7th Cir. 2010). The FCC maintains an Electronic Comment Filing System that serves as the repository for official records in the FCC's docketed proceedings and rulemakings from 1992 to the present." *See* http://apps.fcc.gov/ecfs/. In the past 12 years, industry lobbying efforts contributed to

approximately 54,000 submissions regarding the TCPA, any of which could result in binding changes to applicable law. *See id.*

This is not the first time that Objector Collins' counsel has made the argument the class counsel do not face real risk. In *Steinfeld v. Discover Financial Services*, Case No. 3:12-CV-01118-JSW (N.D. Cal.), Objector Collins' counsel objected to a TCPA class action settlement negotiated by some of the same plaintiffs' counsel in this matter. Objector Collins' counsel argued that "the risk had passed" once the parties entered settlement negotiations and made the exact same boilerplate argument – word for word – that "[a] lodestar enhancement is only justified in 'rare and exceptional' circumstances where 'specific evidence' demonstrates that an unenhanced 'lodestar fee would not have been adequate to attract competent counsel.'" *Compare Steinfeld*, Dkt. No. 67 at 8 (attached as Exhibit E to the Hutchinson Decl.) *with* Dkt. No. 191 at 11.[4] After class counsel opposed the objection, Objector Collins' counsel responded with an email admitting that the majority of the objection was "wrong" because "a major part of our objection was laboring under a misunderstanding." Hutchinson Decl., Exh. F. Objector Collins' counsel entered into a stipulation that he "no longer has any objection to settlement fairness or class certification" and the court ordered the entire objection withdrawn. Local Rule 7-12 Stipulation and Order, Dkt. No. 86 (attached as Exhibit G to the Hutchinson Decl.). This Court should not countenance expending unnecessary resources on a baseless objection that Objector Collins' counsel has withdrawn in a recent TCPA settlement.

---

[4] In *Steinfeld*, as here, Objector Collins' counsel neglected to note that the authority it cited, *Perdue v. Kenny A*, 130 S. Ct. 1662, 1669 (2010), only applies in the context of attorneys' fees awarded pursuant to federal fee shifting statutes. *See* 130 S. Ct. at 1669 ("This case presents the question whether the calculation of an attorney's fee, under federal fee-shifting statutes, based on the "lodestar," i.e., the number of hours worked multiplied by the prevailing hourly rates, may be increased due to superior performance and results.").

**VIII.** **In the Alternative, the Court Should Order Production of Class Counsel's Time Records Only to the Court for *In Camera* Review.**

Class counsel's fee request is not premised on a lodestar calculation.  However, as stated in their Motion for Attorneys' Fees, Class Counsel are happy to provide the Court (but not Objector Collins' counsel) with a summary or detailed records of their work performed in this case upon request.  Dkt. No. 176 at 23 n.7; *see also* Selbin Decl., Dkt. No. 177 at 14 ¶ 33; Burke Decl., Dkt. No. 177-2 at 8 (¶ 18); Williamson Decl., Dkt. No. 177-2 at 6 (¶ 10); Terrell Decl., Dkt. No. 177-2 at 7 (¶ 14); Keogh Decl., Dkt. No. 177-2 at 12 (¶ 35); Wilson Decl., Dkt. No. 177-2 at 11 (¶ 22). Class counsel's time records contain non-public information that may include their litigation strategy and work product.  Such records would include years of litigation, discovery, and settlement efforts in this MDL litigation and the respective class action lawsuits that preceded transfer to or consolidation in this Court, as detailed in the six declarations in support of the attorneys' fee request.

In each of the cases cited by Objector Collins where a court in this Circuit analyzed lodestar information, that information was voluntarily provided by counsel to the court (not objectors' counsel).  In other words, Objector Collins' counsel has not cited a single case in this Circuit where a court ordered the production to an objector of the discovery it seeks.

**IX.** **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Objector Collins' counsel's motion to lift the stay should be denied.

Dated:  October 28, 2014

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:   /s/ *Jonathan D. Selbin*
               Jonathan D. Selbin

Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson
Email:  dcuthbertson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Co-Lead Counsel*

TERRELL MARSHALL DAUDT
   & WILLIE PLLC

By:   /s/ *Beth E. Terrell*
               Beth E. Terrell

Beth E. Terrell
Email:  bterrell@tmdwlaw.com
Michael D. Daudt
Email:  mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:   (206) 350-3528

*Co-Lead Counsel*

KEOGH LAW, LTD

By:   /s/ *Keith James Keogh*
            Keith James Keogh

Keith James Keogh
Email: Keith@Keoghlaw.com
Craig M. Shapiro
Email: cshapiro@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD
55 W. Monroe
Suite 3390
Chicago, IL 60603

Telephone:  (312) 726-1092
Facsimile   (312) 726-1093

*Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, service of this document was accomplished via email and United States First Class Mail to the following:

> Aaron D. Van Oort
> Email: aaron.vanoort@faegrebd.com
> Eileen M. Hunter
> Email: eileen.hunter@faegrebd.com
> Erin L. Hoffman
> Email: erin.hoffman@faegrebd.com
> FAEGRE BAKER DANIELS
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota 55402-3901
> Telephone: (612) 766-7000
> Facsimile: (612) 766-1600
>
> *Attorneys for Defendant Capital One*
>
> James K. Shultz
> Email: jschultz@sessions-law.biz
> SESSIONS, FISHMAN, NATHAN & ISRAEL LLC
> 55 West Monroe Street, Suite 1120
> Chicago, Illinois 60603-5130
> Direct: (312) 578 -0993
> Office: (312) 578-0990
> Fax: (312) 578-0991
>
> *Attorneys for Defendant Capital Management Systems, LP*
>
> Alan I. Greene
> agreene@hinshawlaw.com
> HINSHAW & CULBERTSON LLP
> 222 North LaSalle Street, Suite 300
> Chicago, IL 60601
> Telephone: (312) 704-3536
>
> *Attorneys for Defendant Leading Edge Recovery Solutions, LLC*

- 16 -

1202385.3

Grace Carter
gracecarter@paulhastings.com
PAUL HASTINGS
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Phone: (415) 856-7015
Fax: (415) 856-7115

*Attorneys for Defendant AllianceOne Receivables Management, Inc.*

Theodore H. Frank
Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377

*Attorneys for Objector Jeffrey T. Collins*

Dated this 28th day of October, 2014.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:  /s/ *Daniel M. Hutchinson*
         Daniel M. Hutchinson

         Daniel M. Hutchinson
         Email:  dhutchinson@lchb.com
         LIEFF CABRASER HEIMANN
           & BERNSTEIN, LLP
         275 Battery Street, 29th Floor
         San Francisco, CA  94111-3339
         Telephone:  (415) 956-1000
         Facsimile:   (415) 956-1008

         *Attorneys for Plaintiffs*