Stephen Kron
5 Marquesa
Dana Point, CA 92629
(949) 283-2214

**FILED**

Clerk of the Court
U.S. District Court, Northern District of Illinois
Everett Mc Kinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

OCT 31 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



In Re Capital One Telephone Consumer Protection Act Litigation, MDL No. 2416, Master Docet No. 1:12-cv-10064 (N.D. Ill.)

Dear Clerk

I, Stephen Kron, object to the proposed Settlement in In Re Capital One Telephone Consumer Protection Act Litigation, MDL No. 2416, Master Docet No. 1:12-cv-10064 (N.D. Ill.). I do not intend on attending the fairness hearing. I object as follows:

**Fees**

This settlement represents the largest settlement in the history of the TCPA. The result for Class Members, however, is not as impressive. As of September 29, 2014, less than 5% (735,410 of 16,645,221) of all eligible claimants submitted claims. In addition, the average Claimant will receive between $20-$40. Recent TCPA settlements have exceeded both metrics. Class Counsel's fee award should be tied to the Class' actual recovery, not the total Settlement Amount.

If the Court chooses not to award fees based on the Class' actual recovery, then, at a minimum, the Court should exclude the cost of both claims and notice administration from the Settlement Fund when calculating the fee award. High notice and administrative costs inflate the size of the common fund, and eliminate any incentive to economize those costs.

**Claim Form**

The Claim Form may depress the claims rate. Claimants are required to provide the cellular telephone number that received an automated call from Capital One or one of its affiliates. Considering that some class members may have received a call more than 5 years ago and acquired a new phone number since that time, some Class Members may not remember the specific phone number that received the automated call. Claimants should not be required to provide the phone number that received an automated call. Defendants already know who received a call, what number was dialed, and who is a valid Class Member. A Claimant's name and location (or his/her Claim ID Number) should be sufficient to validate a claim. Defendants already know who received a call, what number was dialed, and who is a valid Class Member.

1

**Cy Pres**

The proposed cy pres distribution is inappropriate. The Parties have not selected a cy pres recipient nor have they determined the proposed use of the cy pres funds. These facts alone are grounds for rejecting any cy pres distribution. The objective of cy pres is to achieve the best approximation of righting the wrongs caused by the underlying lawsuit. A cy pres award beneficiary must qualify as "the next best distribution" to giving the funds directly to class members. Because no recipient has been selected, and no use of the funds has been proposed, the Court should reject or modify the Settlement Agreement's cy pres provision (7.04f.). If the settlement fund is not exhausted, the Court should: (a) increase the payments to those who filed claims or provide additional notice to the class and extend the claims period; or (b) require clarification with regards to the cy pres distribution.

Sincerely,

Stephen Kron