**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE CONSUMER<br>PROTECTION ACT LITIGATION | )<br>)<br>)<br>)<br>) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br>and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS,<br>LLC, and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.<br>and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-01061 |

## **MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Class Plaintiffs Bridgett Amadeck, Tiffany Alarcon, Charles C. Patterson, David Mack,

and Andrew Kalik (together, "Plaintiffs"), on behalf of themselves and all others similarly

situated, respectfully move the for entry of a confidentiality order governing all materials produced to Objector Jeffrey Collins' counsel pursuant to the Court's Minute Order (Dkt. No. 209).

In support of this motion, Plaintiffs state as follows:

1. To respond to Objector Collins' Proposed First Set of Interrogatories to Plaintiffs (Dkt. No. 192-2), production of confidential documents and/or information will be required.

2. At the October 30, 2014 hearing in this matter, Objector Collins' counsel agreed to treat all such materials produced as attorneys eyes' only.

3. Class counsel and Objector Collins' counsel have agreed to each of the terms in the Confidentiality Order attached as Exhibit A, which is a streamlined order based upon the Model Confidentiality Order Form LR 26.2, with red-lining additions and deletions in accordance with General Order 12-0018 as Exhibit B. A copy of the proposed order will be submitted to the Court's Proposed Order email address.

4. This Court has the authority to issue protective orders under Rule 26(c) for good cause. *Louisma v. Automated Fin., LLC*, No. 11-cv-2104, 2011 WL 5105377, *1 (N.D. Ill. Oct. 27, 2011). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that a Court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

5. Objector Collins' discovery requests expressly call for "financial information that the party has maintained as confidential" as set forth in N.D. Ill. General Order 12-0018. Class counsel's lodestar in other TCPA actions is non-public, closely guarded, confidential information that would be valuable to Class counsel's competitors and counsel for defendants in this and

- 2 -
1204847.1

situated, respectfully move the for entry of a confidentiality order governing all materials produced to Objector Jeffrey Collins' counsel pursuant to the Court's Minute Order (Dkt. No. 209).

In support of this motion, Plaintiffs state as follows:

1. To respond to Objector Collins' Proposed First Set of Interrogatories to Plaintiffs (Dkt. No. 192-2), production of confidential documents and/or information will be required.

2. At the October 30, 2014 hearing in this matter, Objector Collins' counsel agreed to treat all such materials produced as attorneys eyes' only.

3. Class counsel and Objector Collins' counsel have agreed to each of the terms in the Confidentiality Order attached as Exhibit A, which is a streamlined order based upon the Model Confidentiality Order Form LR 26.2, with red-lining additions and deletions in accordance with General Order 12-0018 as Exhibit B. A copy of the proposed order will be submitted to the Court's Proposed Order email address.

4. This Court has the authority to issue protective orders under Rule 26(c) for good cause. *Louisma v. Automated Fin., LLC*, No. 11-cv-2104, 2011 WL 5105377, *1 (N.D. Ill. Oct. 27, 2011). Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that a Court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

5. Objector Collins' discovery requests expressly call for "financial information that the party has maintained as confidential" as set forth in N.D. Ill. General Order 12-0018. Class counsel's lodestar in other TCPA actions is non-public, closely guarded, confidential information that would be valuable to Class counsel's competitors and counsel for defendants in this and

other actions. Public disclosure would create a significant commercial disadvantage for Class counsel.

6. Plaintiffs have, therefore, established that good cause exists for entry of the attached Confidentiality Order.

7. Although she has agreed to each of the terms in the attached Confidentiality Order, Objector Collins' counsel has informed Plaintiffs that she plans to seek two modifications to the Confidentiality Order to: (1) permit two attorneys in her office who are not counsel for Objector Collins to review Plaintiffs' confidential materials and (2) nullify the Confidentiality Order by adding an provision which states: "This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order, including a motion to unseal information or document(s) introduced to the Court."

8. Both additions would be inappropriate. Two attorneys represent Objector Collins and have entered notices of appearances. Dkt. Nos. 180, 181. Additional attorneys who are not counsel of record should not be able to say "me too" simply because they want to review Class counsel's confidential financial information. Nor should Objector Collins' counsel be awarded the option to nullify entirely the Confidentiality Order at a later date. The only information subject to the Court's Minute Order is Class counsel's internal financial information. As set forth above, public disclosure of this information is precluded and would create a significant commercial disadvantage for Class counsel.

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and enter the [Proposed] Confidentiality Order attached hereto as Exhibit A and submitted to the Court's Proposed Order email.

Dated: November 10, 2014          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ *Jonathan D. Selbin*
       Jonathan D. Selbin

Jonathan D. Selbin
Email: jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson
Email: dhutchinson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel*

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

By: /s/ *Beth E. Terrell*
       Beth E. Terrell

Beth E. Terrell
Email: bterrell@tmdwlaw.com
Michael D. Daudt
Email: mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Co-Lead Counsel*

KEOGH LAW, LTD


By:    /s/ *Keith James Keogh*
         Keith James Keogh

Keith James Keogh
Email: Keith@Keoghlaw.com
Craig M. Shapiro
Email: cshapiro@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD
55 W. Monroe
Suite 3390
Chicago, IL 60603

Telephone: (312) 726-1092
Facsimile (312) 726-1093

*Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2014, service of this document was accomplished via email to the following:

>Aaron D. Van Oort
>Email:  aaron.vanoort@faegrebd.com
>Eileen M. Hunter
>Email:  eileen.hunter@faegrebd.com
>Erin L. Hoffman
>Email:  erin.hoffman@faegrebd.com
>FAEGRE BAKER DANIELS
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, Minnesota 55402-3901
>Telephone: (612) 766-7000
>Facsimile: (612) 766-1600
>
>*Attorneys for Defendant Capital One*
>
>James K. Shultz
>Email: jschultz@sessions-law.biz
>SESSIONS, FISHMAN, NATHAN & ISRAEL LLC
>55 West Monroe Street, Suite 1120
>Chicago, Illinois 60603-5130
>Direct: (312) 578 -0993
>Office: (312) 578-0990
>Fax: (312) 578-0991
>
>*Attorneys for Defendant Capital Management Systems, LP*
>
>Alan I. Greene
>agreene@hinshawlaw.com
>HINSHAW & CULBERTSON LLP
>222 North LaSalle Street, Suite 300
>Chicago, IL 60601
>Telephone:  (312) 704-3536
>
>*Attorneys for Defendant Leading Edge Recovery Solutions, LLC*

Grace Carter
gracecarter@paulhastings.com
PAUL HASTINGS
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Phone: (415) 856-7015
Fax: (415) 856-7115

*Attorneys for Defendant AllianceOne Receivables Management, Inc.*

Melissa A. Holyoak
melissaholyoak@gmail.com
Kirstin B. Ives
kbi@willmont.com
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377

*Attorneys for Objector Jeffrey T. Collins*

Dated this 10th day of November, 2014.

                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                        By:   /s/ *Daniel M. Hutchinson*
                                                Daniel M. Hutchinson

                                                Daniel M. Hutchinson
                                                Email:  dhutchinson@lchb.com
                                                LIEFF CABRASER HEIMANN
                                                  & BERNSTEIN, LLP
                                                275 Battery Street, 29th Floor
                                                San Francisco, CA  94111-3339
                                                Telephone:  (415) 956-1000
                                                Facsimile:   (415) 956-1008

                                                *Attorneys for Plaintiffs*