# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE CONSUMER<br>PROTECTION ACT LITIGATION | )<br>)<br>)<br>)<br>) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br>and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS,<br>LLC, and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, L.P.<br>and CAPITAL ONE BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-01061 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR ENTRY OF CONFIDENTIALITY ORDER**

1203743.2

**I.     INTRODUCTION**

Plaintiffs have moved for the entry of a protective order containing language specifically agreed to by Objector Collins' counsel. (Dkt. No. 237.) After agreeing that all information produced should be subject to attorneys eyes' only review for use in this case, Objector Collins now stunningly argues that Class counsel's confidential financial information from other, unrelated actions should be afforded no protection whatsoever. In so arguing, Objector Collins directly contradicts the very statements his counsel made to this Court to obtain the discovery.

As further explained below, the information is confidential, non-public financial information regarding Class counsel's work in unrelated actions. If disclosed publicly or to defendants' counsel, this information could inflict significant and permanent harm in Class counsel's pending and future cases by revealing Class counsel's finances and litigation strategy to opposing counsel. Plaintiffs therefore Plaintiffs respectfully request that the Court enter their Proposed Confidentiality Order (Dkt. No. 237-1).

**II.    PROCEDURAL BACKGROUND**

Class counsel secured, and this Court preliminarily approved, a proposed class action settlement requiring significant business practice changes by defendants Capital One Bank (USA) N.A., Capital One, N.A., Capital One Financial Corporation, Capital One Services, LLC, Capital One Services II, LLC (collectively, "Capital One"), as well as a $75,455,098.74 all-cash common fund – the largest settlement in the 22-year history of the Telephone Consumer Protection Act ("TCPA"). To date, over one million Class members have voiced their approval of the Settlement by submitting a claim form to receive a monetary award. A handful of Class members have objected to the Settlement, including Objector Jeffrey T. Collins. Objector Collins is represented by two professional objectors' counsel at the Center for Class Action Fairness, who repeatedly object to class settlements based not upon the particular facts or

circumstances of the case at bar, but upon preconceived notions about class actions generally and a desire to change controlling law. (*See generally* Dkt. No. 205 at 2-4.)

Objector Collins sought to lift the Court-ordered discovery stay in this action to seek three categories of discovery from Class counsel: (1) their lodestar in this action; (2) their lodestar in certain TCPA class actions where they were awarded attorneys' fees; and (3) their lodestar in certain TCPA class actions where they were not awarded attorneys' fees. (Dkt. No. 191.) Class counsel opposed Objector Collins' motion. (Dkt. No. 205) Class counsel argued that, under Seventh Circuit authority, Class counsel's lodestar in this case – and certainly in other unrelated cases – is not required to evaluate their request for a percentage of the common fund settlement in this case. *Id.*; *see also In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, No. 09 C 7670; MDL 2103, 2011 U.S. Dist. LEXIS 157910, at *9 (N.D. Ill. Nov. 30, 2011) (rejecting objector's request to review billing hours for the instant case and noting that "[t]he approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred upon the class") (Holderman, J.). Objector Collins did not cite, and Class counsel are not aware of, any court that ever found analysis of class counsel's lodestar in other, unrelated cases to be appropriate.

Class counsel also noted that the Center for Class Action Fairness and its lead attorney, Ted Frank, has a demonstrated history of objection to all class action settlements on ideological bases. Their sole practice consists of objecting to class action settlements, particularly attorneys' fee awards. (Dkt. No. 205 at 2-4.) Class counsel noted that Mr. Frank has objected – unsuccessfully – to dozens of class action settlements obtained by Class counsel.[1] Because it

---

[1] In fact, Objector Collins' brief in this case cut and pasted identical language from Mr. Frank's objection to another TCPA class settlement that Mr. Frank affirmatively withdrew because he admitted it had no merit. (Dkt. No. 205 at 12.)

bears no relevance to this action, Class counsel feared that Mr. Frank sought this discovery of Class counsel's lodestar in unrelated actions simply for his own use in attacking Class counsel in other litigation.

In response, Objector Collins argued to the Court that Mr. Frank is "*not even Collins' counsel.*" Dkt. No. 208 at 1 (emphasis added). Mr. Frank himself went so far as to submit a signed declaration confirming this fact, under penalty of perjury, that described himself only as "Ms. [sic] Collins' counsel's boss." (Dkt. No. 208-1 at 4.) Objector Collins' counsel expressly agreed, on the record, to treat any discovery of Class counsel's lodestar as attorneys' eyes only for us in this case only. The Court took Objector Collins' arguments at face value and granted Collins' motion subject to oversight by Your Honor to enter an appropriate protective order and ensure that the discovery was not burdensome for Class counsel. (*See also* Dkt. No. 209 (referring this case to Your Honor for "matters concerning the parties' obligations to keep the produced information confidential").

After meeting and conferring with counsel for Objector Collins, Plaintiffs filed a motion seeking entry of a protective order with language specifically agreed to by Objector Collins' counsel. (Dkt. No. 237.)

Unfortunately, Class counsel's fears have proved well-founded. After agreeing to impose attorneys' eyes' only protections to obtain the discovery, Objector Collins now argues that "a confidentiality order is unnecessary." (Dkt. No. 239 at 2.) In other words, Objector Collins argues that Class counsel's financial information should be afforded no protection whatsoever. In a complete reversal, Objector Collins now argues that Mr. Frank *is* Objector Collins' counsel and seeks to grant him access to Class counsel's confidential financial information. Dkt. No. 239 at 2, 7. These directly contrary factual assertions to the Court should not be condoned.

Capital One seeks access to Class counsel's lodestar only to the extent the Court permits such production to Objector Collins. (Dkt. No. 240.)

**III. ANY DISCOVERY RESPONSES SHOULD REMAIN ATTORNEYS' EYES ONLY FOR USE IN THE LITIGATION ONLY.**

Objector Collins' request that no confidentiality protection should apply to Class counsel's confidential financial information is remarkable for what it omits. Objector Collins does not cite even a single case ordering the public disclosure of class counsel's lodestar in *unrelated* cases.[2]

To be clear, Objector Collins' request only pertains to unrelated cases. While Class counsel do not believe that their lodestar in *this* action is relevant, now that the Court has ordered its production, Class counsel will disclose that information publicly and post it on the Settlement website: https://capitalonetcpaclasssettlement.com/. Similarly, while the lodestar awarded to Class counsel in other TCPA class action settlements is not relevant, Class counsel do not argue that any harm will come from its disclosure.[3]

Class counsel's lodestar information in unrelated, losing cases, however, is an entirely different matter. Federal Rule of Civil Procedure 26(c)(1)(G) not only applies to trade secrets, but to "other confidential . . . commercial information." Disclosure of confidential financial information here would be extremely damaging to Class counsel and their ability to represent

---

[2] Class counsel are not aware of any such cases, in part, because, to Class counsel's knowledge, no court ever has ordered the production of lodestar for unrelated cases or analyzed such information as part of the settlement approval process.

[3] Objector Collins notes that certain Class counsel have disclosed their lodestar already for three Ninth Circuit cases. (Dkt. No. 239 at 6.) Objector Collins has admitted, however, that Ninth Circuit law is "materially different" than Seventh Circuit law. (Dkt. No. 208 at 1 n.1.) Specifically, in the Ninth Circuit counsel frequently submit summary lodestar information *for the case at issue only* because, under this materially different law, district courts have discretion to employ a lodestar cross check. Objector Collins in incorrect, however, in arguing that Class counsel have already disclosed their full lodestar in those actions. Even after final settlement approval, Class counsel continue to represent class members by fielding their questions and ensuring full implementation of settlement terms.

- 5 -

clients in other TCPA litigation. Lodestar information may reveal Class counsel's work product and litigation strategy. Because Objector Collins seeks Class counsel's lodestar from every loss, the information may reveal Class counsel's comparative expenditures of resources at each stage of litigation. Such information may present a roadmap for opposing counsel to determine how best to defeat a TCPA class action. It may reveal when and what challenges to such litigation are most successful, as well as the precise amount of lodestar that Class counsel could lose. This is closely guarded information that Class counsel have never revealed outside of the four walls of their law firms. Most attorneys and employees of the Class counsel firms are not even granted access to this information.

Indeed, it is not surprising that counsel for the defendants in this case are eager to obtain this information. (Dkt. No. 240.) The same defendants' counsel are also defense counsel in other, pending litigation against Class counsel. This information would be extremely valuable to them and provide great leverage for them to defeat or drive down the value of Class counsel's other class action lawsuits. While Capital One's counsel assert that they would be prohibited from using this confidential information "for any purpose whatsoever other than in this litigation," (Dkt. No. 240 at 3), that is simply not possible. Once defense counsel know Class counsel's litigation strategy and pressure points, they cannot unknow it and will of course use that information to their advantage – and to Class counsel's and their clients' detriment – in other cases.

Class counsel's litigation strategies therefore are indeed a trade secret. Under Illinois law, the term "trade secret" is defined by statute as:

> information, including but not limited to, . . . financial data . . .
> that:

> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 ILCS 1065/2(d).[4] In fact, these litigation strategies are a very valuable trade secret that here resulted in securing the largest settlement in the history of the TCPA.

Moreover, Objector Collins has not provided a single valid reason why Class counsel's confidential lodestar information from other cases should be revealed. First, Objector Collins notes the presumption of public access to discovery materials in class litigation. Class counsel do not disagree with that general presumption or the cases generally holding that class members may be informed about class counsel's lodestar *for the specific lawsuit subject to Court approval*.[5] However, no presumption applies to lodestar *in separate, unrelated actions* that are not before this Court. Class counsel have specifically demonstrated that the information is confidential and will create the risk of harm to Class counsel. While the cases granting confidentiality protection to such confidential financial information are too numerous to list, Objector Collins does not list a single case where class counsel's lodestar information *in separate, unrelated actions* was publicly disclosed. This Court should not be the first to do so.

Second, Objector Collins notes an inapplicable provision in this District's model protective order. Such a provision may be appropriate where, unlike here, litigation has just

---

[4] Under the common law, "a trade secret is described as a plan or process, tool, mechanism, compound, or informational data utilized by a person in his business operations and known only to him and such limited other persons to whom it may be necessary to confide it." *ILG Indus., Inc. v. Scott*, 49 Ill. 2d 88, 273 N.E.2d 393, 395 (Ill. 1971).

[5] Indeed, even though Class counsel neither rely upon their lodestar nor believe it to be relevant to their application for attorneys' fees under the percentage-of-the-fund method, Class counsel have already agreed to publish their lodestar in *this* action to all Class members through the case website.

begun and documents and information to be produced are unknown. Here, however, the precise content of the discovery to be produced is already clear. The confidential nature of these documents will not change over time.

Capital One does not seek Class counsel's lodestar from unrelated cases, but merely posits that, if the Court orders production to Objector Collins, Capital One is "entitled" to receive it too in order to "address[] arguments made as to its own settlement." (Dkt. No. 240 at 2.) This is nonsense. Capital One knows this information bears no relevance on this matter, took "no position" on whether Objector Collins should receive it, and never sought production of the information itself. If Capital One truly thought there was even the slightest chance this information would jeopardize this Settlement, it would have objected to its production to Objector Collins.[6] Having sat idly by, Capital One should not be permitted to seek it now.

### IV. THE DISCOVERY SHOULD REMAIN ATTORNEYS' EYES ONLY FOR OBJECTOR COLLINS' ACTUAL COUNSEL OF RECORD.

While Objector Collins now boldly describes Mr. Frank as "Collins' counsel Ted Frank," this representation is directly contradicted by Objector Collins' own brief, which stated that Mr. Frank is "*not even Collins' counsel.*" This Court relied upon Objector Collins representation in lifting the discovery stay. Objector Collins cannot have it both ways. Either his counsel lied to obtain the discovery, or, Objector Collins is lying now so that Mr. Frank can review Class counsel's confidential financial information. In either case, this Court should not reward such conduct. Class counsel's confidential information should be produced, if at all, only to Objector Collins' counsel of record on an attorneys eyes' only basis for use in this action only.

---

[6] Plaintiffs, of course, agree that this lodestar information in unrelated actions is irrelevant, but have been forced to object to preserve the confidentiality of Class counsel's financial information and litigation strategies.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter their Proposed Confidentiality Order (Dkt. No. 237-1).

Dated:  November 12, 2014          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                   By:   /s/ *Jonathan D. Selbin*
                                            Jonathan D. Selbin

                                   Jonathan D. Selbin
                                   Email:  jselbin@lchb.com
                                   Douglas I. Cuthbertson
                                   Email:  dcuthbertson@lchb.com
                                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                   250 Hudson Street, 8th Floor
                                   New York, NY  10013-1413
                                   Telephone:  (212) 355-9500
                                   Facsimile:  (212) 355-9592

                                   Daniel M. Hutchinson
                                   Email:  dhutchinson@lchb.com
                                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                   275 Battery Street, 29th Floor
                                   San Francisco, CA  94111-3339
                                   Telephone:  (415) 956-1000
                                   Facsimile:  (415) 956-1008

                                   *Co-Lead Counsel*

TERRELL MARSHALL DAUDT  
 & WILLIE PLLC

By: /s/ *Beth E. Terrell*  
 Beth E. Terrell

Beth E. Terrell  
Email: bterrell@tmdwlaw.com  
Michael D. Daudt  
Email: mdaudt@tmdwlaw.com  
TERRELL MARSHALL DAUDT & WILLIE PLLC  
936 North 34th Street, Suite 400  
Seattle, Washington 98103  
Telephone: (206) 816-6603  
Facsimile: (206) 350-3528

*Co-Lead Counsel*

KEOGH LAW, LTD

By: /s/ *Keith James Keogh*  
 Keith James Keogh

Keith James Keogh  
Email: Keith@Keoghlaw.com  
Craig M. Shapiro  
Email: cshapiro@keoghlaw.com  
Timothy J. Sostrin  
Email: tsostrin@keoghlaw.com  
KEOGH LAW, LTD  
55 W. Monroe  
Suite 3390  
Chicago, IL 60603

Telephone: (312) 726-1092  
Facsimile (312) 726-1093

*Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2014, service of this document was accomplished via email to the following:

>Aaron D. Van Oort
>Email: aaron.vanoort@faegrebd.com
>Eileen M. Hunter
>Email: eileen.hunter@faegrebd.com
>Erin L. Hoffman
>Email: erin.hoffman@faegrebd.com
>FAEGRE BAKER DANIELS
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, Minnesota 55402-3901
>Telephone: (612) 766-7000
>Facsimile: (612) 766-1600

*Attorneys for Defendant Capital One*

James K. Shultz
Email: jschultz@sessions-law.biz
SESSIONS, FISHMAN, NATHAN & ISRAEL LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603-5130
Direct: (312) 578 -0993
Office: (312) 578-0990
Fax: (312) 578-0991

*Attorneys for Defendant Capital Management Systems, LP*

Alan I. Greene
agreene@hinshawlaw.com
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: (312) 704-3536

*Attorneys for Defendant Leading Edge Recovery Solutions, LLC*

Grace Carter
gracecarter@paulhastings.com
PAUL HASTINGS
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Phone: (415) 856-7015
Fax: (415) 856-7115

*Attorneys for Defendant AllianceOne Receivables Management, Inc.*

Melissa A. Holyoak
melissaholyoak@gmail.com
Kirstin B. Ives
kbi@willmont.com
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377

*Attorneys for Objector Jeffrey T. Collins*


Dated this 12th day of November, 2014.


                LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                By:   /s/ *Daniel M. Hutchinson*
                      Daniel M. Hutchinson

                      Daniel M. Hutchinson
                      Email: dhutchinson@lchb.com
                      LIEFF CABRASER HEIMANN
                        & BERNSTEIN, LLP
                      275 Battery Street, 29th Floor
                      San Francisco, CA 94111-3339
                      Telephone: (415) 956-1000
                      Facsimile: (415) 956-1008

                      *Attorneys for Plaintiffs*

1205214.1