**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT, L.P., and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-01061 |
| JEFFREY T. COLLINS,<br><br>Objector. | |

**OBJECTOR JEFFREY T. COLLINS' MOTION TO COMPEL DISCOVERY RESPONSES, MOTION FOR ADDITIONAL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT**

## INTRODUCTION

Objector Collins filed a Motion to Lift Stay for Limited Discovery on October 17, 2014 requesting discovery regarding class counsel's lodestar in this action and class counsel's lodestar in previous actions to assess class counsel's risk for purposes of objecting to class counsel's request for attorneys' fees. *See* Collins' Motion to Lift Stay for Limited Discovery ("Motion to Lift Stay"), Dkt. 191 at 3. Collins proposed three interrogatories: (1) lodestar for this action; (2) lodestar for previous TCPA actions in which class counsel was successful; and (3) lodestar for previous TCPA actions in which class counsel was unsuccessful. *See* Dkt. 191-1 at 5. Collins argued to the court that "lodestar and expense information for TCPA cases class counsel has won and lost… will demonstrate that class counsel is being overcompensated for the actual risk they assumed." Motion to Lift Stay at 10. Collins explained: "[f]or example, if half of all hours spent on TCPA cases result in dismissal without any recovery, and half of all hours spent on TCPA cases result in a settlement that pays a multiplier of lodestar, a multiplier of 2.2 would mean that the average hour spent on a TCPA case results in 110% of lodestar being paid: a not-unreasonable compensation for risk under *Synthroid*." Reply in Support of Motion to Lift Stay, Dkt. 208 at 6 (citing *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 721 (7th Cir. 2001)).

The district court agreed that the information was relevant and by order dated October 29, 2014, Judge Holderman granted the request for discovery. *See* Dkt. 209. Class counsel produced the





| **Case** | **Law firm that did not produce lodestar summary** |
|---|---|
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |

Collins' Interrogatory No. 2 provides:

> **Interrogatory No. 2:** Please IDENTIFY all TCPA ACTIONS for which YOUR COUNSEL of record in these proceedings has been awarded attorneys' fees and/or litigation expenses, and for each such action, IDENTIFY:
>
> a. The LODESTAR AMOUNT and the LODESTAR MULTIPLIER requested to the court;
>
> b. The total amount of attorneys' fees awarded to YOUR COUNSEL and the LODESTAR MULTIPLIER, if any, used by the court;
>
> c. The total amount of litigation expenses requested by YOUR COUNSEL and the total amount of litigation expenses awarded to YOUR COUNSEL.

*See* Collins' Proposed First Set of Interrogatories ("First Set of Interrogatories"), Dkt. 191-1 at 5. The definitions also provide:

> As used herein, the term "LODESTAR AMOUNT" means the total number of hours worked on a case multiplied by the reasonable hourly billing rate for such service; ***such term also includes*** the specific dollar amount represented to a court as the "lodestar" or the amount represented to the court as the total attorneys' fees incurred.

*See id.* at 3 (emphasis added).

When the missing information was requested from class counsel, class counsel indicated that such information was not responsive to Interrogatory Request No. 2 because they were only required



approach. This is consistent with Collins' arguments that the risk analysis includes both lodestar from TCPA cases class counsel has *lost* and TCPA cases class counsel has *won*, regardless of whether class counsel sought fees on a percentage-of-recovery or lodestar approach. *See* Motion to Lift Stay, Dkt. 191 at 10. Metaphysically speaking, the lodestar amount does not fade from existence merely because the presiding court is not apprised of the quantum. In fact, Collins suspects that the largest multipliers will be revealed in those cases in which class counsel concealed their lodestar information and asked for a straight percentage calculation, as in this case itself.

Class counsel's argument regarding the scope of Interrogatory No. 2 is inconsistent with their

counsel is cherrypicking their more favorable (*i.e.* lower) multipliers for disclosure while keeping under wraps their less favorable (*i.e.* higher) multipliers.

***Second***, the production is deficient because it does not identify the attorneys' fees that were [redacted]

| Case | Law firm that did not identify the amount awarded to it |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |

[redacted] Interrogatory No. 2 requests information regarding attorneys' fees "awarded to YOUR COUNSEL." *See* Collins' Interrogatories, Dkt. 191-1 at 5. The interrogatory is requesting the specific amounts awarded to each of the responding firms. As Collins explained in his Motion to Lift Stay, "if the average multiplier in the winning cases is 4, and class counsel recovers for 50% of their hours, that means that the average hour spent on a TCPA case results in 200% of lodestar being awarded: plainly overcompensation for *ex ante* risk." *See* Reply in Support of Motion to Lift Stay, Dkt. 208 at 6-7. How the various fee awards are allocated demonstrates how each firm has been compensated and any multiplier that firm may have received for their lodestar.

[redacted] But the request is seeking information about awards "to YOUR COUNSEL" not to all firms involved in the litigation. Indeed, any argument that this information is confidential is unfounded as courts recognize that the allocation of fee awards is the type of information that should be disclosed to class members. *Cf. In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty … to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel" which duty cannot be delegated to the parties). More important, the confidential nature of this information does not determine whether this information is responsive; further, such concerns are unfounded because such information could be designated "attorneys' eyes only" under the Confidentiality Order.

In addition to Collins' Motion to Compel, Collins seeks additional discovery. Collins' Proposed Second Set of Interrogatories includes one interrogatory intended to capture the missing information identified above as an alternative to the Motion to Compel. *See* Collins' Proposed Second Set of Interrogatories (attached hereto at Exhibit 5). Interrogatory No. 5 seeks information not previously requested, i.e., the lodestar summary for *Wilkins v. HSBC Bank Nevada, N.A*, No. 1:14-cv-190 (N.D.

Ill.), another TCPA case pending before Judge Holderman in which four of the responding firms are involved. *See* Proposed Second Set of Interrogatories at 4. The firms asked for a total fee award of $11,992,500. *See* Motion for Attorneys' Fees, Dkt. 65 at 1. Two days ago, Judge Holderman *sua sponte* ordered the parties to provide their lodestar information to the court under seal "indicating the tasks counsel performed, counsel's fees charged for the specific time spent performing the tasks, and the costs counsel incurred on behalf of the Class." *See* Order dated November 17, 2014, Dkt. 89. While Collins does not seek the detailed time entries, the lodestar summary (hours and billing rates) is relevant to Collins' current analysis of successful TCPA cases in which class counsel will likely receive an excessive multiplier of their lodestar.

Interrogatory No. 6 seeks information about any fee allocation in this case. *See* Second Set of Interrogatories at 4. In Collins' objection, Collins argued that class counsel's fee request violated Rule 23(h) because it did not identify which attorneys would be receiving what fees. *See* Collins' Objection, Dkt. 197 at 12-13 (citing *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty … to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel" which duty cannot be delegated to the parties)).

**STATEMENT OF EFFORTS TO REACH AN ACCORD**

Ms. Holyoak, counsel for Objector Collins, by letter to class counsel dated November 17, 2014, identified the information Objector Collins believed was missing from the discovery production. *See* Holyoak Decl. (attached hereto at Exhibit 1), ¶ 4, Letter by Melissa Holyoak dated November 17, 2014 (attached hereto at Exhibit A to Holyoak Decl. (filed under seal)). Class counsel responded by letter dated November 17, 2014 that they believed they had fulfilled their discovery obligations. *See* *See* Holyoak Decl. (attached hereto at Exhibit 1), ¶ 5, Letter by Daniel Hutchinson dated November 17, 2014 (attached hereto at Exhibit B to Holyoak Decl. (filed under seal)). Ms. Holyoak, counsel for Objector Collins, and Mr. Hutchinson, class counsel, discussed the outstanding discovery by

telephone two times on November 18, 2014 and twice on November 19, 2014. *See* Declaration by Melissa Holyoak (attached at Exhibit 1), ¶ 6. The parties were unable to reach an accord. *See id.*[1]

## ARGUMENT

### I. Class counsel should be compelled to provide the missing lodestar information and allocation of the attorney fee awards in their successful TCPA actions because it is responsive to Interrogatory No. 2.

Interrogatory No. 2 should be fairly construed to compel class counsel to produce the missing lodestar and fee award information. Federal Rule of Civil Procedure 37 provides that a party may "move for an order compelling disclosure or discovery" including when a party "fails to answer an interrogatory." Fed. R. Civ. P. 37(a)(1) and (3). Rule 37 further provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Interrogatories should not "be interpreted with excessive rigidity or technicality, but a rule of reason should be applied as to both." *Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968); *see also Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir.2003) (incomplete or evasive responses to interrogatories support dismissal of an action). Answers to interrogatories "must be responsive, full, complete and unevasive." *Pilling*, 45 F.R.D. at 369. Class counsel's response to Interrogatory No. 2 is evasive and incomplete.

First, class counsel did not provide complete responses to the request for lodestar summaries for their previous successful TCPA cases. As described above, Interrogatory No. 2 requested class counsel to identify the "LODESTAR AMOUNT and the LODESTAR MULTIPLIER requested to the court." *See* First Set of Interrogatories, Dkt. 191-1 at 5. The interrogatory was intended to capture the lodestar summary regardless of whether class counsel sought fees based on the lodestar or percentage-of-recovery approach. Indeed, the intended scope of Collins' requests was spelled out in Collins' Motion to Lift the Stay of Discovery. Collins argued that "Collins believes the information he

[1] During the telephone conferences, Ms. Holyoak did not request the *HSBC Bank* lodestar information or the fee allocation (Interrogatory Nos. 5 and 6) because it was not responsive to Collins' First Set of Interrogatories. *See* Holyoak Decl. ¶ 7.

seeks—lodestar and expense information for TCPA cases class counsel has won and lost, see Proposed Interrogatories at 5—will demonstrate that class counsel is being overcompensated for the actual risk they assumed." *See* Motion to Lift Stay, Dkt. 191 at 10; Reply in Support of Motion to Lift Stay, Dkt. 208 at 6-7.

Class counsel's argument that it was only required to produce lodestar summaries for cases in which lodestar was "requested to the court" is undermined by their inconsistent responses. [redacted]

Second, class counsel did not provide complete responses to Interrogatory No. 2's request to identify fee awards in class counsel's successful TCPA cases. [redacted] Indeed, if there was any question as to the scope of this request, Collins' Motion to Lift Stay makes clear that Collins was seeking the fee received by each of the responding firms because Collins sought to analyze the multipliers received by class counsel in previous cases. *See* Collins' Motion to Lift Stay, Dkt. 208 at 6-7.

Class counsel's self-serving inconsistent responses to Collins' Interrogatory No. 2 reflects that they shirked their discovery obligations based on a rigid, technical reading of the Interrogatories. A fair reading requires that for *all* of class counsel's successful TCPA cases, class counsel should produce lodestar summaries and identify the specific amount allocated to the responding firms from the total fee award.

**II. Collins should be granted additional discovery because the Proposed Second Set of Interrogatories seeks to correct class counsel's evasive discovery responses and because the additional discovery is relevant and discoverable in assessing the risk assumed by class counsel.**

As explained in Collins' Motion to Lift Stay, Objector Collins seeks information regarding class counsel's risk in prosecuting this case for purposes of analyzing class counsels Fee Request. *See* Motion to Lift Stay, Dkt. 191 at 9-11. "The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 721 (7th Cir. 2001).

Judge Posner explained how the risk of nonpayment can be quantified to determine a multiplier of class counsel's lodestar, if any, that compensates for such risk:

> Suppose a lawyer can get all the work he wants at $200 an hour regardless of the outcome of the case, and he is asked to handle on a contingent basis a case that he estimates he has only a 50 percent chance of winning. Then if (as under the lodestar method) he is still to be paid on an hourly basis, he will charge (if risk neutral) $400 an hour for his work on the case in order that his expected fee will be $200, his normal billing rate. If the fee award is to simulate market compensation, therefore, the lawyer in this example is entitled to a risk multiplier of 2 (2 × $200 = $400).

*In re Continental Illinois Securities Litigation*, 962 F.2 566, 569 (7th Cir. 1992). Similar to Posner's example, Collins' Motion to Lift Stay explained that empirical data could reflect the actual risk assumed by class counsel in prosecuting this action. *See* Motion to Lift Stay, Dkt. 191 at 9-10. Specifically, by reviewing the lodestar and expense data from other TCPA cases that class counsel has won and lost, and how class counsel has been compensated in those cases, the court can assess the actual risk assumed. For example, "if half of all hours spent on TCPA cases result in dismissal without any recovery, and half of all hours spent on TCPA cases result in a settlement that pays a multiplier of lodestar, a multiplier of 2.2 would mean that the average hour spent on a TCPA case results in 110% of lodestar being paid." *See* Reply in Support of Motion to Lift Stay, Dkt. 208 at 6. This analysis includes the TCPA hours spent on successful cases, TCPA hours spent on unsuccessful cases and the multiplier received in the successful cases.

Collins' First Set of Interrogatories sought to capture that information and included three interrogatories requesting (1) lodestar summaries for this case; (2) lodestar summaries and fee awards for previous successful TCPA cases; and (3) lodestar summaries for previous unsuccessful TCPA cases. *See* Collins' Proposed First Set of Interrogatories at 5. The court granted Collins' request for the discovery. *See* Dkt. 209. While Collins' First Set of Interrogatories intended to seek all lodestar summaries in successful cases, [redacted]

[redacted] class counsel's evasive reading, Collins' newly proposed Interrogatory No. 4 seeks lodestar summaries for previous successful TCPA cases—regardless of whether a lodestar amount was requested to the court or whether fees were sought on a percentage-of-recovery basis. *See* Second Set of Interrogatories at 4.

Judge Holderman's previous ruling supports the new interrogatories. Judge Holderman ordered the lodestar summaries of previous unsuccessful TCPA cases, *see* Dkt. 209, which class counsel has now produced. Because those cases were unsuccessful, class counsel did not request fees and therefore, a lodestar amount would not have been requested to the court. Accordingly, because Judge Holderman ruled that lodestar summaries for unsuccessful cases (where a lodestar amount was not requested to the court) is discoverable, clearly the lodestar summaries for successful cases (where a lodestar amount was also not requested) is also discoverable.

In addition, Proposed Interrogatory No. 4 to seeks information about class counsel's fee awards. Collins' First Set of Interrogatories requested class counsel to identify fee awards in previous, successful TCPA actions. *See* Collins' Proposed First Set of Interrogatories, Dkt. 191-1 at 5. [redacted]

[redacted] The revised interrogatory seeks to capture the amount that each of the responding firms received from the total fee award in the previous successful TCPA actions. *See* Collins' Proposed Second Set of Interrogatories at 4. This information is relevant regarding Collins' analysis. As previously explained, to quantify the risk, one reviews both the hours spent on successful and unsuccessful cases and the multiplier received in

compensating class counsel in those successful cases. The multiplier in successful cases is calculated using the lodestar hours for the responding firm multiplied by the fee award for the responding firm, which is specific to that responding firm and not simply the total fee award.

Interrogatory No. 5 seeks the lodestar summary for *Wilkins v. HSBC Bank Nevada, N.A.*. another TCPA case pending in the Northern District of Illinois in which four of the responding firms are involved. *See* Collins' Proposed Second Set of Interrogatories at 4. Just two days ago, Judge Holderman *sua sponte* ordered the parties to provide their lodestar information to the court under seal "indicating the tasks counsel performed, counsel's fees charged for the specific time spent performing the tasks, and the costs counsel incurred on behalf of the Class." *See* Order dated November 17, 2014, Dkt. 89. Indeed, the fairness hearing is scheduled in two days on November 21, 2014. *See* Dkt. 59 at 4. The lodestar summary Collins seeks for *HSBC* is relevant to Collins' analysis of class counsel's compensation in successful TCPA cases.

Finally, Interrogatory No. 6 seeks information regarding the allocation of fees in this action. Objector Collins argued in his Objection that class counsel's failure to disclose the allocation was a violation of Rule 23(h). *See* Objection, Dkt. 197 at 12-13. It is not sufficient that class members are able to make "generalized arguments about the size of the total fee"; the fee request must enable them to determine *which* attorneys seek *what* fees for what work. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (noting the district court's "independent duty … to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel" which duty cannot be delegated to the parties). Class counsel's Fee Request fails to provide basic information regarding who seeks what, and instead provides for a lump sum that presumably co-lead counsel will distribute as they like. This undermines Rule 23(h)'s policy of "ensur[ing] that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *In re Mercury*, 618 F.3d at 994. In addition, this information is also helpful in determining the risk assumed by class counsel in these proceedings.

**CONCLUSION**

Objector Collins respectfully requests the Court to compel class counsel (1) to produce

In the alternative to compelling the above information, Collins requests that the court grant his request for Interrogatory No. 4, which seeks that same information. Finally, Collins requests the court grant his request for Interrogatory No. 5, which seeks the lodestar summary and expense information in *Wilkins v. HSBC Bank Nevada, N.A*, No. 1:14-cv-190 (N.D. Ill.), and Interrogatory No. 6, which seeks fee allocation information in this action.

Dated: November 19, 2014.

/s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com
*Attorneys for Objector Jeffrey T. Collins*

**CERTIFICATE OF SERVICE**

The undersigned certifies she electronically filed the foregoing Motion to Compel and Motion for Additional Discovery, and Memo in Support via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she caused to be served via First-Class mail a copy of this Motion and Memo in Support upon the following:

| | |
|---|---|
| Andre Verdun<br>Crowley Law Group<br>401 West "A" Street, Suite 925<br>San Diego, CA 92101<br><br>Chelsea Hamill<br>Doll Amir and Eley LLP<br>1888 Century Park East , Suite 1850<br>Los Angeles, CA 90067<br><br>Christy T. Nash<br>Burr & Forman LLP<br>Suite 3200<br>201 N. Franklin St.<br>Tampa, FL 33602<br><br>Darren Sharp<br>Armstrong Teasdale LLP<br>2345 Grand<br>Suite 2000<br>Kansas City, MO 64108<br><br>George C Bedell<br>Lash & Wilcox, PL<br>4401 W. Kennedy Blvd., Suite 210<br>Tampa, FL 33609 | Jeanne Lahiff<br>Sleemi Law Firm<br>2001 Route 46<br>Suite 310<br>Parsippany, NJ 07054<br><br>Kenneth Grace<br>Sessions Fishman Nathan & Israel LLC<br>3350 Buschwood Park Drive, Ste 195<br>Tampa, FL 33618-4317<br><br>Marjorie Bergiste<br>10352 Old Winston Ct<br>Lake Worth, FL 33449<br><br>Mitchell B. Levine<br>Fishman McIntyre P.C.<br>12th Floor<br>44 Wall Street<br>New York, NY 10005<br><br>Sarah Nicole Davis<br>Morrison & Foerster<br>425 Market St<br>SF, CA 94105<br><br>Devera R.D. Bartte<br>3440 SW 28th Terrace<br>Apt A<br>Gainesville, FL 32608 |
| Magistrate Young B. Kim<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen United States Courthouse<br>Chambers 1000<br>219 South Dearborn Street<br>Chicago, IL 60604 | |

Dated: November 19, 2013. /s/ Melissa A. Holyoak