# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT, L.P., and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-01061 |
| JEFFREY T. COLLINS,<br><br>       Objector. | |

## OBJECTOR COLLINS' PROPOSED SECOND SET OF INTERROGATORIES TO PLAINTIFFS

PROPOUNDING PARTY: Objector Jeffrey T. Collins

RESPONDING PARTY: Plaintiffs Charles C. Patterson, David Mack, Tiffany Alarcon, Bridgett Amadeck, and Andrew Kalik

SET NUMBER: Two

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

Pursuant to the provisions of Federal Rule of Civil Procedure 33, Objector Jeffrey T. Collins requests that Plaintiffs answer the following interrogatories under oath and serve them upon Objector Collins within 30 days, pursuant to Federal Rule of Civil Procedure 33(b), or earlier as directed by the court. The instructions contained within Objector Collins' Proposed First Set of Interrogatories are hereby considered fully rewritten herein.

Definitions:

1. The terms "YOU", "YOUR" and "RESPONDING PARTY" as used herein refer to RESPONDING PARTY as defined above, their successor(s) in interest, and includes all PERSONS acting or purporting to act on their behalf.

2. As used herein, the term "COUNSEL" means Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Burke Law Offices, LLC, Williamson & Williams, Terrell Marshall Daudt & Willie PLLC, and Keogh Law, Ltd., and includes any natural person, firm, association, corporation, partnership, public entity, or other legal entity or organization separately identifiable, and any predecessor(s) in interest.

3. As used herein, the term "PERSON" or "PERSONS" means and includes any natural person, firm, association, corporation, partnership, public entity, or other legal entity or organization separately identifiable, and any predecessor(s) in interest.

4. As used herein, the term "TCPA ACTION" or "TCPA ACTIONS" means a civil action filed in any state or federal court which alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; such definition shall include, but is not limited to actions brought pursuant to Fed. R. Civ. Proc. 23. For purposes of this First Set of Interrogatories, TCPA ACTION is limited to those actions that were initiated on or after October 1, 2010.

5. As used herein, the term "LODESTAR AMOUNT" means the total number of hours worked on a case multiplied by the reasonable hourly billing rate for such service; such term also includes the specific dollar amount represented to a court as the "lodestar" or the amount represented to the court as the total attorneys' fees incurred.

6. As used herein, the term "LODESTAR MULTIPLIER" means the number used to increase or decrease an attorneys' fee award by multiplying the LODESTAR AMOUNT with the LODESTAR MULTIPLIER.

7. As used herein, the term "IDENTIFY" when referring to a TCPA ACTION means: (a) the names of the parties in the TCPA ACTION; (b) the name of the court in which the TCPA ACTION was or is pending and the corresponding case number; (c) the name(s) of the attorney(s) of record for the parties in the TCPA ACTION; (d) whether there was a class action settlement approved by the court in the TCPA ACTION and the date of such final approval; (e) whether there was a court award of attorneys' fees in the TCPA ACTION and the date of such court award; and (f) whether there was an adverse disposition for plaintiffs in the TCPA ACTION and the date of such final disposition. At your option you may attach a copy of a docket sheet(s) and court order(s), in which case you may omit items (c) through (f) of the foregoing.

8. As used herein, the term "IDENTIFY" when referring to a LODESTAR AMOUNT means and includes (a) the identity of each legal professional whose service contributed to the total

LODESTAR AMOUNT for a particular TCPA ACTION; (b) number of hours worked by each legal professinoal whose service contributed to the total LODESTAR AMOUNT for a particular TCPA ACTION; and (b) the hourly rate for each legal professional whose service contributed to the total LODESTAR AMOUNT for a particular TCPA ACTION.

## INTERROGATORIES

**Interrogatory No. 4:** Please IDENTIFY all TCPA ACTIONS for which YOUR COUNSEL of record in these proceedings has been awarded attorneys' fees and/or litigation expenses, and for each such action, IDENTIFY:

a. The LODESTAR AMOUNT incurred by YOUR COUNSEL, regardless of whether the LODESTAR AMOUNT was requested or submitted to the court;

b. The total amount of litigation expenses incurred by YOUR COUNSEL, regardless of whether such expenses were requested or submitted to the court;

c. The total amount of attorneys' fees awarded by the court and the specific portion of that amount obtained by YOUR COUNSEL; and

d. the LODESTAR MULTIPLIER, if any, used by the court.

**ANSWER**:

**Interrogatory No. 5**: Please IDENTIFY the LODESTAR AMOUNT and litigation expenses incurred by YOUR COUNSEL in *Wilkins v. HSBC Bank Nevada, N.A*, No. 1:14-cv-190 (N.D. Ill.).

**Interrogatory No. 6**: Please describe with specificity any allocation agreement among YOUR COUNSEL regarding allocation of any fee award in this action.

**ANSWER:**

Dated: November ___, 2014 /s/Melissa A. Holyoak

                                                                   Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Objector Collins*