**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE<br>CONSUMER PROTECTION ACT<br>LITIGATION | )<br>)<br>)<br>)<br>) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL<br>CORPORATION, and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT<br>SERVICES, L.P. and CAPITAL ONE<br>BANK (USA), N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:12-cv-01061 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Class counsel respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the attached decision by the Seventh Circuit issued yesterday in *Pearson v. NBTY, Inc.*, Nos. 14-1198, -1227, -1245, -1389 (7th Cir. Nov. 19, 2014) (attached hereto as Exhibit A), and relevant to issues to be decided on Class Counsel's Motion for

Attorneys' Fees and For Service Awards to the Class Representatives, Dkt. 175, and Plaintiffs' Motion for Final Approval of Class Action Settlement, Dkt. 260.

At issue in *Pearson* was a settlement with no fixed non-reversionary cash fund: defendants were required to pay only those claims made by class members—which at most could amount to $14.2 million if every single one of the 12 million class members made a claim—plus notice costs of $1.5 million, attorneys' fees, and a guaranteed *cy pres* award of $1.3 million. The district court "valued" the settlement at $20.2 million based on the $14.2 million in possible payouts to the class plus the attorneys' fee sought of $4.5 million, but reduced those fees to $1.93 million. *Pearson*, at 4-5. Only 30,000 class members made claims—perhaps in part because doing so required them to fill out a multi-page complex claims form to recover a few dollars—which resulted in a total class payout by defendants of less than a million dollars. *Id.* at 5. The Seventh Circuit reversed approval of the settlement and reversed the attorneys' fee award of $1.93 million. The Court found the fee award unreasonable because it represented "an outlandish 69 percent" of "the aggregate value" of the class payment plus fees. *Id.* at 6. It also held that neither the cost of notice in such a case, nor the dedicated *cy pres* fund, could be counted as a benefit to the class for purposes of fee valuation. *Id.* at 5, 10.

Notably, the Seventh Circuit also held that "in consumer class actions, where the percentage of class members who file claims is often quite low . . . the presumption should[,] we suggest[,] be that attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total amount of money going to class members and their counsel." *Id.* at 7-8.

Class counsel respectfully submit that *Pearson* supports approval of both the proposed Class Settlement and the requested fees. Indeed, discussing the Supreme Court decision in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980), the Seventh Circuit distinguished the settlement in *Pearson* from that at issue in *Boeing*, as follows:

> But in that case [*Boeing*] the "harvest" created by class counsel was an actual, existing judgment fund, and each member of the class had "an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." *Id*. at 479. "Nothing in the court's order made Boeing's liability for this amount contingent upon the presentation of individual claims." *Id*. at 480 n.5. The class members were known, the benefits of the settlement had been "traced with some accuracy," and costs could be "shifted with some exactitude to those benefiting." *Id*. at 480-81. There is no fund in the present case and no litigated judgment, and there was no reasonable expectation in advance of the deadline for filing claims that more members of the class would submit claims than did.

*Pearson*, at 7.

The facts here are essentially indistinguishable in this regard from *Boeing*. Here, there is a dedicated non-reversionary "true" cash fund of $75,455,098.74 million, all of which—net of costs of notice, claims administration, and attorneys' fees—will be paid to the Class regardless of the number of claims made. While Class counsel submit that notice and claims administration costs are a benefit to the Class, for reasons set forth in the expert declarations of Professors Fitzpatrick and Rosenberg (Declaration of Brian T. Fitzpatrick, Dkt. 270, at 12-13; Declaration of David Rosenberg, Dkt. 271, at18-19), even if those costs are removed from the equation here, that leaves an aggregate value of class member payouts plus requested attorneys' fees of $70,456,599.74  Moreover, here, there has been a robust number of claims—some 1,284,834—perhaps in part due to the simplicity of filing a claim, which could be accomplished by mail, online, or over the phone based on a simple one page claim form.  Finally, here the only *cy pres* amount is to address left over funds from uncashed checks after two rounds of distribution (the second pro rata occurs if the first round of uncashed checks are equal to or greater than $1.00 per Class Member).  *See* Settlement ¶ 7.04 (e)-(f).

Class counsel respectfully submit that applying the *Pearson* "presumption" that fees should not exceed one third to one half of the aggregate amount made available to the class

plus fees, their requested fee here of $22,636,529.62 meets that test. As noted above, the aggregate amount, even after netting out the costs of notice and claims administration, is $70,456,599.71. Class counsel are seeking $22,636,529.62, which amounts to 32.13%.

Dated: November 20, 2014

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By: /s/ *Jonathan D. Selbin*
      Jonathan D. Selbin

Jonathan D. Selbin
Email: jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson
Email: dhutchinson@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel*

TERRELL MARSHALL DAUDT
 & WILLIE PLLC


By:   /s/ *Beth E. Terrell*
         Beth E. Terrell

Beth E. Terrell
Email:  bterrell@tmdwlaw.com
Michael D. Daudt
Email:  mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:   (206) 350-3528

*Co-Lead Counsel*


KEOGH LAW, LTD


By:   /s/ *Keith James Keogh*
         Keith James Keogh

Keith James Keogh
Email: Keith@Keoghlaw.com
Craig M. Shapiro
Email: cshapiro@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD
55 W. Monroe
Suite 3390
Chicago, IL 60603

Telephone:  (312) 726-1092
Facsimile:  (312) 726-1093

*Liaison Counsel*