1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2              EASTERN DIVISION

3    IN RE                          )
     CAPITAL ONE TELEPHONE CONSUMER )
4    PROTECTION ACT LITIGATION,     )
                                    )
                                    ) Docket No. 12 C 10064
5                                   ) Chicago, Illinois
                                    ) November 18, 2014
6                                   ) 9:51 a.m.

7
           TRANSCRIPT OF PROCEEDINGS - Status
8       BEFORE THE HONORABLE JAMES F. HOLDERMAN

9

     APPEARANCES:
10

     For Plaintiffs and
11   Liaison Counsel:      KEOUGH LAW, LTD., by
                           MR. KEITH J. KEOUGH
12                         55 West Monroe Street
                           Suite 3390
13                         Chicago, IL 60603

14
     For the Plaintiffs:  LIEFF, CABRASER, HEIMANN & BERNSTEIN, by
15                         MR. DANIEL M. HUTCHINSON
                           (via conference call)
16                         275 Battery Street
                           29th Floor
17                         San Francisco, CA 94111

18                         BURKE LAW OFFICES LLC by
                           MR. ALEXANDER H. BURKE
19                         155 North Michigan Avenue
                           Suite 9020
20                         Chicago, IL 60601

21                         TERRELL, MARSHALL, DAUDT & WILLIE, PLLC, by
                           MS. BETH TERRELL (via conference call)
22                         936 North 34th Street
                           Suite 300
23                         Seattle, WA 98103

24

25

1    APPEARANCES (continued):

2

     For Plaintiff Larry Kopchak:
3
                              HAYS CAULEY, by
4                             MS. PENNY CAULEY (via conference call)
                              549 West Evans Street
5                             Suite E
                              Florence, SC 29501
6
     For Lemberg Law Plaintiffs:
7
                              LEMBERG & ASSOCIATES, by
8                             MS. JENY DeFRANCISCO (via conference call)
                              1100 Summer Street
9                             Stamford, CT 06905

10   For Plaintiff Matthew Fallesen:

11                            ROBINSON BRADFORD, LLP, by
                              MR. MATTHEW C. BRADFORD
12                            (via conference call)
                              3255 West March Lane
13                            Suite 230
                              Stockton, CA 95219
14
     For Capital One:         FAGRE BAKER DANIELS, by
15                            MS. EILEEN M. HUNTER
                              2200 Wells Fargo Center
16                            90 S. Seventh Street
                              Minneapolis, MN 55402
17
     For Objector
18   Jeffrey T. Collins:      WILLIAMS MONTGOMERY & JOHN LTD. by
                              MS. KIRSTEN B. IVES
19                            233 S. Wacker Drive
                              Suite 6100
20                            Chicago, IL 60606-6359

21   For Capital Management
     Services and
22   NCO Financial:           SESSIONS, FISHMAN, NATHAN & ISRAEL, by
                              MR. DANIEL W. PISANI
23                            55 West Monroe Street
                              Suite 1120
24                            Chicago, IL 60603

25

1    APPEARANCES (continued):

2    For Leading Edge
     Recovery Solutions:   HINSHAW & CULBERTSON, LLP, by
3                          MR. ALAN I. GREENE
                           222 North LaSalle Street
4                          Suite 300
                           Chicago, IL 60601
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
                           Official Court Reporter
21                         219 S. Dearborn Street, Room 1802-C
                           Chicago, IL 60604
22                         (312) 818-6683
                           lisa_breiter@ilnd.uscourts.gov
23

24

25

1        (In open court.)

2            THE CLERK:  12 C 10046, Capital One Telephone Consumer

3    Protection Act.

4            MR. KEOUGH:  Good morning, your Honor.  Keith Keough,

5    liaison counsel.

6            MR. BURKE:  Good morning, Judge.  Alexander Burke,

7    class counsel.

8            MS. IVES:  Good morning, your Honor.  Kirsten Ives,

9    I-V-E-S, on behalf of Objector Collins.

10           MS. HUNTER:  Good morning, your Honor.  Eileen Hunter

11   for defendant Capital One.

12            MR. PISANI:  Good morning, your Honor.  Daniel Pisani

13   on behalf of the defendant Capital Management Services.

14           MR. GREENE:  Good morning, your Honor.  Alan Greene

15   for the defendant, Leading Edge Recovery Solutions.

16           THE COURT:  Good morning to all of you.  Today we have

17   just a limited matter to address, and that is the request for

18   additional discovery.  I see that Judge Kim has entered an

19   order, entered an order yesterday afternoon.  What is the

20   status?

21           Do we have folks on the phone?  Oh, okay.  Well, let

22   me -- my clerk has reminded me that we have some folks on the

23   phone.  Before I hear Mr. Keough's comments, let me ask the

24   folks on the phone to identify themselves following the usual

25   procedure that we follow, which is to start with the eastern

1   part of the United States and work our way west.

2          Anybody east of the Rockies?

3          MS. CAULEY:  Penny Cauley on behalf of Dorothy and

4   Lawrence Johnson.

5          THE COURT:  All right.  Good morning, Ms. Cauley.  And

6   you're in South Carolina?

7          MS. CAULEY:  Yes, sir.

8          THE COURT:  All right.  Anybody else east of South

9   Carolina?

10          MS. DeFRANCISCO:  Good morning, your Honor.  Jeny

11   DeFrancisco representing the individual Lemberg Law plaintiffs.

12          THE COURT:  You know, Ms. DeFrancisco, you kind of cut

13   out a little bit.  I don't know if you were talking too close

14   to the phone or whether there was interference.  But where are

15   you located?

16          MS. DeFRANCISCO:  I'm in Connecticut, your Honor.

17          THE COURT:  All right.  Anyone else east of the

18   Rockies?  Okay.  Let's move east of the -- I'm saying east of

19   the Rockies.  I meant Alleghenies.

20          Let's move to the Mississippi River.  Anybody east of

21   the Mississippi River?  All right.  That would include anyone

22   in Chicago.  So it's a very cold day, almost record-setting day

23   for cold in Chicago.

24          So I would not have in any way thought that if any of

25   the folks who are here from Chicago who are standing in the

1    courtroom decided they'd rather stay in the warmth of their

2    offices, they certainly could have today and phoned it in, but

3    have not.

4         Now moving to east of the Rockies, west of the

5    Mississippi.  Hearing no response to that, let's move to the

6    West Coast.  Anybody on the West Coast?

7         MR. HUTCHINSON:  Good morning, your Honor.  Daniel

8    Hutchinson of Lieff, Cabraser, Heimann & Bernstein, co-lead

9    counsel for the class.

10        THE COURT:  Yes.  Mr. Hutchinson, and you are again

11   where?

12        MR. HUTCHINSON:  I am in Oakland, California, your

13   Honor.

14        THE COURT:  Okay.  Anyone else out in that neck of the

15   woods?

16         MS. TERRELL:  Good morning, your Honor.  Beth

17   Terrell, I'm in Seattle, on behalf of the plaintiffs in the

18   class.

19        THE COURT:  Good morning.  Thank you, Ms. Terrell.

20   Anybody else?

21        MR. BRADFORD:  This is Matthew Bradford for plaintiff,

22   Matthew Fallesen.

23        THE COURT:  All right.  And Mr. Bradford, where are

24   you?

25        MR. BRADFORD:  Right now, I'm in Terrell, California.

1          THE COURT:  Where in California?

2          MR. BRADFORD:  My firm is in Stockton, California, but

3    I have a trial today and I'm in Terrell, California.

4          THE COURT:  My clerk wrote down Stockton.  Is that

5    where you are?

6          MR. BRADFORD:  Yes.

7          THE COURT:  My court reporter heard you better than I

8    could.

9          Okay.  Anyone else?  Okay.

10          Anyone east of Stockton?  Anyone west of Oakland?

11    Nobody from San Francisco?

12          Okay.  All right.  Now, Mr. Keough, what's the

13    situation?

14          MR. KEOUGH:  Thank you, your Honor.  The objector

15    indicated they will be filing something, and there's also a

16    dispute.  We were before Judge Kim on that.

17          He issued a minute order a couple of minutes ago

18    setting a quick hearing on Friday resolving the dispute on

19    Friday, and we'll move forward on that topic.  I think I can

20    hand up the order, if you want.  I'm sure you haven't seen it.

21          THE COURT:  Well, as a matter of fact, I said he

22    entered an order yesterday, but I was off a day.  And in fact,

23    my very astute senior law clerk had just picked it up and

24    printed it out for me so I have it in front of me just moments

25    ago.

1    So I see that what Judge Kim has done is any motion to

2  compel by Mr. Collins is to be filed by tomorrow, a response

3  from the class by Thursday with a hearing at 12:30 on Friday,

4  the 21st.  All right.  And that's the status?

5        MR. KEOUGH:  That's the status, your Honor.  Also,

6  Capital One filed a status report on the objectors who

7  indicated they intended to appear and the ones who they weren't

8  quite sure on, and that was filed the other day.

9        THE COURT:  And I've reviewed that.  And again,

10  Ms. Hunter, as you know, I appreciate the efforts that you

11  folks put in to keep the accurate records in the record as to

12  what objectors will be desirous of hearing, whether they're

13  timely or they're not timely.

14        And my understanding of reviewing that document

15  No. 256 is that of those objectors who have expressed a desire

16  to attend and appear, setting aside the timeliness or the

17  untimeliness, it's a total of a dozen people.  Am I correct on

18  that?

19        MR. BURKE:  That's my count, Judge.

20        THE COURT:  Yeah.  Five timely people who intend to

21  appear, including Mr. Collins; one untimely objector on page 2

22  of your report, and then two timely objectors whose intent to

23  appear is unclear.  And then four untimely objectors whose

24  intent to appear is unclear.

25        That tallies up to 12.  And I always appreciate it

1  when counsel and my clerks keep my math straight.  So comments,

2  thoughts?

3       MR. KEOUGH:  Well, your Honor, as indicated before, we

4  think you can keep the date and hold any ruling till

5  afterwards.  As you indicated, if you feel the due process has

6  been comported with and you want to give everyone more time,

7  you know, I think we set a date in January last time.

8       It's obviously -- you know, we're concerned obviously

9  if the Court should have sufficient time to review everything.

10  We're not trying to rush you.  So that's our thoughts on it.

11       THE COURT:  Well, and assuming Judge Kim rules the

12  afternoon of Friday and he orders further production, are you

13  going to produce on Saturday?  I know you're going to try,

14  Mr. Keough, but...

15       MS. IVES:  Your Honor, on behalf of Objector Collins,

16  we're currently due on the 24th with our papers to file.  And

17  assuming we get the discovery, we have an expert involved as

18  well.  So we would not be able to turn it around by the

19  24th even if we received it within an hour of his ruling.

20       THE COURT:  Here's what I propose:  We move the entire

21  fairness hearing to the 15th of January.  I ask that notice be

22  sent to the 12 people who have objected whose intent is clear

23  that they want to appear or whose intent is unclear in that

24  they made no remarks.

25       MR. KEOUGH:  Your Honor -- sorry.  I was going to say

1   my office will send notice to all those people.

2           THE COURT:  Yeah, if you would.  And then what we will

3   do on the date of the hearing on the 9th, I will ask my

4   clerk -- after the morning motion call, I will ask my clerk to

5   take attendance up through anyone who comes into the courtroom

6   by 11:30.

7           It's noticed for 11:00.  So find out who came, and my

8   clerk would then inform those people that because of other

9   matters involving the case we had to address, the date for the

10  hearing is now the 15th of January at -- what time did we set

11  for that?  Was it 11:00?

12          MR. GREENE:  You didn't actually set that date.

13          THE COURT:  I didn't set the date.  But all you folks

14  can make it on the 15th, right?  Okay.  I wrote in my book the

15  11 or 11:00 o'clock on the 15th.  So let's stick with that.

16          I will then be able to rule in advance of that,

17  address whatever issues I can before that, identify whatever

18  issues there are that need to be addressed at the hearing, and

19  we can finalize that.

20          But let me also say, you know, plaintiffs' class

21  counsel certainly can talk to the folks who are objecting.

22  I've reviewed generally some of the objections that they've

23  addressed to me.

24          And perhaps there can be some -- within the context of

25  the settlement, perhaps there can be some further assuaging or

1   assuaging of the concerns expressed by some of the objectors.

2   I mean, frankly, as far as I can tell -- and I've got

3   Mr. Collins not only in this case, but I've got another non --

4   well, class action but non-multi district litigation case.

5           Do you represent him in that case, too?

6           MS. IVES:  No.  I only have one before Kennelly, so

7   no, a different case.

8           THE COURT:  That's a different case?

9           MS. IVES:  Yes.

10          THE COURT:  Is that for Mr. Collins?

11          MS. IVES:  No.  Different objector.  Same Class Action

12  Fairness -- Center for Class Action Fairness.

13          THE COURT:  Okay.  Well, if I'm correct, we have a

14  Jeffrey Collins, don't we?  I'm not sure it's the same guy.

15  Not sure it's the same?  Okay.  We'll double check.

16          MS. IVES:  I don't know that it is.

17          THE COURT:  It may not be.

18          All right.  I've got a couple of class actions that

19  are coming down to the wire, and we have similar objections.

20  But in any event, if the concerns of the objectors can be

21  addressed, then perhaps there could be a smoother resolution at

22  the fairness hearing.  So...

23          MR. KEOUGH:  Thank you, your Honor.  I also want to

24  point out that we'll update the website, too, to provide notice

25  for anybody who is looking at that.

1          THE COURT:  If you would.

2          MR. KEOUGH:  And the last time we were here, you said

3   you wanted to keep the December 9th date for a status on the

4   individual cases.  Mr. Lavery wanted to keep that date to

5   report on a Rule 30(b)(6) deposition.  We're still going to

6   keep it at 11:00 o'clock?

7          THE COURT:  Since it's the individual cases, we don't

8   have to provide the due process notice, why don't we move it up

9   a little bit, do it at 9:45.

10          The reason I was a little slow getting off this

11  morning, you may know that the Chicagoland area has had some

12  transportation problems today because of the cold weather and

13  other reasons.  And I thought I'll just start a little later on

14  my calls.

15          But let me double check with my clerk.  How full a day

16  do we have on the 9th?

17          THE CLERK:  No.

18          THE COURT:  Not too bad?  Okay.  Let's say 9:45.  Then

19  you folks won't have to wait too long.

20          We're good even though it's a Harder case.  I'm making

21  a silly joke.  Anything else we need to address today then?

22          MS. IVES:  Do you want to give Objector Collins a date

23  by which he has to file, or did you want to wait for Judge

24  Kim's ruling to see exactly what's going to happen with

25  discovery?

1       THE COURT:  I think it might be good to have a date.

2   What date would you like?  I know you want more.

3       MS. IVES:  No, it's just depending on --

4       THE COURT:  We'll negotiate it.  What date would you

5   like?

6       MS. IVES:  Obviously post Thanksgiving given the fact

7   that we don't know how quick of a turnaround Judge Kim will

8   order in terms of when we'll get the production, or we could

9   say a week after Judge Kim orders the production, if that would

10  make sense.

11      THE COURT:  Well, you're going to get a production.

12      MS. IVES:  Well, if we get a production.  He hasn't

13  even ordered anything yet.

14      MR. KEOUGH:  Just to be clear, we provided the

15  discovery they asked for.  They're talking about new discovery,

16  which is before Judge Kim.  And we gave it to them in Excel

17  format that they asked for so they could plug and play.

18      So if you want to set a springing date, one if he

19  denies the motion, one if he grants it.  You know, I don't know

20  if that's overcomplicating it.

21      THE COURT:  Okay.  Well, why don't -- let's try that

22  approach.  That's a good approach.  The springing date, let's

23  assume he denies the motion then everything remains as exists

24  now.  And is there going to be any further filing by

25  Mr. Collins?

1      MS. IVES:  Yes, there will be a filing regardless.

2      THE COURT:  Okay.  Then can you get it in the -- you

3 want it after Thanksgiving.

4      MS. IVES:  Yeah, if we're working with a new

5 production.

6      THE COURT:  All right.  Can you do it by Wednesday,

7 the 3rd of December.

8      MS. IVES:  Sure.

9      THE COURT:  That's certainly sufficient time.

10      MS. IVES:  That's fine, your Honor.

11      THE COURT:  Response?

12      MR. KEOUGH:  Could we have until December 12th, your

13 Honor?

14      THE COURT:  Yes, December 12th.  That's a Friday.  Any

15 replies?

16      MS. IVES:  Let's set a date, and we may not file one

17 or we may.

18      THE COURT:  The 16th.

19      MS. IVES:  Sure.

20      MR. KEOUGH:  Your Honor, if I may, they've already

21 filed their objection.  This is supplemental.

22      THE COURT:  This is supplemental discovery to support

23 the objection.

24      MR. KEOUGH:  I guess what I was trying to say was that

25 since they've already objected, that we respond.  They're

1    getting a supplemental reply.  We'll respond to that.  I don't
2    know if a reply is then needed again.
3                THE COURT:  All right.  You know what, let's do this:
4    Let me allow any further filing by anyone -- I mean, you're
5    going to -- your folks and you, Mr. Keough, will be filing by
6    the 12th.
7                If there's any further filing by anyone, the objector
8    has the burden of persuasion.  So the objector should get the
9    last word.  It would just be a supplement to the objection.
10               MR. KEOUGH:  Your Honor, if I may, I guess we're the
11   one who filed the final approval motion.  We are the one who
12   filed the motion for fees.  We are persuading you that the fees
13   are appropriate.
14               THE COURT:  You think you have the burden of
15   persuasion.
16               MR. KEOUGH:  Well, if you want to say we don't, your
17   Honor...
18        (Laughter)
19               THE COURT:  You know what, you're right, let's stick
20   with the 12th.  That will be the last filing.  I'll then have
21   plenty to review, and I'll be able to address whatever the
22   issues are at that point.  You're right, Mr. Keough.  Okay?
23               MR. KEOUGH:  Thank you, your Honor.
24               THE COURT:  All right.
25               MR. BURKE:  Very good.

1    THE COURT:  That's good.  All right.  Anything else?

2         All right.  In connection with the non-class folks

3    that remain in the case, and I guess Ms. Cauley,

4    Ms. DeFrancisco, we've got some other folks as well, you folks

5    are taking the laboring oar on that discovery, Ms. Cauley?

6         MS. CAULEY:  Yes.  I'm working with Mr. Lavery.  We're

7    trying to set the depositions of Capital One in January.

8         THE COURT:  Okay.  All right.  And we will know what

9    those dates are by the 9th --

10        MS. HUNTER:  Yes, your Honor.

11        THE COURT:  -- Ms. Hunter?

12        Is that right, Ms. Cauley?

13        MS. CAULEY:  Yes.  I believe Mr. Lavery's already

14   passed on some dates that he and I both had available.

15        THE COURT:  Okay.

16        MS. CAULEY:  They're just checking with their witness.

17        THE COURT:  Okay.  All right.  Well, then I'll see you

18   folks in connection with the individual cases that remain and

19   the discovery that will be taking place at -- on the 9th at

20   9:45, 9th of December at 9:45.  Thank you.

21        MR. KEOUGH:  Thank you.

22        MS. CAULEY:  Thank you, your Honor.

23        MR. KEOUGH:  Have a good Thanksgiving, your Honor.

24        THE COURT:  You too.  Have a good Thanksgiving.  Happy

25   Thanksgiving to everybody.

1       (Concluded at 10:11 a.m.)

2                    * * * * * * * * * *

3                C E R T I F I C A T E

4       I certify that the foregoing is a correct transcript of the

5   record of proceedings in the above-entitled matter.

6

7   /s/ LISA H. BREITER                    November 20, 2014
    LISA H. BREITER, CSR, RMR, CRR
8   Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25