## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE CAPITAL ONE TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Master Docket No. 1:12-cv-10064<br>MDL No. 2416<br><br>CLASS ACTION |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC, and CAPITAL ONE BANK (USA), N.A. | Case No. 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT, L.P., and CAPITAL ONE BANK (USA), N.A. | Case No. 1:12-cv-01061 |

**PLAINTIFFS' RESPONSE TO OBJECTOR COLLINS' STATEMENT REGARDING ATTACHMENT OF CLASS COUNSEL'S COMPLETE INTERROGATORY RESPONSES TO COLLINS' EXPERT REPORT AND SUPPLEMENTAL BRIEFING**

In its November 21, 2014 minute entry, this Court directed Objector Collins to explain "why he needs to identify the case names and case numbers of unrelated TCPA cases, for which he is discovering fee information, in the supplement scheduled to be filed with the assigned District Judge." (Dkt. No. 281.) Objector Collins has failed to do so. Instead, Objector Collins has submitted a "Statement" (Dkt. No. 283) in which he (1) hypothesizes why such information *might* be helpful to the District Court if the District Court chooses to conduct its own research; and (2) objects to being required to demonstrate a "need" in the first place. Objector Collins's arguments are meritless. His request to disclose the unanonymized version of Plaintiffs' discovery requests should be denied.

**I. OBJECTOR COLLINS HAS NO NEED TO DISCLOSE CASE NAMES AND NUMBERS**

Objector Collins fails to set forth a single valid reason why he needs to identify the case names and numbers of unrelated TCPA cases in his December 3, 2014 supplement. Objector Collins notes that he has retained an expert to discuss "class counsel's risk in prosecuting cases." (Dkt. No. 283 at 2.) But Objector Collins does not assert — because he cannot — that his expert needs to identify the case names and case numbers in order to complete his expert report. As this Court recognized on November 21, 2014, Objector Collins based his discovery request solely on a purported need to have his expert analyze <u>*data* and present arguments regarding *data analysis* to the Court</u>. (Dkt. No. 19 at 11.)

Objector Collins has expanded the scope of his original request by seeking an order that would permit him to file Plaintiffs' complete, unredacted discovery responses in the record. These discovery responses contain confidential financial information, reveal litigation strategy, and contain trade secrets. No reason exists why Objector Collins's expert cannot describe the facts of class counsel's previous TCPA cases in anonymized terms, describing, for example, the Circuit in which each case proceeded, the experience and skill of counsel, the posture of the respective litigation, and any relevant pre-trial proceedings in general terms. Such information

provides the Court with any arguably relevant information to purportedly assess risk while at the same time preserving class counsel's work product and private information.

Objector Collins maintains that such information "would be helpful to the district court" because it would allow the district court to review where the cases were pending and look up the relevant dockets—in other words, presumably, to check Objector Collins's expert's work. (Dkt. No. 283 at 2.) Respectfully, the Court did not order Objector Collins to explain why the information might be helpful to the District Court; the Court ordered Objector Collins to explain why <u>he needs</u> to disclose it to make his argument, which Objector Collins has failed to do.

Moreover, Objector Collins's assertions of helpfulness are meritless. If Objector Collins's expert has done his job, all pertinent data-crunching should be included in the expert report. The District Court should not be required to comb through the docket searching for further evidence that either supports or undermines Objector Collins's expert analysis. Indeed, Objector Collins' original motion for limited discovery, Dkt. No. 191, did not state his expert would need to analyze the facts and circumstances of individual cases. Instead, Objector Collins argued that if he received the limited information requested, "the actual risk assumed by class counsel can be quantified and Objector Collins believes the data will show that class counsel are being overcompensated." (Dkt. No. 191 at 11.) To the extent the District Court is interested in the particular facts of class counsel's losing cases, Plaintiffs previously provided information identifying those cases in their fee petition. (*See* Dkt. No. 176 at 26–27.)

Objector Collins asserts that the information "may also prove helpful to review billing rates in similar TCPA cases in assessing the reasonableness of billing rates here." (Dkt. No. 283 at 2). But Objector Collins again fails to explain why he cannot present billing rate information anonymously through his expert or otherwise. Moreover, case filings in the unrelated TCPA cases will not include information regarding class counsel's "requested billing rates" because in those cases, as here, class counsel sought a percentage of a common fund and never "billed" these amounts. Disclosing the names and case numbers is neither necessary nor helpful.

## II. THIS COURT PROPERLY DIRECTED OBJECTOR COLLINS TO EXPLAIN WHY HE NEEDS TO IDENTIFY CASE NAMES AND NUMBERS

Objector Collins devotes most of his "Statement" to arguing that the Court should never have ordered him to demonstrate a "need" to disclose case names and numbers in the first place. Objector Collins's arguments, which amount to an improper motion for reconsideration, should be rejected. Furthermore, Objector Collins wrongly asserts that case names and numbers "are admissible because they are relevant." (Dkt. No. 283 at 3.) Relevant evidence is not admissible when its probative value is outweighed by the prejudice to the opposing party. Fed. R. Evid. 403. This is precisely why this Court ordered Objector Collins to explain why he needs to disclose the case names and numbers. As Plaintiffs explained to the Court in their response to Objector Collins's motion to compel, compelling production of the internal fee allocations would require Class Counsel to divulge confidential, financial information about not only their own firms, but also law firms not before this Court. Such an intrusive outcome is not warranted given the fact that Objector Collins has failed to set forth a single valid reason why he needs to disclose the information in open court.

For these reasons, Plaintiffs respectfully request that the Court require Objector Collins to rely on the anonymized version of their discovery responses in his December 3, 2014 supplemental submission to the District Court.

RESPECTFULLY SUBMITTED AND DATED this 25th day of November, 2014.

> LIEFF CABRASER HEIMANN
>   & BERNSTEIN, LLP
>
> By: /s/ Jonathan D. Selbin
>   Jonathan D. Selbin, *Admitted Pro Hac Vice*
>   Email: jselbin@lchb.com
>   Douglas I. Cuthbertson, *Admitted Pro Hac Vice*
>   Email: dcuthbertson@lchb.com
>   250 Hudson Street, 8th Floor
>   New York, NY 10013-1413
>   Telephone: (212) 355-9500
>   Facsimile: (212) 355-9592

Daniel M. Hutchinson, *Admitted Pro Hac Vice*
Email: dhutchinson@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Beth E. Terrell
Email: bterrell@tmdwlaw.com
Michael D. Daudt
Email: mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Keith James Keogh
Email: keith@keoghlaw.com
Timothy J. Sostrin
Email: tsostrin@keoghlaw.com
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on November 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Aaron D. Van Oort
> Email: aaron.vanoort@faegrebd.com
> Eileen M. Hunter
> Email: eileen.hunter@faegrebd.com
> Erin L. Hoffman
> Email: erin.hoffman@faegrebd.com
> FAEGRE BAKER DANIELS
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota 55402-3901
> Telephone: (612) 766-7000
> Facsimile: (612) 766-1600
>
> *Attorneys for Defendant Capital One*
>
> James K. Shultz
> Email: jschultz@sessions-law.biz
> SESSIONS, FISHMAN, NATHAN & ISRAEL LLC
> 55 West Monroe Street, Suite 1120
> Chicago, Illinois 60603-5130
> Direct: (312) 578 -0993
> Office: (312) 578-0990
> Fax: (312) 578-0991
>
> *Attorneys for Defendant Capital Management Systems, LP*
>
> Alan I. Greene
> agreene@hinshawlaw.com
> HINSHAW & CULBERTSON LLP
> 222 North LaSalle Street, Suite 300
> Chicago, IL 60601
> Telephone: (312) 704-3536
>
> *Attorneys for Defendant Leading Edge Recovery Solutions, LLC*

Grace Carter
gracecarter@paulhastings.com
PAUL HASTINGS
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Phone: (415) 856-7015
Fax: (415) 856-7115

*Attorneys for Defendant AllianceOne Receivables Management, Inc.*

Theodore H. Frank
Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377

*Attorneys for Objector Jeffrey T. Collins*

Additionally I caused to be served via First-Class mail a copy of the foregoing:

Andre Verdun
CROWLEY LAW GROUP
401 West "A" Street, Suite 925
San Diego, California 92101

Chelsea Hamill
DOLL AMIR AND ELEV LLP
1888 Century Park East, Suite 1850
Los Angeles, California 90067

Christy T. Nash
BURR & FORMAN LLP
201 N. Franklin St., Suite 3200
Tampa, Florida 33602

Darren Sharp
ARMSTRONG TEASDALE LLP
2345 Grand, Suite 2000
Kansas City, Missouri 64108

George C Bedell
LASH & WILCOX, PL
4401 W. Kennedy Blvd., Suite 210
Tampa, Florida 33609

Jeanne Lahiff
SLEEMI LAW FIRM
2001 Route 46, Suite 310
Parsippany, New Jersey 07054

Kenneth Grace
SESSIONS FISHMAN NATHAN & ISRAEL LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618-4317

Marjorie Bergiste
10352 Old Winston Court
Lake Worth, Florida 33449

Mitchell B. Levine
FISHMAN McINTYRE P.C.
12th Floor
44 Wall Street
New York, New York 10005

Sarah Nicole Davis
MORRISON & FOERSTER
425 Market Street
San Francisco, California 94105

Devera R.D. Bartte
3440 SW 28th Terrace, Apt A
Gainesville, Florida 32608

DATED this 25th day of November, 2014.

        TERRELL MARSHALL DAUDT
          & WILLILE PLLC


    By: /s/ Beth E. Terrell
        Beth E. Terrell
        Email: bterrell@tmdwlaw.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603
        Facsimile: (206) 350-3528