# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE<br>CAPITAL ONE TELEPHONE<br>CONSUMER PROTECTION ACT<br>LITIGATION | ) ) ) ) ) | Master Docket No. 1:12-cv-10064<br>MDL No. 2416 |
| This document relates to:<br><br>BRIDGETT AMADECK, et al.,<br><br>v.<br><br>CAPITAL ONE FINANCIAL<br>CORPORATION, and CAPITAL ONE<br>BANK (USA), N.A. | ) ) ) ) ) ) ) ) ) ) ) | Case No: 1:12-cv-10135 |
| This document relates to:<br><br>NICHOLAS MARTIN, et al.,<br><br>v.<br><br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, and CAPITAL ONE<br>BANK (USA), N.A. | ) ) ) ) ) ) ) ) ) ) ) | Case No: 1:11-cv-05886 |
| This document relates to:<br><br>CHARLES C. PATTERSON,<br><br>v.<br><br>CAPITAL MANAGEMENT<br>SERVICES, L.P. and CAPITAL ONE<br>BANK (USA), N.A. | ) ) ) ) ) ) ) ) ) ) ) | Case No: 1:12-cv-01061 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On November 20, the United States District Court for the Eastern District of Wisconsin denied certification of a litigation class under the Telephone Consumer Protection Act. *See Balschmiter v. TD Auto Finance LLC*, No. 13-cv-1186-JPS, 2014 WL 6611008 (E.D. Wis. Nov. 20, 2014) (attached as Exhibit A). Capital One hereby submits the *Balschmiter* decision as

2

supplemental authority, because it supports Capital One's argument that the class settlement is fair, reasonable, and adequate in light of the severe risks that Plaintiffs face both on class certification and the merits. (*See* Dkt. 267 (Capital One Mem. in Supp. of Final Approval).) First, the decision highlights the individualized consent issues that would render Plaintiffs' proposed litigation class unmanageable. (*See* Ex. A, at 39-44.) Second, it rejects Plaintiffs' argument (*see, e.g.*, Dkt. 262, at 21) that the provision of a cell phone number to a creditor *after* the origination of a credit relationship can never suffice as TCPA prior express consent. (Ex. A, at 21.) Third, it supports Capital One's argument (Dkt. 267, at 13) that customers can consent to receive autodialed calls through agents, creating further individualized defenses that reduce liability and preclude class treatment. (Ex. A, at 26.) For all these reasons, Capital One submits this Notice of Supplemental Authority and respectfully asks that the Court approve the parties' settlement as "fair, reasonable, and adequate" under Rule 23.

Dated: December 8, 2014

Respectfully submitted,

/s/      Aaron Van Oort
Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

*Attorneys for Capital One Financial Corporation, Capital One Bank (USA), N.A., Capital One N.A., Capital One Services, LLC, and Capital One Services II, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 8, 2014, a copy of the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY** was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/     Aaron D. Van Oort

Aaron D. Van Oort (MN No. 315539)
Eileen M. Hunter (MN No. 0336336)
Erin L. Hoffman (MN No. 0387835)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel.: (612) 766-7000
Fax: (612) 766-1600
Email: aaron.vanoort@FaegreBD.com
Email: eileen.hunter@FaegreBD.com
Email: erin.hoffman@FaegreBD.com

*Attorneys for Capital One Financial Corporation, Capital One Bank (USA), N.A., Capital One N.A., Capital One Services, LLC, and Capital One Services II, LLC*