Judge James F. Holderman
Magistrate Judge Young B. Kim
Filed: 4/3/2015
Case # 15cv2975  FSD
ym

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: CAPITAL ONE TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                           MDL No. 2416

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the Southern District of Florida action (*Ramcharitar*) listed on the attached Schedule A move under Panel Rule 7.1 to vacate our order conditionally transferring their action to the Northern District of Illinois for inclusion in MDL No. 2416. Responding defendants Capital One Bank (USA), N.A., Capital One Financial Corporation, Capital One Services, LLC, and Capital One, N.A. (collectively Capital One) oppose the motion.

In their motion, the *Ramcharitar* plaintiffs argue that they assert not only a claim for violation of the Telephone Consumer Protection Act, but also a "distinct" Florida statutory claim. Plaintiffs also argue that they have opted out of a partial settlement reached in the MDL. We find these arguments unconvincing. This MDL already includes various state statutory claims. Furthermore, as we often have held, Section 1407 "does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *See, e.g.*, *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381 (J.P.M.L. 2010). The pendency of a partial settlement in the MDL also does not warrant vacatur. Pretrial proceedings, including common discovery, in the MDL are ongoing, and transfer thus will inure to plaintiffs' benefit, as well as avoid duplicative proceedings in two courts.

After considering the argument of counsel, we find that *Ramcharitar* involves common questions of fact with actions previously transferred to MDL No. 2416, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The centralized actions share factual issues "regarding Capital One's policies and procedures with respect to the placement of collection calls, as well as its policies and procedures for obtaining and recording a consumer's consent to receive such calls." *See In re: Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 (J.P.M.L. 2012). *Ramcharitar* unquestionably implicates those issues. *See Ramcharitar* Compl. ¶¶ 8-35 (alleging that Capitol One made over 150 collection calls to plaintiffs' cell phone, that plaintiffs did not consent to the placement of such calls, and that plaintiffs repeatedly told Capitol One to stop calling them).

IT IS THEREFORE ORDERED that the *Ramcharitar* action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James F. Holderman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: CAPITAL ONE TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION**     MDL No. 2416

## SCHEDULE A

<u>Southern District of Florida</u>

RAMCHARITAR, ET AL. v. CAPITAL ONE BANK (USA) N.A., C.A. No. 0:14-62640     15cv2975